# Exhibit "D"

## Memorandum of Agreement
## Between Local 300, Service Employees International Union (SEIU) (the "Union") and
## the City of New York (the "City")

**WHEREAS;** The Commissioner of the Department of Health and Mental Hygiene has issued an order (the "Order") mandating that all city employees be vaccinated against COVID-19 no later than 5pm on October 29, 2021 which was ratified by the Board of Health on November 1, 2021; and

**WHEREAS;** the parties desire to satisfy their bargaining obligations with regard to the processes and rules surrounding the implementation of the Order and desire to reach agreement regarding a process for requests for exemptions to this mandate and the leave status of those who do not comply with the mandate;

**NOW THEREFORE,** the parties agree as follows:

I.      **Exemption and Accommodation Requests & Appeal Process**

Employees who are seeking an exemption from the vaccine mandate based on religious and/or medical reasons shall follow their normal agency procedure for requesting a reasonable accommodation. The Agency shall make a determination based upon applicable law. An employee who is unvaccinated and who is denied an exemption may appeal within three (3) business days of receipt of the agency determination by selecting one of the two options listed below:

A. Employees may choose to appeal to a central City panel consisting of DCAS, Law and either DOHMH for medical exemptions or the City Commission on Human Rights (CCHR) for religious exemptions, subject to the terms set forth below:

   1.   The City panel will make appeal decisions on medical and religious requests as required by law;
   2.   The City panel shall decide the appeals based on the documentation submitted to the Agency and there shall be no live hearing;
   3.   If the appeal is granted, the Panel will determine the nature of the reasonable accommodation to be provided, based on the nature of the employee's request and input from the employing agency;
   4.   Employees who submitted their initial reasonable accommodation request to their Agency by end of day[1] on November 2nd, will remain working and on payroll, subject to weekly COVID testing, pending the initial determination of the Agency and/or the determination of the employee's appeal by the City panel[2]. Employees who submit

---

[1] For purposes of this agreement, "end of day" shall mean 11:59pm.
[2] To the extent such employees filed after October 27th and were placed on leave without pay on November 1st, they will be returned to payroll effective the day after execution of this agreement and will remain working and on payroll, subject to weekly COVID testing, pending the initial determination of the Agency and/or the determination of the employee's appeal by the City panel.

1

their request after November 2nd but by end of day on November 5th will remain working and on payroll, subject to weekly COVID testing, after the request has been submitted and pending the initial determination of the Agency, but may be placed on Leave without Pay pending appeal. Employees who submit their request after November 5th will be placed on Leave without Pay starting November 1st and will remain on such leave pending the determination of the employee's request.

5. For those employees who have been placed on leave without pay status, if their appeal is granted by the City panel, the employee shall be granted excused leave with pay retroactive to the date they were placed on leave without pay.

B. As an alternative to the above Option 1 appeal process, an employee seeking a medical or religious exemption to the vaccine mandate may choose to appeal to Scheinman Arbitration and Mediation Services (SAMS), subject to the terms set forth below:

1. As a condition of filing an appeal to arbitration, employees shall be required to affirmatively waive their individual right to seek an accommodation through any other legal means or process or to bring a legal challenge to the process or the denial of an accommodation request, except the employee may bring an Article 75 appeal.

2. Employees who submitted their initial reasonable accommodation request to their Agency by end of day on November 2nd, will remain working and on payroll, subject to weekly COVID testing, pending the initial determination of the Agency and/or the determination of the employee's appeal by SAMS. Employees who submit their request after November 2nd but end of day on November 5th will remain working and on payroll, subject to weekly COVID testing, after the request has been submitted and pending the initial determination of the Agency, but may be placed on Leave without Pay pending appeal. Employees who submit their request after November 5th will be placed on Leave without Pay starting November 1st and will remain on such leave pending the determination of the employee's request.

3. If an employee's appeal is granted by SAMS, the employee shall be granted excused leave with pay retroactive to the date they were placed on leave without pay.

4. Appeal decisions issued by SAMS will be final and binding and subject only to an Article 75 appeal.

5. SAMS will make appeal decisions on medical requests based on the following medical reasons:

    a. Full Medical Exemptions to the vaccine mandate shall only be considered where an individual has a documented contraindication such that an individual cannot receive any of the 3 authorized vaccines (Pfizer, Moderna, J&J)—with contraindications delineated in CDC clinical considerations for COVID-19 vaccination. Note that a prior immediate allergic reaction to one type of vaccine will be a precaution for the other type of vaccine, and may require consultation with an allergist.

    b. Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:

        i. Within the isolation period after a COVID-19 infection;

2

    ii.   Within 90 days of monoclonal antibody treatment of COVID-19;

    iii.  Treatments for  conditions as delineated in CDC clinical considerations, with understanding that CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;

    iv.  Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of temporary medical exemptions for these conditions may vary, and staff member must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described above.

6.    SAMS will only grant appeals based on religious exemptions if it is in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature.  Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

7.     A panel of arbitrators identified by SAMS shall hear these appeals and may request that the employee or the agency submit additional documentation. The assigned arbitrator may also request information from City doctors as part of the review of the appeal documentation.  The assigned arbitrator, at his/her discretion, will either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the panel requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing.  The City will be represented at the hearing by attorneys from the Office of Labor Relations (OLR) and/or the NYC Law Department.  The expedited hearing shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the Arbitrator's request must be provided to the agency at least one business day before the hearing or the issuance of the written decision without hearing.

