# Exhibit "E"

## Complaint of Discrimination

The City of New York
Department of Investigation

*(Please print the following information)*

| DO NOT WRITE IN THIS SPACE FOR USE BY DOI EEO OFFICE |
| --- |
| COMPLAINANT |
| RESPONDENT |
| Complaint# _____ |
| Date Filed _____ |

*Liz Delgado 0071607      Squad 2/DOI*

*Name*     *ERN*     *Division/Office/Agency*

*PAAI    Administrative Asst.    John Bellanie/s Laura Milbender*

*Civil Service Title*     *Office Title*     *Supervisor*

---

*What is the alleged basis of discrimination?*

*(Please check all that apply)*

☐ Age
☐ Alienage/Citizenship
☐ Arrest/ Conviction record
☐ Caregiver Status
☐ Color
☐ Consumer Credit History
☐ Disability
☐ Gender/including Gender identity/Pregnancy
☐ Genetic Predisposition
☐ Marital Status
☐ Military Status
☐ National Origin
☐ Partnership Status
☐ Pay History
☐ Race
☑ Religion/Creed
☐ Sexual Harassment
☐ Sexual Orientation
☐ Sexual and Reproductive Health Decisions
☐ Unemployment Status
☐ Victim of Domestic Violence, Sex Offense or Stalking
☐ Retaliation for filing a complaint or assisting in the investigation of an EEO complaint

*Please give the name, title and division of the person(s) you believe discriminated against you.*

*NYC Department of Investigation*

*When did the alleged discrimination occur?*

*Date: 12,20,21*

*Where did the alleged incident occur?*

*Were there witnesses to the discrimination?*   Yes_____ No_____

*Did you report this incident to anyone?*   Yes_____ No_____

*(Please provide the name(s) of witnesses on the Witness Information Form)*

---

*Have you filed a complaint about the alleged discrimination with any of the following agencies?*   *N/A*

☐ New York City Commission on Human Rights
☐ New York State Division of Human Rights
☐ United States Equal Employment Opportunity Commission
☐ United States Department of Labor
☐ United States Department of Justice

*(If so, please state the date and the complaint number)*

Complaint# _____    Date Filed: _____/_____/_____

---

*Please describe what happened to you on the following pages, what you believe is unlawful discrimination, and/or how other persons were treated differently. This statement may be amended to correct omissions. Please use extra pages if necessary.*

---

*What corrective action do you want taken?*

*My religious accomodation granted*

Rev. 09/09/2019- DOI EEO

**Description of Alleged Unlawful Discrimination**

**Please describe what happened to you which you believe is unlawful discrimination, and how other persons were treated differently. This statement may be amended to correct mistakes or omissions.**
*(Please use extra pages if necessary)*

The DCAS NYC EEO Policy as well as Title VII of the Civil Rights Act and the NY Human Rights Law required DOI to reasonably accommodate the religious beliefs of an employee unless to do so would cause an undo hardship. I am unable to comply with the vaccine mandate due to my sincerely held religious beliefs. DOI wrongly denied my request for an accommodation despite the fact that I legally qualify for an accommodation. I reject ALL VACCINES based on my sincerely held religious beliefs. I am now on Leave Without Pay - a decision which concerns my terms, conditions and privileges of employment. I face termination. Please see my attached attorney's letter which details my discrimination complaint.

