UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------  x

NEW YORKERS FOR RELIGIOUS LIBERTY, INC,
GENNARO AGOVINO, CURTIS CUTLER, LIZ
DELGADO, JANINE DEMARTINI, BRENDAN
FOGARTY, SABINA KOLENOVIC, KRISTA O'DEA,
DEAN PAOLILLO, DENNIS PILLET, MATTHEW
RIVERA, LAURA SATIRA, FRANK SCHIMENTI,          No.: 22-cv-752 (DG)
JAMES SCHMITT, individually and on behalf of all other
persons similarly situated,

                                        Plaintiffs,

                - against -

THE CITY OF NEW YORK, ERIC ADAMS, in his
official capacity as Mayor of the City of New York, DAVE
CHOKSHI, in his official capacity as Health Commissioner
of the City of New York, and ROBERTA REARDON, in
her capacity as New York State Commissioner of Labor,

                                        Defendants.

---------------------------------------------------------------------  x


## CITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION


**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York 10007

*Of Counsel:*
Bilal Haider
Lora Minicucci

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................... 2

ARGUMENT .................................................................................................. 6

    I.    PLAINTIFFS HAVE FAILED TO JOIN NECESSARY PARTIES ............... 6

    II.    PLAINTIFFS CANNOT MEET THEIR BURDEN FOR A PRELIMINARY INJUNCTION ........................................................................................... 7

    III.    PLAINTIFFS HAVE NOT SHOWN IRREPARABLE HARM ..................... 8

        A.    Loss of Employment and Pay Does Not Constitute Irreparable Harm ........... 8

        B.    Plaintiffs Have Not Sufficiently Plead A First Amendment Violation......... 10

        C.    The Fifth Circuit Decision in Sambrano Does Not Apply Here.................. 11

    IV.    THE VACCINE MANDATES ISSUED BY THE NEW YORK CITY DEPARTMENT OF HEALTH ARE NEUTRAL LAWS OF GENERAL APPLICABILITY ........................................................................................ 12

        A.    Plaintiffs' Establishment Clause Claims Fail. ............................... 13

        B.    Plaintiff's Free Exercise Clause Claims Fail ................................. 14

        C.    The City's Vaccine Mandate is Constitutional on its Face, Plaintiffs' As-Applied Challenges also fail ........................................................ 16

        D.    The Existence of the Arbitration Award Does Not Trigger Strict Scrutiny . 18

        E.    The Mandate Does Not Violate Substantive Due Process Rights ................ 19

    V.    PLAINTIFFS' REQUEST FOR AN EVIDENTIARY HEARING SHOULD BE DENIED......................................................................................... 20

CONCLUSION ............................................................................................. 22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>03 Creative LLC v. Elenis</u>, 6 F.4th 1160 (10th Cir. 2021) ........................................................ 12

<u>Almontaser v. N.Y. City Dep't of Educ.</u>, 519 F.3d 505 (2d Cir. 2008) ...................................... 7

*Ashcroft v. ACLU*, 542 U.S. 656 (2004) ................................................................................... 8

<u>Bear Creek Bible Church v. EEOC</u>, Civil Action No. 4:18-cv-00824-O, 2021 U.S. Dist. LEXIS 210139 (N.D. Tex. Oct. 31, 2021) ...................................................................... 17

<u>Blake v. Potter</u>, 2004 U.S. Dist. LEXIS 6596 (S.D.N.Y. Apr. 12, 2004) .................................. 18

<u>Broecker v. N.Y.C. Dep't of Educ.</u>, No. 21 CV 6387 (KAM)(RLM), 2021 U.S. Dist. LEXIS 226848 (E.D.N.Y. Nov. 24, 2021) ................................................................... 9, 13

<u>Buckley v. N.Y. & Presbyterian Hosp.</u>, No. 21 Civ. 7864 (LTS), 2021 U.S. Dist. LEXIS 181135 (S.D.N.Y. Sep. 21, 2021) ........................................................................... 9

<u>Caviezel v. Great Neck Pub. Sch.</u>, 701 F. Supp. 2d 414 (E.D.N.Y. 2010) ................................ 16

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998) .............................................................. 19

<u>Dexter 345 Inc. v. Cuomo</u>, 663 F.3d 59 (2d Cir. 2011) ............................................................ 8

<u>Doninger v. Niehoff</u>, 527 F.3d 41 (2d Cir. 2008) .................................................................... 10

<u>Elrod v. Burns</u>, 427 U.S. 347 (1976) ...................................................................................... 10

<u>Faiveley Transp. Malmo AB v. Wabtec Corp.</u>, 559 F.3d 110 (2d Cir. 2009) .............................. 8

<u>Ferran v. Town of Nassau</u>, 471 F.3d 363 (2d. Cir. 2006) ......................................................... 19

<u>Field Day, LLC v. County of Suffolk</u>, 463 F.3d 167 (2d Cir. 2006) .................................... 16, 17

<u>Finn v. Anderson</u>, 592 F. App'x 16 (2d Cir 2014) .................................................................. 19

<u>Fulton v. City of Phila.</u>, 141 S. Ct. 1868 (2021) ..................................................................... 17

<u>Garland v. N.Y.C. Fire Dep't</u>, No. 21 CV 6586 (KAM)(CLP), 2021 U.S. Dist. LEXIS 233142 (E.D.N.Y. Dec. 6, 2021) ...................................................................... 9, 13

<u>Guitard v. United States Sec'y of Navy</u>, 967 F.2d 737 (2d Cir. 1992) ....................................... 10

<u>Holt v. Continental Group</u>, 708 F.2d 87 (2d Cir. 1983) ........................................................... 10

*Impax Media Inc. v. Northeast Adver. Corp.*, No. 17 Civ. 8272, 2018 U.S. Dist. LEXIS 4940 (S.D.N.Y. Jan. 10, 2018) .......................................................................................... 8

*In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al.*, Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty) (City Order)13

*In the matter of the Application of Correction Officers' Benevolent Association, Inc v. City of New York*, Index No. 161034/2021 (N.Y. Sup, N.Y. Cnty) (City Order) ............................... 13

*Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905) ......................................... 15

*Kane v. de Blasio*, 21 Civ. 7863 (S.D.N.Y.) (VEC) (DOE Order) ............................................ 13

*Kane v. De Blasio*, Nos. 21-2678, 21-2711, 2021 U.S. App. LEXIS 35102 (2d Cir. Nov. 28, 2021) ......................................................................................................... 9, 12, 14

