**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*



THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BILAL HAIDER**
Assistant Corporation Counsel
Labor and Employment Law Division
Phone: (212) 356-2549
Fax: (212) 356-3509
bhaider@law.nyc.gov

April 20, 2022

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 East Cadman Plaza
Brooklyn, New York 11201

   Re: New Yorkers for Religious Liberty, et al. v. City of New York, et al.
      22 Civ. 752 (DG) (VMS)

Your Honor:

  I am an attorney in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent defendants in the above-referenced matter. Pursuant to Your Honor's Status Report Order dated April 13, 2022, defendants respectfully submit this letter in furtherance of their objection to produce any witnesses for a deposition during this limited discovery period.

  By way of background, on March 29, 2022, the Honorable Diane Gujarati granted plaintiffs' request for discovery in connection with their motion for a preliminary injunction, but solely "in part, limited to discovery as to the Citywide Panel process as it relates to the individual plaintiffs in this action." (See Order dated March 29, 2022.) On April 11, 2022, pursuant to Your Honor's discovery scheduling order, defendants produced (1) all of the documents concerning plaintiffs' appeals in possession of the Citywide Panel, (2) a Citywide Panel spreadsheet showing each agency panel member votes for the plaintiffs' appeals that were already decided, and (3) an email thread between members of the Citywide Panel regarding the standards to be applied. On April 14, 2022, pursuant to Your Honor's Order dated April 13, 2022, defendants disclosed the names of the previously unidentified decisionmakers with respect to plaintiffs' appeals. As stated during the status conference held on April 13, 2022, defendants thus have produced all relevant and responsive documents in their possession.

  Plaintiffs' request to depose all Citywide Panel members involved in deciding their appeals should be denied. At the outset, plaintiffs' request far exceeds the narrow purpose of the limited discovery period permitted by the Court. Indeed, the Court explicitly limited discovery solely to assist its decision on plaintiffs' motion for a preliminary injunction. (See

Order dated March 29, 2022.)  Thus framed, plaintiffs are simply not entitled to conduct ten depositions as they proposed at the last discovery conference.[1]  To be clear, and as directed by Judge Gujarati, plaintiffs are strictly limited to discovery concerning the Citywide Panel process.  They are not permitted, at a nascent pre-discovery stage of the litigation, and bounded by this limited purpose in service of a threshold stay application, to the depositions of every Citywide Panel member involved in deciding their appeals.

Furthermore, plaintiffs' request to take ten depositions is grossly disproportionate to the current needs of the case – again, limited discovery for a preliminary injunction motion – with the burden of producing these decisionmakers for depositions far outweighing any likely benefit to plaintiffs.  As defendants repeatedly noted before Your Honor, the Citywide Panel members have already reviewed almost 3,000 religious accommodations appeals and will likely review at least another 3,000 before their work is finished; at deposition, these individuals would rely solely on the documents already produced to plaintiffs as related to their appeals.  These Citywide Panel members have no independent knowledge of plaintiffs' appeals apart from the documents that have already been produced.  Requiring their appearance for a deposition to simply read documents and attempt to reconstruct their reasoning is an undue burden and will not give plaintiffs any additional information that is not already in their possession.  In addition, members of the Citywide Panel continue to determine appeals, and probing their decision-making process at this time could jeopardize the integrity of the Citywide Panel process without yielding additional material information to plaintiffs.

Defendants further object to producing any witnesses to testify to the general practice of the Citywide Panel because this information is outside the scope of the Court's limited discovery Order. (See Order dated March 29, 2022.)  The Court explicitly stated it granted plaintiffs' request for discovery "limited to discovery as to the Citywide Panel process as it relates to the individual plaintiffs in this action."  Id.  This Order does not contemplate that plaintiffs would be permitted to seek discovery related to the general practice of the panel.  Instead, the purpose of this limited discovery period was for plaintiffs to obtain information related to their individual appeals.  Furthermore, as Judge Gujarati referenced during the March 25th conference, defendants already have set forth the Citywide Panel's process and the standards applied in reaching a decision on these appeals, as set forth in the Affirmation of Eric Eichenholtz dated February 9, 2022. (See Exhibit 2 annexed to the Declaration of Bilal Haider dated February 11, 2022, ECF No. 32-2.)  Had Judge Gujarati deemed this affirmation insufficient, she would have explicitly included these topics when permitting limited discovery.

For the foregoing reasons, defendants strongly object to the depositions of the Citywide Panel members.  Rather, and pursuant to Your Honor's request for a proposed deposition, based on the scope of the limited discovery articulated by the Court, defendants respectfully propose one Rule 30(b)(6) witness to sit for a two (2) hour deposition to provide testimony on the following topics:

    1.    The Citywide Panel's process of reviewing an appeal of an agency's religious accommodation denial

---

[1] Tellingly, ten depositions is the limit permitted to the parties without leave of Court.  See Fed. R. Civ. P. 30(a)(2)(A)(i),

2. The standards the Citywide Panel applies when reviewing an appeal of an agency's religious accommodation denial

Thank you for your consideration herein.

                                              Respectfully submitted,

                                              */s/ Bilal Haider*
                                              Bilal Haider
                                              Assistant Corporation Counsel

cc:    Counsel for Plaintiffs (via ECF)