# NELSON MADDEN BLACK LLP

475 Park Avenue South, Suite 2800
New York, New York 10016
Telephone: (212) 382-4300
nelsonmaddenblack.com

Jonathan R. Nelson (212) 382-4301
jnelson@nelsonmaddenblack.com

May 17, 2022

**By ECF**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *New Yorkers For Religious Liberty, Inc. et al. v. The City of New York et al.*
             Case No.: 22-cv-00752-DG-VMS

Dear Judge Gujarati:

    We represent the plaintiffs in the above-referenced case. We write in response to the letter request submitted on May 10 by Shi-Shi Wang, counsel for Roberta Reardon, the New York State Commissioner of Labor ("Commissioner Reardon"). For reasons stated herein, Plaintiffs oppose Defendant's request for leave to file a motion to dismiss Plaintiffs' complaint.

    The complaint in this matter names Commissioner Reardon as a defendant solely in her capacity as head of the Department of Labor of the State of New York, and not as an individual. The complaint alleges that New York City's numerous mandates compelling employees to accept vaccination against the COVID-19 virus violate their constitutional rights because they unfairly deny legitimate requests for religious exemptions. The Department denies requests for unemployment insurance ("UI") filed by employees who have been dismissed by their employers for failure to obey the mandates.

    The gravamen of Ms. Wang's proposed motion is that the complaint fails to allege sufficient facts to make Commissioner Reardon liable under any theory alleged therein. We were surprised that Ms. Wang thought so, but we were even more surprised when we reviewed our complaint.

    Until very shortly before we filed the complaint, it contained a separate count detailing Plaintiffs' allegations concerning a policy of the Department that denies applications for UI filed by persons who were terminated for failing to comply with employer vaccine requirements. It contained an allegation concerning Commissioner Reardon's responsibility for the policy, and reasons the policy violated the rights of employees who refused vaccination for religious reasons. Those allegations were inadvertently deleted from the final draft. If they had been included, they would have mooted most, if not all, of the arguments made in Ms. Wang's letter.

The website of New York's Department of Labor currently states the following (the "Policy") at https://dol.ny.gov/unemployment-insurance-top-frequently-asked-questions:

> **6. If a worker refuses to get vaccinated, will they be eligible for UI benefits?**
> Like all UI claims, eligibility will depend on the circumstances as each claim is unique and reviewed on a case-by-case basis. Workers in a healthcare facility, nursing home, or school who voluntarily quit or are terminated for refusing an employer-mandated vaccination will be ineligible for UI absent a valid request for accommodation because these are workplaces where an employer has a compelling interest in such a mandate, especially if they already require other immunizations. Similarly, a public employee who works in a public setting and is subject to a local government mandate to submit proof of vaccination or negative testing may be disqualified from the receipt of UI if they refuse to get vaccinated or tested. In contrast, a worker who refuses an employer's directive to get vaccinated may be eligible for UI in some cases, if that person's work has no public exposure and the worker has a compelling reason for refusing to comply with the directive.

Unvaccinated terminated City employees have also been denied UI benefits for "misconduct," while City entities have based dismissals on employer hardship despite sincere religious objections. Because UI decisions require government to make individualized assessments, such decisions are governed by the "strict scrutiny" test of *Sherbert v. Verner* when applicants claim that employers conditioned employment on violation of their religious beliefs. *See, e.g., Employment Div. v. Smith*, 494 U.S. 872, 884 - 885 (1990); *Fulton v. City of Philadelphia,* 141 S. Ct. 1868, 1877 (2021). To the extent, therefore, that the Department relies on employers' denials of religious accommodation and fails to make its own evaluations of each "valid request for accommodation" employing the *Sherbert* standard, its denials of UI violate applicants' constitutional rights.

Several of the Plaintiffs have now applied for UI and received denials from the Department. Some have appealed the denials administratively; others have not done so. Yet the Policy makes any such appeals futile, as it appears to rely on evaluations of any "request for accommodation" that were made by the employer, not by the Department. Standing to sue does not require plaintiffs to pursue frivolous appeals. *See, e.g.*, *Integrity Soc. Work Servs. v. Azar*, 2021 U.S. Dist. LEXIS 189334 (E.D.N.Y., Kuo, U.S.M.J.) *25 ff.; *Watergate II Apts. v. Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57 (1978) ("[t]he exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile") (citations removed).

None of the cases cited by Ms. Wang would prohibit the Plaintiffs, or other persons similarly situated, from suing Commissioner Reardon or the Department in federal court for

violations of rights deriving from the United States Constitution or other federal law. *Feng Li v. Lorenzo*, 712 Fed. App'x 21, 23 (2d Cir. 2017) ("If a complaint 'alleges an ongoing violation of federal law and seeks relief properly characterized as prospective,' then such injunctive or declaratory relief is not barred by immunity" (quoting *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002) (internal quotation marks removed))); *Deposit Ins. Agency v. Superintendent of Banks*, 482 F.3d 612, 617 (2d Cir. 2007) ("a plaintiff may sue a state official acting in his official capacity -- notwithstanding the Eleventh Amendment -- for prospective injunctive relief from violations of federal law") (internal quotation marks omitted); *Kelly v. N.Y. State Civil Serv. Comm'n*, 2015 U.S. Dist. LEXIS 27443, *6-7 (S.D.N.Y. 2015) ("suits against state officers seeking prospective injunctive relief are authorized by the Supreme Court's decision in *Ex Parte Young*").

Thus, Commissioner Reardon and the Department are not entirely exempt from potential liability to the Plaintiffs and other persons similarly situated. An amended complaint could, in theory, withstand all of the arguments raised against the current complaint in Ms. Wang's letter.

Rule 15(a)(1) permits a plaintiff to file an amended complaint as of right within twenty-one days after serving it, after service of a responsive pleading, or after service of certain motions made under Rule 12(b). This court has power to consider Ms. Wang's letter, and any oral argument thereon, as service of a Rule 12 motion. *See* Individual Practices 6, Sec. III.A.4. The spirit of the circumstances and of Rule 15 would authorize the Plaintiffs to file an amended complaint that would correct Plaintiffs' inadvertent error in preparing Plaintiffs' complaint. Rule 15 permits amendments to add parties, as well, which might moot Ms. Wang's complaints about the current Plaintiffs' standing. *See First Nat'l Bank & Trust Co. v. Fed. Deposit Ins. Co.*, 730 F. Supp. 501, 515 (E.D.N.Y. 1990).

Plaintiffs, therefore, respond to Ms. Wang's letter by asking leave of court to file an amended complaint within twenty-one days after entry of an order to that effect. This would benefit the defendants by giving them a renewed opportunity to answer Plaintiffs' complaint, mooting the City Defendants' default in pleading, and would save Commissioner Reardon and her lawyers the time and expense of preparing and filing a motion that would be mooted by the amended complaint. It would benefit the Court, as well, by streamlining the parties' argumentation and pleading.

Respectfully submitted,

*/s/ Jonathan Robert Nelson*

_____
Jonathan Robert Nelson (JN-8796)
Nelson Madden Black LLP
*Counsel for Plaintiffs*
475 Park Avenue South, Suite 2800
New York, NY 10016
(212) 382-4300

cc: Counsel of Record (via ECF)