```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
NEW YORKERS FOR RELIGIOUS     :  22-cv-00752(DG)(VMS)
LIBERTY, INC., ET AL.,        :
                              :
          Plaintiffs,         :
                              :
    - versus -                :  U.S. Courthouse
                              :  Brooklyn, New York
THE CITY OF NEW YORK, ET AL., :
                              :  May 18, 2022
          Defendants          :  2:32 p.m.
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**
**(VIA VIDEO/AUDIO)**


<u>**For the Plaintiffs**</u>:   **Jonathan R. Nelson, Esq.**
                       **Barry Black, Esq.**
                       **Sarah E. Child, Esq.**
                       Nelson Madden Black LLP
                       475 Park Avenue South, Ste 2800
                       New York, NY 10016


<u>**For the Defendants**</u>:  **Bilal Haider, Esq.**
                       **Lora Minicucci, Esq.**
                       NYC Law Department
                       100 Church Street
                       New York, NY 10007

                       **Sujata S. Gibson, Esq.**
                       Gibson Law Firm, PLLC
                       832 Hanshaw Road, Suite A
                       Ithaca, NY 14850


<u>**Transcription Service**</u>: Transcriptions Plus II, Inc.
                        61 Beatrice Avenue
                        West Islip, New York 11795
                        RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1 THE COURT: This is *New Yorkers for Religious*
2 *Liberty, Inc. v. City of New York,* 22-cv-752.
3 So I think my deputy was getting the
4 appearances. Do you have everybody?
5 THE DEPUTY: Yes, Judge. Currently we have the
6 appearances for counsel and we also have a number of
7 plaintiffs that appear to be joining the call as well.
8 THE COURT: All right. That's fine. Let's
9 just get, counsel, your appearances.
10 MR. NELSON: Jonathan Nelson for plaintiffs.
11 MR. BLACK: Barry Black for plaintiffs.
12 MS. CHILD: Sarah Child on behalf of the
13 plaintiffs.
14 MR. HAIDER: Bilal Haider on behalf of the
15 defendants.
16 MS. MINICUCCI: Lora Minicucci on behalf of the
17 city defendants.
18 THE COURT: All right. Anybody else? Do we
19 have somebody for the state? No? Okay. All right.
20 Look, if you're not somebody who's speaking, if you could
21 please put your phone on mute? We're picking up some
22 background noise here. It's helpful if it's quiet.
23 So we are having this conference to check in on
24 the progress and scheduling a 30(b)(6) deposition. And
25 then also to see if there are any outstanding issues or

3

Proceedings

1  anticipated issues with regard to discovery in the
2  limited form that was permitted by the district judge for
3  the preliminary injunction.
4         So let me first hear from plaintiff's counsel,
5  then defendant's counsel, and then I'll see wherever it's
6  going to go.  All right.  For the plaintiff?
7         MR. NELSON:  Sure.  Your Honor, Jonathan Nelson
8  for the plaintiffs.
9         I'd like to just sort of given an introduction
10 as to where we are.  And then we think there are some
11 issues that are likely to be in need of decisions and my
12 co-counsel, Barry Black, will be addressing those.
13        We have spoken with counsel for the City, Bilal
14 Haider, and have agreed upon a date of Thursday, May 24
15 for the commencement of these depositions, or this
16 deposition, whichever.  We requested that we convene at 9
17 a.m. on that date in our office conference room.  And I
18 don't think there's an issue with respect to the time but
19 the location will be an issue that will need to be
20 resolved.
21        The city has agreed that they will designate
22 one or more witnesses to be departments in the 30(b)(6)
23 deposition.  They've indicated an intention to do it with
24 one.  That also I think is going to be a topic to be
25 discussed and my co-counsel will handle that.

						4
Proceedings

1     But we do ask that the deponent be identified
2  hopefully in this call or perhaps tomorrow will be soon
3  enough so that we can know how to prepare.
4     So then there is going to be an issue as to the
5  amount of time that may be spent at the deposition.  We
6  have no interest in prolonging any depositions.  All we
7  wish to make sure is that we get completeness in the
8  limited discovery that we are allowed.  And so I think
9  that describes the extent of the conversations we've had
10 so far and exceeds it to some extent with Mr. Haider.
11 Barry Black will be discussing some of the arguments that
12 we'd like to make in support of the kind of way that the
13 deposition ought to be conducted.
14     THE COURT:  All right.
15     MR. BLACK:  Good afternoon, your Honor.
16     THE COURT:  So what are the issues?  Your
17 concern is what?  The place for the deposition and what
18 else?
19     MR. BLACK:  The number of deponents, your
20 Honor, is not clear to us at all based on the order, the
21 Court's order.  And if I may be heard on that briefly, I
22 would like to go forward.
23     THE COURT:  One 30(b)(6) deposition and it is
24 however many deponents the defendants need to satisfy the
25 scope of the depositions which it would be helpful if

Proceedings

1  they would let you know if they know.  So --
2          MR. BLACK:  Your Honor, there is in that,
3  however, some un-clarity because the citywide panel is
4  neither an agency nor an organization.  It is a panel put
5  together from three separate agencies.  And defendants
6  have argued, have stated in sworn statements that they
7  are three independent agencies with independent people
8  making independent decisions which they then essentially
9  vote independently and drop their ballot in an inbox.
10 And that constitutes the decision on every religious
11 exemption application.
12         Now the heart of the problem here, your Honor,
13 is this.  Your Honor is aware of the fact that the reason
14 we're even engaging in expedited discovery of any sort is