8.    Appeal decisions shall be expedited without full Opinion.

9.    The City shall cover all arbitration costs from SAMS under this process. To the extent that the arbitrator requests additional medical documentation or information from the agency, or consultation with City doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the City.

10.    An employee who is granted a medical or religious exemption or medical accommodation by SAMS shall be allowed to continue working and remain on payroll, subject to a weekly COVID testing requirement.   No other exemption or reasonable accommodation alternatives shall be permitted.

## II.    Leave

A. Any unvaccinated employee who has not requested an exemption pursuant to Section I, or who has requested an exemption which has been denied, may be placed by the agency on leave without pay effective November 1, 2021 through November 30, 2021 except as provided under the terms of Section I above.  Such leave may be unilaterally imposed by the agency and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

B. Except as otherwise noted herein, this leave shall be treated consistent with other unpaid leaves within the City for all purposes.

C. During such leave without pay, employees shall continue to be eligible for health benefits. As with other City leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the agency prior to November 30, 2021 shall have a right of return to the same work location as soon as is practicable but in no case more than one week following notice and submission of documentation to the agency. With regard to employees who become vaccinated while on such leave without pay and provide appropriate documentation to the agency of a first dose between November 1, 2021 and November 5, 2021, the parties will meet and confer under the jurisdiction of Mediator Martin F. Scheinman to address how to deal with the leave of absence for the period of November 1 through the employee's vaccination date.

E. Pregnancy/Parental Leave
    i.    Any soon-to-be birth mother who starts the third trimester of pregnancy on or before October 29, 2021 (e.g. has a due date no later than January 29, 2022), may utilize sick leave, annual leave, and/or compensatory time prior to the child's birth date, but not before October 29, 2021.  Upon giving birth, they shall be eligible for paid family leave ("PFL") or FMLA in accordance with existing law and rules.
    ii.    No documentation shall be necessary for this use of accrued leave, other than a doctor's written assertion that the employee is in her third trimester as of October 29, 2021.
    iii.    In the event that an eligible employee exhausts accrued leave prior to giving birth and has not submitted proof of vaccination, that employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child.
    iv.    If not otherwise covered by existing FMLA or leave eligibility, an employee who exhausts their leave before the birth of the child will be eligible to be in an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section).

4

      v.     All other eligibility and use rules regarding use of sick leave, annual leave, compensatory time, paid family leave, and FMLA remain in effect.

F. The parties agree that if an employee has a pre-scheduled use of annual leave scheduled after November 1st and the employee is on leave without pay due to the vaccine mandate through that period, that the annual leave will be restored for future use if the employee becomes vaccinated and returns to work. For example, if an employee is on leave without pay from November 1 through November 20 prior to being vaccinated, and had pre-scheduled vacation for the week of November 8, the five days of annual leave will be restored to the employee's bank. If an employee has a leave request which was approved prior to October 20th and covers November 1st and any consecutive days thereafter, the employee may continue on leave until they return to the office but must ensure vaccination information is submitted before their first day back at work in order to avoid being placed on Leave without Pay.

## III.    Separation

A. During the period of November 2, 2021 through November 16, 2021 any employee who is on leave without pay due to vaccination status may opt to separate from the agency. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to challenge the employee's involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused sick leave on a one-for-one basis, up to 100 days to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the agency, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health benefits through June 30, 2022, unless they have health insurance available from another source (e.g., a spouse's coverage or another job).

B. During the period of November 17, 2021 through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through June 30, 2022. In order to extend this leave pursuant to this Section and continue to receive the commensurate benefits, an employee must file a form created by the agency which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health benefits through June 30, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the agency before June 30, 2022, shall have a right to return to the same work location as soon as is practicable but in no case more than two weeks following notice to the agency. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by June 30, 2022 will be deemed to have voluntarily resigned.

5

C. If an employee submits a reasonable accommodation and an appeal under Section I(A) or I(B) above is pending on or after November 10th, the applicable "opt-in" period under Section III(A) and (B) shall be one week after conclusion of the appeal, i.e. the employee must "opt-in" by end of day on the 5th business day after the appeal decision is issued.

D. Beginning December 1, 2021, the agency will seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions contained herein, all parties retain all legal rights at all times relevant herein.

E. Employees may not use accrued time to cover periods of leave without pay due to the vaccination mandate. However, if an employee files an application for retirement with the applicable retirement system, and signs a waiver established by the City to reflect that the employee is irrevocably resigning from employment, then the employee shall be permitted to exhaust applicable leave balances prior to retirement in accordance with ordinary agency practices.

IV. The parties recognize that the above terms and conditions satisfy any bargaining obligation related to the impact and/or procedures related to implementation of the vaccination mandate. The undersigned Union agrees to withdraw from participation in Case No. BCB-4457-21 (INJ) and BCB-4458-21. The City acknowledges its obligation to bargain the impact and/or procedures related to implementation of the vaccination mandate, which have been addressed by the terms of this Agreement.

FOR THE CITY OF NEW YORK

BY: _____
RENEE CAMPION
Commissioner of Labor Relations

FOR LOCAL 300, SEIU

BY: _____
JAMES GOLDEN
President

Dated: __11/4__, 2021

6