*I certify I have read the above charge and any attached pages that it is true to the best of my knowledge, information and belief, and that I have read the attached notices concerning my rights to file a complaint with federal, state and local civil rights enforcement agencies.*

Date: *12 /31 /21*          *Complainant's Signature* _____

# THE LAW OFFICES OF
# Christina M. Martinez

*Admitted in:*
*New York*
*New Jersey*

245 Bricktown Way, Suite J
Staten Island, New York 10309
T: (347) 215-4543
F: (718) 556-2007

ChristinaMartinezEsq@gmail.com

December 31, 2021

Amy Young
Associate General Counsel and EEO Officer
NYC Department of Investigation
180 Maiden Lane
New York, NY 10038

**RE:   Liz Delgado EEO Complaint**

Dear Ms. Young:

I represent Liz Delgado in her request to the New York City Department of Investigation ("DOI") for a religious accommodation to the Order of the Commissioner of Health and Mental Hygiene that requires all New York City Workers to be vaccinated. The DOI wrongly denied Ms. Delgado's religious accommodation request on November 19, 2021. I am submitting this letter in support of Ms. Delgado's discrimination complaint with DOI EEO. She is legally entitled to a religious accommodation. Please accept this notice as our explicit intention to pursue all legal remedies on behalf of Ms. Delgado if you continue to illegally discriminate against her based on her religious beliefs.

The decision denying Ms. Delgado's religious accommodation request is in violation of the DCAS Citywide EEO Policy ("the EEO Policy"), as well as Title VII of the Civil Rights Act of 1964, and the New York Human Rights Law. According to the EEO Policy, New York City provides city workers with specific protections and prohibits discrimination based on religion. The EEO Policy prohibits adverse employment actions based on a person's religion. Ms. Delgado is currently on Leave Without Pay and faces the loss of significant benefits and privileges of employment, and ultimately termination, due to the DOI's illegal denial of her religious accommodation. The EEO Policy explicitly prohibits the denial of reasonable accommodations for religious beliefs that do not create an undue hardship. Ms. Delgado's reasonable accommodation request was denied "because it is not based on a sincerely held religious, moral, or ethical belief."

An employer must respond with a "good faith effort to the employee's need for a religious accommodation" *E.E.O.C. v. Aldi, Inc.*, No. CIV.A. 06-01210, 2008 WL 859249, at *9 (W.D. Pa. Mar. 28, 2008). DOI failed to reasonably accommodate Ms. Delgado's long standing religious beliefs which prohibit her from receiving ANY vaccine. She is a deeply religious

person who believes that God communicates with her through revelations and divine intervention. She makes all medical decisions after consideration of her religious beliefs. She rejects recommended treatments from her doctors if they do not coincide with her strongly held religious beliefs. For example, she refuses osteoporosis treatment because she considers it a preventative treatment in the same way vaccination is. She believes that the human body is made perfectly by God and that it is a temple of the Holy Spirit as stated in the Bible. She refuses to take any medical treatments or products that will defile her body as she believes this will damage her soul.

Both state and federal law, as well as the DCAS Citywide EEO Policy, protect Delgado's right to refuse vaccination based on a sincere and genuine personal religious belief. It is "an unlawful employment practice under [Title VII] for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." *TWA v. Hardsion*, 432 U.S. 63, 74 (1977). The New York Human Rights law states that "it shall be an unlawful discriminatory practice for any employer, or an employee or agent thereof, to impose upon a person as a condition of… retaining employment… that would require such person to violate or forego a sincerely held practice of his or her religion." N.Y. Executive Law, Article 15, Section 296, (10)(a). Ms. Delgado has a strong claim of religious discrimination against DOI. To establish a prima facie case of religious discrimination under Title VII, the plaintiff must present evidence that (1) he held a bona fide religious belief, (2) his belief conflicted with a requirement of her employment, (3) his employer was informed of her belief, and (4) he suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Tagore v. United States,* 735 F.3d 324, 329 (5th Cir. 2013). The standards for recovery under the New York State Human Rights Law (*see* Executive Law § 296(1)) are the same as the federal standards under title VII of the Civil Rights Act of 1964. *Mittl v. New York State Div. of Human Rights,* 100 N.Y.2d 326, 330 (2003). Ms. Delgado has already lost her salary, and faces termination for failing to receive the COVID-19 vaccine despite her bona fide religious beliefs which entitle her to a reasonable accommodation.