*Katir v Columbia Univ.*, 15 F.3d 23 (2d Cir. 1994) ............................................................. 7, 18

*Keil v. The City of New York, et al.*, 21 Civ. 8773 (SDNY)(VEC) (DOE Order) ...................... 13

*Larson v. Valente*, 456 U.S. 228 (1982) ................................................................................... 13

*Latino Officers Association v. Safir*, 170 F.3d 167 (2d Cir. 1999) ........................................... 10

*Maniscalco v. N.Y. City Dept. of Educ.*, No. 21 Civ.5055 (BMC) (E.D.N.Y.) (DOE Order)..... 13

*Marshall v. United States* 414 U.S. 417 (1974) ....................................................................... 20

*Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47 (2d Cir. 1988) ......................................... 16

*NM v. Hebrew Acad. Long Beach*, 155 F. Supp. 3d 247 (E.D.N.Y. 2016) ................................ 16

*Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015) ................................................................ 16

*Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015) ................................................................ 15

*Piercy v. Fed. Rsrv. Bank of N.Y.*, Nos. 02 CV 5005, 02 CV 9291 (DC), 2003 U.S. Dist. LEXIS 37 (S.D.N.Y. Jan. 13, 2003) .......................................................................................... 9

*Police Benevolent Association of the City of New York, Inc. et al. v. de Blasio, et al.*, Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.)(City Order) .................................................... 13

*Prince v. Massachusetts*, 321 U.S. 158 (1944) ....................................................................... 15

*S. Bay United Pentecostal Church v. Newson*, 140 S. Ct. 1613 (2020) ................................... 20

*Sambrano v. United Airlines*, 2022 U.S. App. LEXIS 4347, No. 21-11159 (5th Cir. 2022)....... 11

*Score, Inc. v. Cap Cities/ABC, Inc.*, 724 F. Supp. 194 (S.D.N.Y. 1989) ................................... 8

Sherr v. Northport-E. Northport Union Free Sch. Dist., 672 F. Supp. 81 (E.D.N.Y. 1987)......... 15

Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp 81 (E.D.N.Y. 1987)...... 16

Shrum v. City of Coweta, 449 F.3d 1132 (10th Cir. 2006) .......................................................... 14

Tenenbaum v. Williams, 193 F.3d 581 (2d Cir. 1999).................................................................. 19

The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et
    al., Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.) (DOE Order) ......................................... 13

Thomas v. City of N.Y., 143 F.3d 31 (2d Cir. 1998)..................................................................... 17

Turley v. Giuliani, 86 F. Supp. 2d 291 (S.D.N.Y. 2000).............................................................. 11

United States v. Seeger, 380 U.S. 163 (1965) .............................................................................. 15

V.D. v. New York, 403 F. Supp. 3d 76 (E.D.N.Y. 2019).............................................................. 16

Velasco v. Beth Isr. Med. Ctr., 279 F. Supp. 2d 333 (S.D.N.Y. 2003) .................................... 7, 18

We the Patriots USA, Inc. v. Hochul, 2021 U.S. App. LEXIS 32880 (2d Cir. Nov. 4, 2021)12, 15

Whitlow v. Cal. Dep't of Educ., 203 F. Supp. 3d 1079 (S.D. Cal. 2016) .................................... 15

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)........................................................ 7

## PRELIMINARY STATEMENT

Plaintiffs' motion to categorically enjoin the City of New York's COVID-19 vaccination mandates should be denied.  The motion is a frivolous and meritless attempt to halt a successful public safety measure that has been repeatedly upheld in various forums, including in the Eastern District and Second Circuit.  This application, founded upon a misguided appeal to Plaintiffs' individual rights, fails to offer any new or compelling argument that would undermine the vaccination mandates, or otherwise warrant granting Plaintiffs any exemptions.  Plaintiffs have an opportunity for supplemental review of their vaccine mandate exemption denials, which found that some Plaintiffs failed to provide sufficient grounds to receive an exemption, while others are still awaiting a final decision.  Moreover, some Plaintiffs are not employees of the City of New York. Any further challenge to those agencies' decisions rests in a state proceeding or plenary action.

Plaintiffs' application for a sweeping injunction fails to satisfy any of the necessary criteria.  First, vaccination mandates have been vigorously litigated and routinely found to be lawful by numerous courts, including both the Second Circuit and Supreme Court.  Second, in sharp contrast to Plaintiffs' claims, the City of New York's vaccination mandate is founded on public health officials' expertise, and supported by robust medical science.  Lastly, Plaintiffs fail to demonstrate irreparable harm or a likelihood of success on the merits.

On February 11, 2022, the Court correctly concluded that Plaintiffs' lacked the requisite showing for a temporary restraining order to enjoin the continued implementation of the vaccination mandates and denied Plaintiffs' request.

Defendants City Of New York, Eric Adams, and Dave Chokshi ("City Defendants") submit this memorandum of law in furtherance of their previous submissions and oral argument requesting Plaintiffs' application for a preliminary injunction be denied.

## STATEMENT OF FACTS

City Defendants respectfully refer the Court to their Memorandum of Law, dated February 11, 2022, ECF No. 33, for a statement of pertinent and material facts related to City Defendants' vaccination mandates and religious accommodation process.  The following is a statement of the facts related to Plaintiffs' "as-applied" vaccination mandate challenges, respectively.

Plaintiff Gennaro Agovino, an employee of the New York City Department of Correction ("DOC"), applied for a religious exemption to the New York City Employee Vaccine Mandate.  (See Declaration of Gennaro Agovino, ECF No. 9, at ¶ 16.)  His application was denied by DOC because it would be an undue hardship to accommodate him.  (Id. at ¶ 18.)  Plaintiff Agovino appealed that determination to the Citywide Panel.  (Id. at ¶ 27.)  He has not yet received a response.

Plaintiff Curtis Cutler is an employee of the New York City Department of Sanitation ("DSNY").  (See Declaration of Curtis Cutler, ECF No. 10, at ¶ 2.)  Plaintiff Cutler applied for a religious exemption on August 20, 2021.  (Id. at ¶ 17.)  He submitted answers to DSNY's additional questions on October 26, 2021.  (Id. at ¶ 18.)  Plaintiff Cutler submitted an appeal "to DSNY."  (Id. at ¶ 27.)  His appeal was denied on January 6, 2022, and he was subsequently placed on leave without pay ("LWOP").  (Id. at ¶¶ 27, 31.)  Plaintiff Cutler chose to voluntarily resign and extend his LWOP until June 30, 2022.  (Id. at ¶ 35.)