15 because we have had a very difficult time determining the
16 process, the citywide panel process.  This was evident in
17 the *DOE* case, *Kyle v. the City of New York*.  This is
18 becoming increasingly evident here now.  We have
19 essentially a black box, or as the case may be three
20 separate black boxes, in which things are happening.
21         Now this is an important case that involves
22 obviously constitutional questions.  And because it's a
23 constitutional case, your Honor knows that the
24 preliminary injunction, the four prongs of the PI,
25 essentially water down to one question and that's the

1   likelihood of success on the merits.  The likelihood of
2   success on the merits in turn, your Honor, hinges on
3   whether this is strict scrutiny or outside of the
4   constitution pursuant to *Smith*.  And that can only be
5   determined if we know what happens inside the citywide
6   panel's black box.  That's what this is all about.
7   That's why we're having discovery.  But if we only get
8   the -- if we get one person, one 30(b)(6) person,
9   deponent, who is supposedly speaking on behalf of
10  everyone, we know very little.  We don't know what each
11  one of these three agencies for each one of the nine
12  people --
13              THE COURT:  I'm not sure why you think it's
14  okay to re-argue.  I told you you could have a 30(b)(6)
15  witness on the questions that were identified in the
16  order.  And it's up to the defendants to nominate the
17  appropriate witness or witnesses to satisfy the
18  obligations to provide the information.  That needs to
19  happen.  And it doesn't really matter what you think
20  should happen in terms of who those witnesses need to be
21  until you have at least tried to go forward on the
22  witness or witnesses nominated by the defendants.  So I
23  don't see how, given the posture of this case, you're in
24  a position to be making the arguments you've made since I
25  already decided what the scope of the deposition could be

Proceedings

1 and it was not going to be member of the panel by member
2 of the panel because of their membership which is
3 basically what you're suggesting based on the agencies.
4 So you're not getting more discovery right now until, at
5 least on the 30(b)(6) point, until the deposition happens
6 and there actually is a problem which is not where we're
7 at right now.  So that is not happening now.
8          So your other issues seem to be the location
9 and I don't know what else.
10          MR. BLACK:  So your Honor, I fully get that.
11 I'm not looking to re-argue and I'm accepting the
12 Court's, of course, the Court's ruling.  I'm just trying
13 to understand which agencies a 30(b)(6) would be
14 reporting to --
15          THE COURT:  That's up to the defendants.  And
16 then if it turns out that the witness or witnesses do not
17 have a satisfactory level of information, expertise,
18 whatever it is that's required to answer these questions,
19 then you can raise it.  But you don't know that yet.  You
20 haven't done the deposition.  You haven't even had them
21 identified.  I will in a minute ask the defendant's
22 counsel when they expect to know who's going to be
23 speaking on behalf of the defendants for the 30(b)(6)
24 deposition, but we're not there yet.
25          MR. BLACK:  Okay.

8

Proceedings

1  THE COURT: So what else? The place? Is this
2 really in dispute?
3  MR. BLACK: Well the issue with the place
4 really hinges on the question of whether it's going to be
5 remote or in person. We have a very strong preference
6 for deposing the individual in person. The defendants
7 have indicated they'd like to do it remotely and we would
8 object to that.
9  THE COURT: All right. I'm just going to tell
10 you my position throughout the pandemic has been if
11 there's anybody who needs to participate in the
12 deposition who for personal health reasons, whatever it
13 is, wants to do it remotely, then the deposition is
14 conducted remotely. And the people who need to
15 participate are to counsel, the witnesses, the parties,
16 and the court reporter. So you can poll each side and if
17 you come to a unified position that this should happen in
18 person, that everyone's okay with that, fine. But if
19 there's somebody who needs to participate who is one of
20 the people who can be attending, then the deposition is
21 remote. And that's the baseline rule here. Given that
22 this is an informational essentially deposition, it's not
23 a case in which the credibility of a person is
24 immediately at the forefront of the testimony in
25 30(b)(6). Somehow some issue arises, then you can deal

9

Proceedings

1  with it.  We'll figure it out.  So it doesn't matter.
2  Whatever the circumstance is given that standard, that's
3  what the deposition is.
4         All right.  So you have I think the other
5  question at least that was identified, and I will ask the
6  defendants now, is when do you think you'll know who the
7  witnesses are and what -- it could be one witness, that's
8  fine if that is the person, but who the witness or
9  witnesses is or are and what they're going, he, she, they
10 are going to be speaking about with regard to the topics.
11 For the defendant?
12        MR. HAIDER:  Bilal Haider for defendants.  Your
13 Honor, I just want to point -- I think Mr. Nelson at the
14 beginning misspoke.  We are scheduling the deposition for
15 next Tuesday, not Thursday.  So next Tuesday, June 24th.
16        THE COURT:  May 24th, Tuesday.
17        MR. HAIDER:  I guess we're getting all the
18 dates -- yes, May 24th on Tuesday.
19        THE COURT:  All right.  Mr. Nelson, was that
20 your understanding or were you planning on the Thursday?
21        MR. NELSON:  No, no, your Honor.  Mr. Haider is
22 correct.  I misspoke.
23        THE COURT:  All right.  So you're on board.
24 9 o'clock next Tuesday.  It can be in person if
25 everybody's on board.  If not, it's remote.  Okay.