It is well-settled law, acknowledged by the Supreme Court of the United States all the way down to the courts of New York and administrative agencies in between, that an individual seeking to demonstrate a sincerely held religious belief need not prove that her belief is part of the recognized dogma of a religious sect. *Widmar v. Vincent*, 454 U.S. 263 (1981)("The beliefs need not be consistent with the dogma of any organized religion, whether to not the plaintiffs belong to any recognized religious organization."); *Bowles v. NYCTA*, (S.D.N.Y. 2006)(holding whether the church prohibits what he believes it prohibits was irrelevant); *Redmond v. GAF Corporation*, 574 F.2d 897 (7th Cir. 1978)("Title VII is not restricted to protecting those practices which are mandated or prohibited by a tenet of the religion."); Equal Employment Opportunity Commission, *What You Should Know: Workplace Religious Accommodation*, (0306-2014), https://www.eeoc.gov/laws/guidance/what-you-should-know-workplace-religiousaccommodation ("a religious practice may be sincerely held by an individual even if newly adopted, not consistently observed, or different from the commonly followed tenets of the individual's religion."). Under Title VII, the appropriate inquiry is only whether the employee's beliefs are religious in nature and sincerely held. *United States v. Seeger*, 380 U.S. 163, 185 (1965). *See also, Rivera v. Choice Courier Sys.*, 2004 U.S. Dist. LEXIS 11758, at *15 (S.D.N.Y. 2004) ("A Court's limited role in determining whether a belief is 'religious' is the same under Title VII as it is under the Free Exercise Clause of the First Amendment"). The law does not require Ms. Delgado's personal religious beliefs to coincide with any official Catholic Church dogma.

Pursuant to federal law, "the fact that the religious group to which the individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee." 29 C.F.R. 1605.1. An employee's belief or practice can be "religious" under Title VII even if the employee is affiliated with a religious group that does not espouse or recognize that individual's belief or practice, or if few – or no – other people adhere to it. *Welsh v. U.S.*, 398 U.S. 333, 343 (finding that petitioner's beliefs were religious in nature although the church to which he belonged did not teach those beliefs); *Thomas v. Rev. Bd. Of Ind. Emp't Sec. Div.*, 450 U.S. 707, 715 (1981) (disagreement among sect workers as to whether their religion made it sinful to work in an armaments factory irrelevant to whether belief was religious in nature because "[t]he guarantee of free exercise is not limited to beliefs which are shared by all of the members of a religious sect."). It is well established that the law protects personal religious beliefs despite whether they are espoused by the organized religion which the employee belongs to. The denial of a Roman Catholic, despite personal sincerely held religious beliefs that prevent vaccination is not only in violation of Title VII and the New York Human Rights Law, it also runs afoul of the First Amendment of the United States Constitution. The exclusion of members of Catholicism by any city agency creates an official denominational preference by the government which the First Amendment forbids. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another. This constitutional prohibition of denominational preferences is inextricably connected with the continuing vitality of the Free Exercise Clause…The government must be neutral when it comes to competition between sects." *Larson v. Valente,* 456 U.S. 228, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982) (invalidating a state statute excluding only those religious organizations that received more than half of their total contributions from members from an exemption for reporting and registration mandates, held that the state treated some religious denominations more favorably than others in violation of the Establishment Clause). "The State may not adopt programs or practices . . . which 'aid or oppose' any religion. . . . This prohibition is absolute." *Id.*