Plaintiff Liz Delgado is an employee of the New York City Department of Investigation ("DOI").  (See Declaration of Liz Delgado, ECF No. 11, at ¶ 2.)  On October 22,

2021, Plaintiff Delgado submitted a request for a religious accommodation to DOI. (Id. at ¶ 19.) After a discussion with Plaintiff Delgado about her religious beliefs, and a review of the documentation she provided, DOI denied Plaintiff's request for an accommodation because it found that Plaintiff's objection to the vaccine was not based on a religious, moral, or ethical belief. (Id. at ¶ 22.) Plaintiff Delgado appealed to the Citywide Panel on November 24, 2021. (Id. at ¶ 29.) Plaintiff Delgado's appeal was denied by the Citywide Panel on December 20, 2021. (Id. at ¶ 31.) Plaintiff Delgado was placed on LWOP. (Id. at ¶ 35.) On January 31, 2022, Plaintiff Delgado was informed via email that she had to decide whether she would extend her LWOP until June 30, 2022. (Id. at ¶ 36.)

Plaintiff Janine DeMartini is an employee of The Child Study Center of New York. (See Declaration of Janine DeMartini, ECF No. 12, at ¶ 2.)[1]

Plaintiff Brendan Fogarty is a Captain in the New York City Fire Department ("FDNY"). (See Declaration of Brendan Fogarty, ECF No. 13, at ¶ 3.) Plaintiff Fogarty submitted a request for a religious exemption to the vaccine mandate on October 23, 2021. (Id. at ¶ 14.) FDNY denied Plaintiff Fogarty's request for a religious accommodation based on undue hardship and a lack of basis. (Id. at ¶ 16.) Plaintiff Fogarty appealed his denial on December 19, 2021. (Id. at ¶ 22.) Plaintiff Forgarty has not received a decision on his appeal. (Id. at ¶ 26.)

Plaintiff Sabina Kolevic is an employee of the New York City Department of Education ("DOE"). (See Declaration of Sabina Kolevic, ECF No. 14, at ¶ 2.) Plaintiff Kolevic applied for a religious exemption on September 20, 2021. (Id. at ¶ 27.) Plaintiff Kolevic's request for a religious exemption was denied by the DOE on September 22, 2021. (Id. at ¶ 29.) Plaintiff Kolevic appealed her denial on September 23, 2021. (Id. at ¶ 33.) On October 2, 2021, Plaintiff

---

[1] The Child Study Center is not part of the New York City Department of Education, nor is it an agency of the City of New York, and was not named as a defendant in this action. Plaintiff DeMartini does not appear to allege any claims against Defendants, and as such her claims against the City fail.

Kolevic's appeal was denied, and she was placed on LWOP.  (Id. at ¶¶ 38, 40.)  On November 19, 2021, Plaintiff Kolevic was allowed to appeal the denial of her religious accommodation request to the Citywide Panel.  (Id. at ¶ 42.)  Plaintiff Kolevic has not yet received a decision from the Citywide Panel.  (Id. at ¶ 51.)

Plaintiff Krista O'Dea is an emergency medical technician for FDNY.  (See Declaration of Krista O'Dea, ECF No. 15, at ¶ 5.)  On October 23, 2021, Plaintiff O'Dea submitted a request for a religious exemption to FDNY.  (Id. at ¶ 36.)  On December 10, 2021, FDNY denied Plaintiff O'Dea's request for a religious accommodation.  (Id. at ¶ 40.)  Plaintiff appealed her denial to the Citywide Panel.  (Id. at ¶ 46.)  Plaintiff O'Dea has not yet received a decision from the Citywide Panel.  (Id. at ¶ 49.)

Plaintiff Dean Paolillo is a police officer with the New York City Police Department ("NYPD").  (See Declaration of Dean Paolilli, ECF No. 16, at ¶ 2.)  On October 22, 2021, Plaintiff Paolillo filed a request for a religious accommodation with the NYPD.  (Id. at ¶ 36.)  On November 30, 2021, the NYPD denied Plaintiff Paolillo's request for a religious accommodation.  (Id. at ¶ 39.)  On December 7, 2021, Plaintiff Paolillo submitted an appeal to the NYPD.  (Id. at ¶ 41.)  On February 8, 2022, Plaintiff Paolillo received a revised determination letter regarding his application for a religious accommodation that stated his application was denied for three reasons: (1) his objection was personal, political, or philosophical, (2) that his statement appeared generic or that the applicant appeared not to have written the statement, and (3) he had not demonstrated history of vaccine/medicine refusal.  (Id. at ¶ 48.)

Plaintiff Dennis Pillet is an EMT with the FDNY.  (See Declaration of Dennis Pillet, ECF No. 17, at ¶ 2.)  On October 27, 2021, Plaintiff Pillet submitted a request for a religious accommodation with FDNY.  (Id. at ¶ 16.)  Plaintiff Pillet's request for a religious accommodation to the City's Vaccine mandate was denied.  (Id. at ¶ 19.)  On December 16, 2021, Plaintiff Pillet

appealed to the Citywide Panel.  (Id. at  ¶ 24.)  Plaintiff Pillet has not yet received a response to his appeal.  (Id. at ¶ 32.)

Plaintiff Dennis Rivera is an employee of Consolidated Edison.  (See Declaration of Dennis Rivera, ECF No. 18, at ¶ 2.)[2]  On December 26, 2021, Plaintiff Rivera submitted a request for a religious exemption to Con Edison.  (Id. at ¶ 40.) On January 19, 2022, Plaintiff Rivera was asked to respond to additional questions about his request for religious exemption.  (Id. at ¶ 45.)  Plaintiff Rivera has not received a response from Con Edison regarding his religious exemption.  (Id. at ¶ 50.)

Plaintiff Laura Satira is a former employee of St. Bernard's Catholic Academy.  (See Declaration of Laura Satira, ECF No. 19, at ¶ 2.)[3]  After the DOHMH[4] private school mandate came into effect, Plaintiff Satira requested a religious exemption from her school but was told none were available.  (Id. at ¶¶ 18-20)  Plaintiff Satira was placed on LWOP on December 16, 2021.  (Id. at ¶ 22.)