```
                                                              10
                         Proceedings
```

1          So back to the question about who the witness
2   or witnesses are going to be.  When will you know and
3   identifying the general areas of testimony if it's more
4   than one person?
5          MR. HAIDER:  Your Honor, we are most likely,
6   almost 100 percent, going to identify or nominate Eric
7   Eichenholtz from the Law Department.  He is the
8   individual who submitted an affirmation that's on the
9   docket discussing the citywide panel.  He is a member, a
10  voting member of the citywide panel.  In fact, he did
11  provide a vote and was a part of the deliberation for
12  some of the plaintiffs here in this case.
13         We do have some concerns with nominating him
14  given that he is also a fact witness and clearly was in
15  your Honor's order, plaintiff may not require as to their
16  reasons each plaintiff appealed -- excuse me, for the
17  citywide panel members' reasons.
18         THE COURT:  Right.
19         MR. HAIDER:  Our concern is that clearly direct
20  questions are obvious to fraud and we're outside the
21  scope and I don't believe plaintiffs intend to ask.  But
22  when a Rule 30(b)(6) is also a fact witness, there could
23  be hypothetical questions or indirect questions that are
24  actually touching on fact questions, you know, that are
25  actually touching --

```
                                                                11
                          Proceedings
 1            THE COURT:  Yes.
 2            MR. HAIDER:  And so we have some concerns, but
 3   Eric Eichenholtz, in terms of knowledge to address the
 4   two topics, which is the citywide panel's process and the
 5   citywide panel standards, is really the best, the most
 6   suited person here.  And we really can't think of someone
 7   who would have that information including the ability to
 8   testify as to the other agencies because part of our
 9   responsibility is to provide someone who has knowledge
10   and we have time to confirm or gather any additional
11   knowledge or information we need from the other agencies.
12   So Eric Eichenholtz is the best person.  We just want to
13   flag for the Court and even plaintiff's counsel the
14   concerns we have that we are staying within the limited
15   scope of discovery here.
16            THE COURT:  So it seems to be a topic that
17   would be -- or if counsel having a conversation about at
18   least the order of the deposition because what I would
19   not like to see happen is things become contentious over
20   whether certain questions can be asked and answered based
21   on these or other related concerns.  So to the extent
22   that this is an issue, and this really depends on
23   whatever the plaintiffs are going to try to cover, want
24   to cover, you know, what customs you see as being
25   appropriate in terms of covering the topics that you're
```

Proceedings

1   allowed to cover but maybe you can come to some rough
2   outline of what this is so that you put the potentially
3   more challenging topics or kind of questions together or
4   at a point where you could deal with them.  Let me just
5   look at Tuesday.  All right.  Let me pull up my calendar.
6   You know, we're generally here.  Hopefully you can work
7   out any disputes that you have, but if you can't, you
8   could call.  What I wouldn't want to see you do is bust
9   the deposition over disagreements about these kinds of
10  issues if they come up.  And we don't know.  And I'm not
11  asking the plaintiff to identify your questions now.  I
12  think this is something that you could come to a working
13  plan to deal with.
14              So I'll just tell you I heard you're starting
15  at 9.  I would be unavailable after 4:30 if you are going
16  to try to call in.  I'm sure you're not going to plan on
17  that but just so you know.
18              All right.  That's an issue.  It's going to be
19  an issue here and it's an issue because of who your
20  witness is.  So just have to plan and if you can
21  communicate about it, that would be go.
22              All right.  What are the other -- are there
23  other issues from plaintiff's side and then other issues
24  from defendant's side with regard to this deposition?
25              MR. HAIDER:  Your Honor, Bilal Haider again.  I

                                                                13
                           Proceedings

1   just wanted to add on the -- I understand your position
2   with respect to depositions.  I just want to note that we
3   had emailed plaintiff's counsel an hour ago.  Obviously