The Supreme Court of the United States cautions: "it must be remembered that, in resolving these exemption problems, one deals with the beliefs of different individuals who will articulate them in a multitude of ways. In such an intensely personal area, of course, the claim of the registrant that his belief is an essential part of a religious faith must be given great weight." *U.S. v. Seeger*, 85 S.Ct. 850, 863, 380 U.S. 163, 184 (1965). The Second Circuit held in its recent decision against New York City with regard to the religious accommodation process for Department of Education employees that "[d]enying an individual a religious accommodation based on someone else's publicly expressed religious views – even the leader of her faith – runs afoul of the Supreme Court's teaching that 'it is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the *validity of particular litigants' interpretation of those creeds.'*" *Kane v. de Blasio; Keil v. City of New York*, 21-2678-cv; 21-2711-cv (decided November 28, 2021) (p.27-28) (citing *Hernandez v. Commissioner*, 490 U.S. 680, 699 (1989) (emphasis added); *see also Frazee v. Illinois Dep't of Emp. Sec.*, 489 U.S. 829, 833 (1989) (noting that "disagreement among sect members" over whether work was prohibited on the Sabbath had not prevented the Court from finding a free exercise violation based on the claimant's "unquestionably . . . sincere belief that his religion prevented" him from working (citing *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981)). It is overwhelmingly clear that what the Catholic Church holds is irrelevant to a determination as to what Ms. Delgado believes. Ms. Delgado's beliefs do not need to be shared by the Pope, her priest, or any other members of her Church. The sole determinative factor when resolving an accommodation request is that Ms. Delgado believes she would be going against her sincerely

held religious beliefs by receiving the COVID-19 vaccine. "Religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531 (1993) (striking down city ordinance that banned ritual animal slaughter). Ms. Delgado's beliefs may seem incredible to some. She believes that God communicates with her through revelations and that her body is a Holy Temple. However, her beliefs are very clearly religious in nature and genuinely believed by her.

Moreover, there are authoritative Catholic Church teachings and doctrine which demonstrate the principled religious basis on which an individual Catholic may determine that he must refuse the COVID-19 vaccine. The Catholic Church has released its official position in a document entitled "Note on the morality of using some anti-Covid-19 vaccines," published by the Congregation for the Doctrine of the Faith, the body within the Roman Catholic Church responsible for promulgating and defending Catholic doctrine. Congregation for the Doctrine of the Faith, *Note on the morality of using some anti-Covid-19 vaccines*, https://www.vatican.va/roman_curia/congregations/cfaith/documents/rc_con_cfaith_doc_202012 21_nota-vaccini-anticovid_en.html. The official stance of the Roman Catholic Church is that the COVID-19 vaccine "must be voluntary."  The Church explicitly mentions Catholics who object to receiving the COVID-19 vaccine and discusses other prophylactic means and behavior that such Catholics can engage in to prevent transmission. The Catholic Church holds that "vaccination is not, as a rule, a moral obligation." My client has no obligation to explain the makeup and structure or faith and tenets of the Roman Catholic Church. "This kind of state inspection and evaluation of the religious content of a religious organization is fraught with the sort of entanglement that the Constitution forbids. It is a relationship pregnant with dangers of excessive government direction . . . of churches." *Lemon v. Kurtzman*, 403 U.S. 602, 620 (1971). Pursuant to Title VII, my client only needs to explain the *personal* religious beliefs to which she sincerely subscribes.   She has adequately done so. She is a devoutly religious woman with strict adherence to God's commands which direct the way she engages in all medical treatment.

Ms. Delgado's sincerely held religious beliefs satisfy all of the requirements for protection under Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law. The denial of her religious exemption is illegal and DOI failed to follow its own Policy as well as state and federal law by denying her request. Ms. Delgado's religious accommodation should be granted immediately to preserve her federally and state protected rights and to ensure DOI's compliance with the law.

We look forward to the opportunity to cooperate with the EEO investigation and for the successful resolution of Ms. Delgado's complaint. She has the right to be accompanied by a representative of her choice during any required interviews throughout the course of this EEO investigation. Please accept this as advance notice that I will be representing her in any such interviews. At this time, Ms. Delgado has not filed any external complaints with any enforcement agencies. Should that change, we will inform DOI.

If you have any questions, please contact the undersigned.

Thank you,

Christina Martinez, Esq.

4