Plaintiff Frank Schimenti is an employee of the New York City Department of Buildings ("DOB").  (See Declaration of Frank Schimenti, ECF No. 20, at ¶ 4.)  On October 27, 2021 Plaintiff Schimenti submitted a request for a religious exemption to the City's Vaccine Mandate.  (Id. at ¶ 40.)  On November 4, 2021, Plaintiff Schimenti's request for a religious accommodation was denied.  (Id. at ¶ 51.)  On November 9, 2021 Plaintiff Schimenti requested an

---

[2] Consolidated Edison is not part of the New York City Department of Education, nor is it an agency of the City of New York, and was not named as a defendant in this action.  Plaintiff Rivera does not appear to allege any claims against Defendants, and his claims should be dismissed, for this reason alone, as discussed further below.

[3] St. Bernard's Catholic Academy is not part of the New York City Department of Education, nor is it an agency of the City of New York, and was not named as a defendant in this action.  Plaintiff Rivera does not appear to allege any claims against Defendants, and her claims should be dismissed, for this reason alone, as discussed further below.

[4] The DOHMH non-public school vaccine mandate, ECF No. 8-5.

appeal of his denial and resent his exemption letter.  (Id. at ¶ 54.)  On December 6, 2021 DOB denied his appeal.  (Id. at ¶ 55.)  On December 8, 2021 Plaintiff Schimenti's attorney sent a request for reconsideration of the appeal denial.  (Id. at ¶ 57.)  On December 10, 2021 Plaintiff Schimenti was placed on LWOP.  (Id. at ¶ 59.)  On December 20, 2021, DOB denied Plaintiff Schimenti's request for reconsideration.  (Id. at ¶ 60.)  On January 31, 2022, Plaintiff Schimenti received an email informing him that his employment would be terminated on February 11, 2022.  (Id. at ¶ 60.)

Plaintiff James Schmitt is an employee of the New York City Department of Parks ("Parks").  (See Declaration of James Schmitt, ECF No. 21, at ¶ 2.)  On October 26, 2021 Plaintiff was notified by Parks that he must submit his religious exemption request by October 27, 2021, 5 p.m.  (Id. at ¶ 17.)  Plaintiff Schmitt submitted his application a few minutes after 5 p.m. on October 27, 2021.  (Id. at ¶ 18.)  On November 12, 2021 Plaintiff Schmitt received an email from Parks requesting additional information regarding his religious accommodation request.  (Id. at ¶ 22.)  On November 17, 2021 Plaintiff Schmitt received a denial of his accommodation request from Parks.  (Id. at ¶ 27.)  Plaintiff Schmitt appealed his denial to the Citywide Panel on November 22, 2021.  (Id. at ¶ 38.)  On December 28, 2021 Plaintiff Schmitt received a denial of his appeal.  (Id. at ¶ 39.)  Thereafter Plaintiff Schmitt was placed on LWOP and given the choice to separate or extend his leave without pay and maintain his benefits until June 30, 2022.  (Id. at ¶ 46.)  Plaintiff Schmitt chose to extend his LWOP until June 30, 2022.  (Id. at ¶ 48.)

## ARGUMENT

### I.   PLAINTIFFS HAVE FAILED TO JOIN NECESSARY PARTIES

While Plaintiffs' application should be denied based upon their failure to establish any element for injunctive relief, Plaintiffs have also failed to join multiple necessary parties, including the Child Study Center, Consolidated Edison, St. Bernard's Catholic Academy.

Plaintiffs Janine Demartino, Matthew Rivera, and Laura Satira are not employees of the City of New York and as such those Plaintiffs have failed to name their employers, and cannot be entitled to injunctive relief against those parties.

Moreover, some Plaintiffs are employees whose unions have agreed to binding arbitration concerning vaccine mandate exemptions and appeals. On this basis, Plaintiffs seek to use the arbitration awards to trigger a strict scrutiny review, but none of the Plaintiffs utilized this appeals process and as such they lack standing to challenge the process. Moreover, to the extent Plaintiffs seek to challenge processes that were collectively bargained by their union, they have failed to join their unions and make a claim for breach of duty of fair representation. "[A]n individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." Katir v Columbia Univ., 15 F.3d 23, 24-25 (2d Cir. 1994). The remedy for an individual is to pursue a duty of fair representation claim against his or her union. See id. at 24-25; see also Velasco v. Beth Isr. Med. Ctr., 279 F. Supp. 2d 333, 336 (S.D.N.Y. 2003) (dismissing challenge to arbitration award on standing grounds).

## II.    PLAINTIFFS CANNOT MEET THEIR BURDEN FOR A PRELIMINARY INJUNCTION

In order to justify a preliminary injunction, Plaintiffs must demonstrate: 1) irreparable harm absent injunctive relief; 2) a likelihood of success on the merits; 3) the balance of equities tips decidedly in their favor; and 4) that the public interest weighs in favor of granting an injunction.[5] See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24-25 (2008); Almontaser v. N.Y. City Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008). Plaintiffs offer no support for their contention that, on a motion for a preliminary injunction, when a religious

---

[5] City Defendants refer the Court to their First Memorandum of Law dated February 11, 2022, ECF No. 33, for their arguments on the balance of the equities and public interest.

accommodation is denied, the employer bears the burden of "establishing compliance with the statutory criteria [...and] that their religious accommodation decisions are justified because they further a compelling government interest..." (See Plaintiffs' Supplemental Memorandum of Law dated February 18, 2022 ("Pls.' Supp. Mem."), ECF No. 40, at 12.) This is simply false. In seeking a preliminary injunction, Plaintiffs bear the burden on all points, and defendants have no burden to rebut their claims. See Ashcroft v. ACLU, 542 U.S. 656, 669 (2004). Here, all Plaintiffs have shown is that some, but not all, requests for religious accommodations have been denied. (See Declarations, ECF Nos. 9-23.) They have not shown that they (1) will suffer an irreparable harm absent injunctive relief and (2) are likely to succeed in proving that a First Amendment violation has occurred both with regards to the City Vaccine Mandates or the process by which the City has granted religious accommodations.

## III.      PLAINTIFFS HAVE NOT SHOWN IRREPARABLE HARM

"[I]rreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" Impax Media Inc. v. Northeast Adver. Corp., No. 17 Civ. 8272, 2018 U.S. Dist. LEXIS 4940 at *10 (S.D.N.Y. Jan. 10, 2018) (quoting Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009). In making a showing of irreparable harm, Plaintiffs must demonstrate that there is a threat of actual injury for which available legal remedies are inadequate. See Score, Inc. v. Cap Cities/ABC, Inc., 724 F. Supp. 194, 198 (S.D.N.Y. 1989). In addition, an irreparable injury is one "for which a monetary award cannot be adequate compensation." Dexter 345 Inc. v. Cuomo, 663 F.3d 59, 63 (2d Cir. 2011).