4   it's short notice.  We haven't had a response.  But we're
5   requesting to have the deposition remote and we didn't
6   state the reason but here, your Honor, there are members
7   of our team who have concerns especially considering that
8   New York City has increased the level of COVID-19 from
9   medium to high and some of us have family members who are
10  not eligible for vaccination for other reasons.  So
11  that's our reason for our request to conduct it remotely.
12            We also had another issue that we flagged is
13  that to the extent that we do go forward with the remote
14  deposition, we are asking that the participants be
15  limited to the attorneys and the parties.  In other
16  words, unlike here where there are many people here on
17  the line which is obviously okay, we just request that
18  for the deposition, for whatever platform we use, that it
19  not be open or disseminated to the general public.
20            THE COURT:  The transcript or what?
21            MR. HAIDER:  No, not the transcript, your
22  Honor.  We're not asking to mark that confidential.
23  We're asking for the -- assuming we go forward with the
24  remote deposition using a video platform that there are
25  not 200 people on that, for instance, Zoom meeting or

Proceedings

14

1 whatever platform is being used.  And I'm referring to
2 non-attorneys and non-parties.
3             MR. NELSON:  Your Honor, (indiscernible) --
4             THE COURT:  You're breaking up.  You're
5 breaking up, counsel.  Say it again.
6             MR. NELSON:  This is Jonathan Nelson on behalf
7 of plaintiffs.  We have no objection to that so long as
8 we're talking about the actual (indiscernible) itself on
9 Tuesday.  Because it's a video deposition, there will be
10 a video record of it of course as well as a transcript
11 that is taken down by the court reporter.  And we would
12 contend that the video as well as the transcript that is
13 eventually prepared are both public documents and should
14 be available to persons other than the parties.  We are
15 after all attempting to make this a class action so we
16 may end up having thousands of people who are going to be
17 interested in the outcome of the lawsuit.  So with that
18 caveat, I have no -- plaintiffs have no objection to the
19 request that the Zoom session itself be limited to
20 attorneys and parties and the court reporter.
21             THE COURT:  All right.  So what's the
22 defendant's view?  You're fine with the transcript being
23 a public document.  What about the video of the
24 deposition if one is created?
25             MR. HAIDER:  Your Honor, I haven't considered

                                                                    15
                            Proceedings

1    that yet.  I was more focused on the day of in terms of
2    who would be present.  I just reserve the right to have
3    further argument.  I don't have a position at this point.
4            THE COURT:  All right.  That's fine.  So this
5    deposition is going to be conducted remotely given the --
6    unless there's a change in the defendant's position,
7    given that there are members of the defense team that do
8    not want to do this in person.  So it's remote.  A mutual
9    understanding is that the transcript can be made public.
10   And right now the working assumption is the video could
11   be but if somebody, sounds like it might be the
12   defendants, raise an issue as to the dissemination of the
13   video, then if you can't come to an agreement then you
14   can raise the issue.
15           All right.  But you need to just make sure you
16   coordinate as to using whatever platform you're using
17   that is mutually available to the appropriate parties and
18   lawyers on each side and whatever technology is being
19   used to achieve whatever goal it is you want with regard
20   to if a video is created or not.
21           All right.  Any other logistical issue with
22   regard to this deposition?
23           MR. HAIDER:  Your Honor, Bilal Haider.  Just
24   one last thing.  Just to express a concern that we expect
25   that there will only be one attorney on plaintiff's side

16<br>Proceedings

1  to be asking questions?  Meaning, you know, the witness
2  will not be subjected to consecutive questions by
3  multiple questioners.  It's not something I've raised
4  with plaintiff's counsel, so perhaps plaintiff's counsel
5  can express their point, but that's just a concern we
6  have.
7              THE COURT:  All right.  Why don't you save that
8  for you having a conversation about how it's going to be