### A. Loss of Employment and Pay Does Not Constitute Irreparable Harm

Plaintiffs allege various economic harms in their individual declarations. (See Declarations, ECF Nos. 9-23.) However, none of these cited harms are irreparable. In Garland, the Eastern District held that "to demonstrate an entitlement to injunctive relief, Plaintiffs must identify a harm for which available legal remedies and monetary damages would be inadequate.

As noted decades ago by the United States Supreme Court, the type of harm Plaintiffs allege, loss of employment and pay, are definitionally reparable."  See Garland v. N.Y.C. Fire Dep't, No. 21 CV 6586 (KAM)(CLP), 2021 U.S. Dist. LEXIS 233142 at *22-23 (E.D.N.Y. Dec. 6, 2021); Piercy v. Fed. Rsrv. Bank of N.Y., Nos. 02 CV 5005, 02 CV 9291 (DC), 2003 U.S. Dist. LEXIS 379, at *3 (S.D.N.Y. Jan. 13, 2003) ("Plaintiffs wrongfully discharged from employment generally may be made whole by monetary damages and reinstatement after a full trial on the merits.").  The Court further held that the Plaintiffs failed to make a showing of irreparable harm because "loss of employment and pay constitute harm that may be remedied through money damages."  Garland, 2021 U.S. Dist. LEXIS 233142 at *22-23.

In Kane, the Second Circuit affirmed the District Court's denial of injunctive relief where the Plaintiffs argued that the irreparable harm they faced absent injunctive relief was termination as well as an attendant loss of health insurance and other benefits.  Kane v. De Blasio, Nos. 21-2678, 21-2711, 2021 U.S. App. LEXIS 35102 (2d Cir. Nov. 28, 2021).  In examining the DOE Order in Broecker, the Eastern District also held that the "pecuniary harms" alleged by the Plaintiffs in that case "are neither irreparable nor sufficient to justify the presently requested injunctive relief."  See Broecker v. N.Y.C. Dep't of Educ., No. 21 CV 6387 (KAM)(RLM), 2021 U.S. Dist. LEXIS 226848, at *25 (E.D.N.Y. Nov. 24, 2021).

These recent holdings are in line with the well-established case law that the "loss of employment is insufficient to carry [Plaintiffs'] burden of showing irreparable harm because [they] make no showing that the loss of [their] employment cannot be remedied with money damages."  Buckley v. N.Y. & Presbyterian Hosp., No. 21 Civ. 7864 (LTS), 2021 U.S. Dist. LEXIS 181135 (S.D.N.Y. Sep. 21, 2021); see also Holt v. Continental Group, 708 F.2d 87, 90-91 (2d Cir. 1983), cert. denied, 465 U.S. 1030 (1984) ("the requisite irreparable harm is not established in employee discharge cases by financial distress or inability to find other employment, unless truly

extraordinary circumstances are shown."); <u>Guitard v. United States Sec'y of Navy</u>, 967 F.2d 737, 742 (2d Cir. 1992) ("injuries that generally attend a discharge from employment — loss of reputation, loss of income and difficulty in finding other employment — do not constitute the irreparable harm necessary to obtain a preliminary injunction")(internal citations omitted).

**B. Plaintiffs Have Not Sufficiently Plead A First Amendment Violation**

In their first Memorandum of Law, Plaintiffs briefly and summarily contend that any time a party alleges that constitutional right may be violated, a preliminary injunction must follow. (<u>See</u> Plaintiffs' Memorandum of Law dated February 10, 2022 ("Pls.' First Mem."), ECF No. 7-1, at 24.) Plaintiffs are evidently under the misimpression that they can satisfy their burden of showing that they will suffer irreparable harm by their mere allegations, without citing any evidence that Plaintiff's First Amendment rights were violated. This is simply not the law.

The Supreme Court has observed that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." <u>Elrod v. Burns</u>, 427 U.S. 347, 373 (1976). However, "[e]ven when a complaint alleges First Amendment injuries, . . . irreparable harm is not presumed and must still be shown." <u>Doninger v. Niehoff</u>, 527 F.3d 41, 47 (2d Cir. 2008). Plaintiffs are still required to present evidence that they, in fact, have sustained a loss of their First Amendment freedoms, and will suffer another loss of such freedoms if the injunction is not granted. A showing of theoretical or conjectural harm is insufficient. <u>See</u> <u>Latino Officers Association v. Safir</u>, 170 F.3d 167, 171 (2d Cir. 1999).

Thus, Plaintiffs' ability to establish irreparable harm turns on whether they can demonstrate that defendants have impaired their Free Exercise rights by implementing the City and DOE Orders. In other words, "[b]ecause the violation of a constitutional right is the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury, Plaintiff must show a likelihood of success on the merits." <u>Turley v.</u>

Giuliani, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000).  As explained below, Plaintiffs are not likely to succeed on the merits with respect to their First Amendment claim.  Therefore, Plaintiffs have not sufficiently established that they are suffering an irreparable harm as result of a First Amendment violation.

### C.  The Fifth Circuit Decision in Sambrano Does Not Apply Here

Plaintiffs' now argue that they are suffering an irreparable harm because they are facing daily coercion to be vaccinated.  (See Pls.' Supp. Mem. at 19.)  Notably, Plaintiffs do not cite a single case in this Circuit that has granted a preliminary injunction based on this type of harm.  (See id. at 19-22.)  Instead, Plaintiffs cite to a Fifth Circuit decision to support this argument. (See id. citing Sambrano v. United Airlines, 2022 U.S. App. LEXIS 4347, No. 21-11159 (5th Cir. 2022).  While City Defendants disagree with the Fifth Circuit's decision and reasoning, Plaintiffs' summary of this case omits a key fact that clearly renders this case inapplicable.

Plaintiffs are correct that the Fifth Circuit recognized an irreparable harm based on an employer's alleged attempt to coerce its employees into vaccination that purportedly violates their sincerely held religious beliefs.  Id.  However, Plaintiffs omit the fact that the Plaintiffs in Sambrano were already provided a religious accommodation by their employer.  Sambrano at *4. Specifically, "[t]he employee could keep her job, but could not go to work, would not be paid, and would not receive company-paid benefits. To go back to work, the exempt employee had to get the COVID-19 vaccine. And if the employee would not, she could instead wait it out and start work again after the pandemic "meaningfully recedes" (which United guesses could be another "72 months" or so)." Sambrano at *4-5.  In other words, under the Fifth Circuit's holding, the employer in Sambrano had not provided a meaningful accommodation.  Unlike the Plaintiffs in Sambrano, here, City of New York employees whose religious accommodation requests were granted are currently on payroll and were provided with back pay for any period of time they were

placed on leave without pay status.  (See Affirmation of Eric Eichenholtz dated February 9, 2022 ("Eichenholtz Aff."), ECF No. 32-2, at ¶ 11.)  Therefore, the Fifth Circuit's decision is inapplicable because the employer in Sambrano sought to convince employees, whose religious accommodation requests were granted, to nevertheless become vaccinated, by placing them on unpaid leave as an accommodation.  Moreover, even if it was applicable this decision is non-precedential.