9  done.  You know, there may be a reason that it makes
10 sense to have more than one.  Maybe this logically breaks
11 into two parts.  It shouldn't be rapid fire from two
12 different lawyers talking over each other or alongside
13 each other.  That would not be helpful.  But I don't know
14 and I'm not asking yet what the plaintiffs' plan is.  And
15 so when you know, I think it would be helpful to have a
16 conversation in the next day or two about how the
17 deposition is going to be conducted.  Again, if you can't
18 agree, let me know.
19             All right.  Plaintiffs, any issues with regard
20 to the logistics?
21             MR. NELSON:  Jonathan Nelson on behalf of the
22 plaintiffs, your Honor.  No, no more issues to be raised
23 at this time.
24             THE COURT:  Okay.  So if there's somebody who's
25 not speaking, if you don't mind muting yourself because

                                                                17
                            Proceedings

1  we're picking up some background noise.
2            All right.  So obviously the question about
3  whether this deposition, Mr. Eichenholtz is a witness is
4  satisfactory is something that needs to be assessed as
5  the deposition concludes and you figure out what your
6  respective positions are as to whether he had the
7  appropriate level knowledge, et cetera.
8            Is there other discovery that still needs to be
9  addressed?  Only talking about discovery related to the
10 preliminary injunction as permitted by the district
11 judge.
12           MR. NELSON:  Your Honor, there is one point
13 that actually we have not yet raised with Mr. Haider, but
14 there has been another denial of a plaintiff's claim and
15 that is Mr. Pilet.  And so it would be appropriate for
16 the -- to the extent that information about the persons
17 who were involved in the adjudication of that denial have
18 not yet been disclosed, we would request an update.
19           THE COURT:  That's Dennis Pilet, P-I-L-E-T?
20           MR. NELSON:  Yes, your Honor.
21           THE COURT:  All right.  So this is just -- make
22 sure that I'm understanding it.  This is when you had
23 discussed the documents that were being disclosed there
24 were two people whose information was being withheld
25 because they were still in the appellate process.  Is

                                                                18
                            Proceedings

1    that right?
2               MR. NELSON:  That's exactly right, your Honor.
3               THE COURT:  He's one of the two?  Okay.  All
4    right.  So defendants, you know, this is short notice on
5    this question.  If you want to respond now you can.
6    Otherwise, say tomorrow or the next day get in touch with
7    plaintiff and let them know what your position is.  But
8    if you have something that you'd like to respond now,
9    that's fine.
10              MR. HAIDER:  Your Honor, Bilal Haider.  That's
11   the first we were aware of that.  We'll obviously produce
12   any further information consistent with how we previously
13   produced the other plaintiff's denial.
14              THE COURT:  All right.  Other issues on the
15   plaintiff's side that are ripe at this time?
16              MR. HAIDER:  No, your Honor, there are no more
17   issues on the plaintiff's side.  We thank the Court.  We
18   thank opposing counsel.
19              THE COURT:  All right.  How about for
20   defendants, anything?
21              MR. HAIDER:  Nothing further, your Honor.
22   Thank you.
23              THE COURT:  Okay.  So it would be helpful if
24   you would update me in your progress in the outstanding
25   issues say by next Thursday.  If it's all done, you just

```
                                                                19
                           Proceedings
 1   let me know.  This is both for me so Judge Gujarati can
 2   know where you all are with discovery.  But if there are
 3   outstanding issues, you can flag them and then if we need
 4   to have a conference, we'll schedule a conference.  If
 5   not, we won't.  Okay.  All right.  Thanks, everybody.
 6   Take care.
 7            MR. NELSON:  Thank you, your Honor.
 8            MR. HAIDER:  Goodbye.
 9                      (Matter concluded)
10                            -oOo-
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

20

# C E R T I F I C A T E

       I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

       I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

       IN WITNESS WHEREOF, I hereunto set my hand this **22nd** day of **May**, 2022.

*Mary Greco*
Transcriptions Plus II, Inc.