Accordingly, Plaintiffs' request for a preliminary injunction should be denied because they cannot establish that they are suffering an ongoing irreparable harm.

## IV.   THE VACCINE MANDATES ISSUED BY THE NEW YORK CITY DEPARTMENT OF HEALTH ARE NEUTRAL LAWS OF GENERAL APPLICABILITY

The Second Circuit has found that the DOE's Vaccine Mandate is neutral and generally applicable.  Kane v. De Blasio, Nos. 21-2678, 21-2711, 2021 U.S. App. LEXIS 35102 (2d Cir. Nov. 28, 2021).  The City Vaccine Mandates and DOE Vaccine Mandates are nearly identical documents, with the sole material difference that the City mandate applies to all City employees.  If fact, Plaintiffs have cited no case law that supports their assertion that for a law to be generally applicable it must apply to all people at all times.  In fact, the court in Kane, expressly rejected this argument.  Kane v. De Blasio, Nos. 21-2678, 21-2711, 2021 U.S. App. LEXIS 35102 (2d Cir. Nov. 28, 2021).  Plaintiffs cite cases where laws applied to everyone, but nothing setting forth that to be generally applicable a law *must* apply to all people at all times.

Plaintiffs also complain that, because an exemption process exists, the law is no longer neutral.  Not so.  "[A]n exemption is not individualized simply because it contains express exceptions for objectively defined categories of persons."  We the Patriots USA, Inc. v. Hochul, 2021 U.S. App. LEXIS 32880, at *14 (2d Cir. Nov. 4, 2021) (quoting 303 Creative LLC v. Elenis, 6 F.4th 1160, 1187 (10th Cir. 2021)).  Rather, there must be some showing that the exemption

procedures allow secularly motivated conduct to be favored over religiously motivated conduct. Id. Plaintiffs have made no such showing.

**A. Plaintiffs' Establishment Clause Claims Fail.**

Plaintiffs urge the court to apply the Larson test which applies to laws which have a "denominational preference," in order to trigger strict scrutiny review. See Larson v. Valente, 456 U.S. 228 (1982). However, Plaintiffs have not made any showing that the City's agency policies prefer one religion over another. In fact, City agencies are using Title VII standards to evaluate requests for religious accommodations. Plaintiffs claim, without support, that the City's Vaccine Mandate is "textually" infected with establishment clause violations. In fact, the vaccine mandates have been found to be constitutional by countless courts. See, e.g., Police Benevolent Association of the City of New York, Inc. et al. v. de Blasio, et al., Index No. 85229/20121 (N.Y. Sup., Rich. Cnty.)(City Order); In the matter of the Application of Andrew Ansbro, as President of the Uniformed Firefighters Association v. de Blasio, et al., Index No. 159738/2021, (N.Y. Sup, N.Y. Cnty) (City Order); In the matter of the Application of Correction Officers' Benevolent Association, Inc v. City of New York, Index No. 161034/2021 (N.Y. Sup, N.Y. Cnty) (City Order); Maniscalco v. N.Y. City Dept. of Educ., No. 21 Civ.5055 (BMC) (E.D.N.Y.) (DOE Order); Kane v. de Blasio, 21 Civ. 7863 (S.D.N.Y.) (VEC) (DOE Order); Keil v. The City of New York, et al., 21 Civ. 8773 (SDNY)(VEC) (DOE Order); The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., Index No. 158368/2021 (N.Y. Sup., N.Y. Cnty.) (DOE Order); Garland v. N.Y.C. Fire Dep't, No. 21 CV 6586 (KAM)(CLP), 2021 U.S. Dist. LEXIS 233142 at *22-23 (E.D.N.Y. Dec. 6, 2021); Broecker v. N.Y.C. Dep't of Educ., No. 21 CV 6387 (KAM)(RLM), 2021 U.S. Dist. LEXIS 226848, at *25 (E.D.N.Y. Nov. 24, 2021).

Moreover, nothing in the text of the City's Vaccine Mandates mentions a preference for one religion over another.  Indeed, they state that "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law"

Next, Plaintiffs point to comments made by former Mayor Bill de Blasio and Governor Kathy Hochul.  Neither of these individuals were or are involved in making decisions whether or not to grant religious accommodations.  In fact, when addressing this very question in *Kane*, the Second Circuit Court of Appeals found "these statements reflect nothing more than the Mayor's personal belief that religious accommodations will be rare, as well as 'general support for religious principles that [he] believes guide community members to care for one another by receiving the COVID-19 vaccine'."  Kane v. De Blasio, Nos. 21-2678, 21-2711, 2021 U.S. App. LEXIS 35102 (2d Cir. Nov. 28, 2021).

Finally, Plaintiffs point to the use of the "Scheinman Arbitration Standards" as violative of the Establishment Clause.  However, as noted supra, those standards remain because the respective unions asked for them in collective bargaining.  To the extent Plaintiffs take issue with the way their unions have collectively bargained, their recourse lies in alleging a breach of duty of fair representation against their unions, which they do not do here.  In any event, all City employees have the option to appeal to the Citywide Panel which utilizes Title VII standards and does not favor any religion.

As such, Plaintiffs have not properly alleged a violation of the Establishment Clause, much less established a likelihood of success on the merits.

**B.  Plaintiff's Free Exercise Clause Claims Fail**

City-employed Plaintiffs are being given greater protection than what is required under the First Amendment.  See Shrum v. City of Coweta, 449 F.3d 1132, 1143 (10th Cir. 2006) (McConnell, *J.*) ("[T]he mere failure of a government employer to accommodate the religious

needs of an employee, where the need for accommodation arises from a conflict with a neutral and generally applicable employment requirement, does not violate the Free Exercise Clause, as that Clause was interpreted in *Smith*.").  Here, City-employed Plaintiffs are entitled to an appeal which analyses their requests through the Title VII framework.  Under that framework, employers are not required to accommodate Plaintiffs in the way that they prefer.  We the Patriots USA, Inc. v. Hochul, Nos. 21-2179, 21-2566, 2021 U.S. App. LEXIS 33691 (2d Cir. Nov. 12, 2021).

Moreover, only Plaintiffs Curtis Cutler, Liz Delgado, Frank Schimenti, and James Schmitt have been denied accommodations.  To that end, employers are entitled to inquire whether an employee's objections to vaccination are religious in nature and whether they are sincerely held.  See United States v. Seeger, 380 U.S. 163, 185 (1965) ("[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case. It is, of course, a question of fact . . . ."); Sherr v. Northport-E. Northport Union Free Sch. Dist., 672 F. Supp. 81, 94 (E.D.N.Y. 1987) (finding that "although the Sherrs [were] clearly genuinely opposed to immunization, the heart of their opposition does not in fact lie in theological considerations [and accordingly,] their claims of a sincerely religious basis for their objections to inoculation are not credible").

Fundamental rights, such as First Amendment Rights under the United States Constitution, do not overcome the state interest in keeping the public at large safe and healthy.  Whitlow v. Cal. Dep't of Educ., 203 F. Supp. 3d 1079 (S.D. Cal. 2016), citing Prince v. Massachusetts, 321 U.S. 158 (1944).  The right to practice religion freely does not include liberty to expose the community or a child to communicable disease or the latter to ill health or death.  Prince, 321 U.S. at 166-67.  Courts have ruled time and again that compulsory vaccination is constitutional.  See Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905); see also Phillips v. City of N.Y., 775 F.3d 538, 542-43 (2d Cir. 2015); V.D. v. New York, 403 F. Supp. 3d

76 (E.D.N.Y. 2019) (challenges to vaccination mandates for children to attend school upheld); see also Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp 81, 83 (E.D.N.Y. 1987) ("It has long been settled that one area in which religious freedom must be subordinated to the compelling interests of society involves protection against the spread of disease.").

Moreover, in Phillips, the Second Circuit found that the Department of Education's compulsory vaccination mandate for students, which at the time still allowed for religious exemptions, did not violate the free exercise clause of the Constitution. Phillips v. City of N.Y., 775 F.3d 538 (2d Cir. 2015). The court also found that excluding unvaccinated children from school during an outbreak did not violate their constitutional rights under the Free Exercise Clause. Id. Courts have also upheld individual cases where a school board assessed whether parental requests for vaccination exemptions were based on objections not religious in nature. NM v. Hebrew Acad. Long Beach, 155 F. Supp. 3d 247 (E.D.N.Y. 2016) (holding that the Plaintiffs in that case held a sincere belief against vaccinating their child but that the belief was not related to their Jewish Orthodox religion, even as they interpreted it); Caviezel v. Great Neck Pub. Sch., 701 F. Supp. 2d 414 (E.D.N.Y. 2010) (Plaintiffs' personal beliefs that vaccinations were "not necessary" were not religious); Mason v. Gen. Brown Cent. Sch. Dist., 851 F.2d 47 (2d Cir. 1988) (denial of a Plaintiff's individual religious exemption does not make the mandatory vaccine mandate unconstitutional).

**C. The City's Vaccine Mandate is Constitutional on its Face, Plaintiffs' As-Applied Challenges also fail**

"A 'facial challenge' to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual[; whereas] [a]n 'as-applied challenge' . . . requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 174-175 (2d Cir. 2006)

(internal citations and quotation marks omitted). Plaintiffs contend that they challenge the Health Commissioner's Order and the City's exemption process both on a "facial" and "as-applied" basis. See Compl. ⁋ 3. "A 'facial challenge' to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual[; whereas] [a]n 'as-applied challenge' . . . requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 174-175 (2d Cir. 2006) (internal citations and quotation marks omitted). As discussed supra, the vaccination mandate is not, on its face, unconstitutional, as the court in Kane noted analyzing the DOE vaccine mandate. Kane v. De Blasio, Nos. 21-2678, 21-2711, 2021 U.S. App. LEXIS 35102 (2d Cir. Nov. 28, 2021). Because Plaintiffs essentially seek review of the determinations made in their own individual cases, there can be no doubt that their challenges are "as-applied." See Thomas v. City of N.Y., 143 F.3d 31, 34 (2d Cir. 1998) ("an Article III court cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks omitted).

Plaintiffs argue that because the City has a process by which to apply for religious accommodations, the City's religious accommodations processes are subject to strict scrutiny. This is not supported by the cases they cite. Specifically, Fulton and Bear Creek Bible Church both hold that when there is a process for exemptions for similar secular behavior, religious exemptions must be given the same benefit. See Fulton v. City of Phila., 141 S. Ct. 1868, 1881, (2021); Bear Creek Bible Church v. EEOC, Civil Action No. 4:18-cv-00824-O, 2021 U.S. Dist. LEXIS 210139 *70 (N.D. Tex. Oct. 31, 2021). Here Plaintiffs have not alleged that the religious exemptions are treated differently than similar secular exemptions. Plaintiffs have simply alleged that their requests for religious exemptions are either pending or have been denied. Notably, some Plaintiffs

have indicated that they know of other individuals who have had their religious exemptions granted which further belies their point that religious individuals are being singled out for disparate treatment. Moreover, and as made clear in the Eichenholtz Affirmation, requests for medical exemptions are extremely narrow, require documentation and are limited to whether the medical condition fits the CDC guidelines showing that vaccination is contraindicated. (See Eichenholtz Aff. at ¶ 30.) Employees who have not submitted a religious exemption or medical exemption have been terminated.

Finally, because certain Plaintiffs have not yet exhausted their accommodation appeals, their challenges to the vaccination mandate are both unripe and unfit for a preliminary injunction here.

**D. The Existence of the Arbitration Award Does Not Trigger Strict Scrutiny**

Plaintiffs grouse that because some employees, upon the denial of their accommodation request, are offered the choice between either the arbitration process or the Citywide panel option to appeal their agency's determination, the entire process is "infected" with religious animus. There no legitimate foundation for this claim. "[A]n individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." Katir v Columbia Univ., 15 F.3d 23, 24-25 (2d Cir. 1994). The remedy for an individual is to pursue a duty of fair representation claim against his or her union. See id. at 24-25; see also Velasco v. Beth Isr. Med. Ctr., 279 F. Supp. 2d 333, 336 (S.D.N.Y. 2003) (dismissing challenge to arbitration award on standing grounds); Blake v. Potter, 2004 U.S. Dist. LEXIS 6596, at *9 (S.D.N.Y. Apr. 12, 2004) (same). Here, Plaintiffs have not named their unions nor have they brought claims of breach of duty of fair representation. Union members are given a choice to take their appeal to the Citywide Panel or through the

arbitration process.  These options, their distinctions, and the collective bargaining process that led to their existence, simply do not give rise to any claim that strict scrutiny must attend their review.

### E.  The Mandate Does Not Violate Substantive Due Process Rights

"To state a substantive due process claim, a Plaintiff must plead that (1) 'a constitutionally cognizable property interest is at stake,' and (2) the defendant's alleged actions depriving her of that right were 'not merely incorrect or ill-advised,' but 'arbitrary, conscience-shocking, or oppressive in the constitutional sense.'"  Finn v. Anderson, 592 F. App'x 16, 20 (2d Cir. 2014) (summary order) (quoting Ferran v. Town of Nassau, 471 F.3d 363, 369-70 (2d Cir. 2006)).  A challenge to DOE's virtually identical mandate was rejected by Judge Cogan in this district and upheld by the Second Circuit.  Maniscalco v. N.Y. City Dept. of Educ., No. 21 Civ.5055 (BMC) (E.D.N.Y.) (Aff'd October 15, 2021). Plaintiffs here make neither showing. Indeed, their substantive due process claim is deficient on its face and should be dismissed by this Court on a Rule 12 motion.

Plaintiffs claim a violation of their substantive due process rights.  To succeed on this claim, they must meet an extremely high standard.  In particular, "substantive due-process rights guard against the government's 'exercise of power ***without any reasonable justification*** in the service of a legitimate governmental objective.'"  Tenenbaum v. Williams, 193 F.3d 581, 600 (2d Cir. 1999) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)) (emphasis added).  As a result, "'only the most egregious official conduct can be said to be arbitrary in the constitutional sense' and therefore unconstitutional.'"  Id. Plaintiffs, who allege that they are either awaiting a decision on their religious exemptions or have been denied a religious exemption to a vaccine mandate in a once-in-a-century pandemic in which almost one million Americans have died cannot meet that standard.

## V.      PLAINTIFFS' REQUEST FOR AN EVIDENTIARY HEARING SHOULD BE DENIED

Plaintiffs move this Court to hold an evidentiary hearing to resolve three issues. First, Plaintiffs seek a hearing to establish that it would not pose an undue hardship to the City of New York to accommodate them, and that they do not pose a direct threat to others due to their vaccine status. (See Declaration of Sujata S. Gibson dated February 18, 2022 ("Gibson Decl."), ECF No. 40-1, at ⁋ 5.)  Plaintiffs propose that the Court conduct a hearing with expert testimony to decide the efficacy of COVID-19 vaccines against the various COVID-19 variants.  This incredible request – that the Court entertain Plaintiffs' desired rollicking scientific debate as to issues already settled by reputable public health authorities and the courts themselves – should be denied.  When officials "undertake [] to act in areas fraught with medical or scientific uncertainties," their latitude "must be especially broad." (Roberts Concur.)  S. Bay United Pentecostal Church v. Newson, 140 S. Ct. 1613, 1613 (2020) (citing Marshall v. United States 414 U.S. 417, 427 (1974)).  Justice Roberts, concurring, also found in S. Bay that, "where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary" S. Bay United Pentecostal Church v. Newson, 140 S. Ct. 1613, 1613 (2020).  Here, Plaintiffs seek to second-guess the work of doctors, epidemiologists, and public health officials who have determined, based on sound science and study, that vaccination against COVID-19 serves as a singular and crucial public health initiative to staunch the spread of COVID-19 and prevent severe infection, disability, and death.

Furthermore, the threshold for establishing undue hardship for an employer when considering religious accommodation requests is slight.  As outlined by the United States Equal Employment Opportunity Commission ("EEOC"), requiring an employer to bear more than a "de minimis," or a minimal, cost to accommodate an employee's religious belief is an undue hardship. (See Eichenholtz Aff. at ⁋ 33.)  Therefore, it is even more unreasonable for Plaintiffs to request a

needless scientific hearing on an issue that the courts have agreed is within the wellspring of public health authorities and medical experts to determine.

      Second, Plaintiffs seek a hearing to establish that they will suffer irreparable harm by characterizing this dispute this as an issue of fact. (See Gibson Decl. at ¶ 6.) This is a clear mischaracterization. Whether or not Plaintiffs will suffer a irreparable harm is a question of law – not an issue of fact. City Defendants do not dispute the consequences of being terminated for failing to get vaccinated that Plaintiffs cite in their individual declarations. Instead, as explained above, City Defendants are relying on the well settled law that adverse employment consequences like the loss of income or employment do not constitute irreparable harm because such harms are compensable by monetary damages. Therefore, a hearing on the specific harms Plaintiffs allege is not required to decide Plaintiffs' motion for a preliminary injunction.

      Finally, Plaintiffs seek a hearing on their claim that the religious accommodation policies adopted by the City allegedly were riddled with animus and discrimination towards people with personally held religious beliefs. (See Gibson Decl. at ¶ 6.) However, Plaintiffs fail to explain what additional testimony is needed for the Court to consider this claim. (Id.) Plaintiffs submitted three exhibits to support their argument. (Id.) In fact, Plaintiffs already claim that they "submitted substantial evidence" on this point. (See Pls' Supp. Mem. at p 3.) Additionally, City Defendants previously filed the Affirmation of Eric Eichenholtz detailing the City's religious accommodation process and standards. (See Eichenholtz Aff.) Since Plaintiffs have not articulated why further testimony is needed, a hearing on this dispute would be needlessly cumulative and a waste of judicial resources.

      Accordingly, the Court should deny Plaintiffs' request for an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, and those provided in City Defendants' previous submissions and oral argument, Plaintiffs' motion for a preliminary injunction must be denied.

Dated:      New York, New York
            February 28, 2022

                        **HON. SYLVIA O. HINDS-RADIX**
                        Corporation Counsel of the
                          City of New York
                        Attorney for City Defendants
                        100 Church Street, Room
                        New York, New York 10007-2601
                        (212) 356-2549
                        (212) 356-2078
                        bhaider@law.nyc.gov
                        lminicuc@law.nyc.gov


                        By:    */s/ Bilal Haider  /s/ Lora Minicucci*
                               Bilal Haider and Lora Minicucci
                               Assistant Corporation Counsels