GIBSON LAW FIRM, PLLC  NELSON MADDEN BLACK LLP
Sujata S. Gibson, Esq.  Barry Black, Esq.
831 Hanshaw Rd., Suite A  475 Park Ave. S., Suite 2800
Ithaca, NY 14850  New York, NY 10016

May 26, 2022

**By ECF**
Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

  Re: *New Yorkers for Religious Liberty, Inc., et al. v. City of New York, et al.* 22-cv-00752

Dear Judge Scanlon:

  We are counsel of record for the plaintiffs in the above-referenced case. In accordance with the Court's instruction, we write on behalf of all parties regarding the status of preliminary expedited discovery. Please find the parties' positions below.

  **Whether additional depositions are needed at this time.**

  Plaintiffs' position:

  First, Plaintiffs take the position that given the urgent nature of their pending preliminary injunction motion, and the serious ongoing harm that Plaintiffs are suffering, equity requires them to refrain from requesting further deposition discovery at this stage, though Plaintiffs do not waive their right to request further expedited discovery should the need arise.

  Defendants' position:

  Defendants agree that no further deposition discovery is necessary or required.

  **Production of documents identified during Rule 30(b)(6) deposition.**

  Second, Defendants' Rule 30(b)(6) witness made admissions in his deposition on Tuesday concerning relevant documents that are responsive to Plaintiffs' initial discovery demands but which Defendants have failed to produce or disclose in their written responses. Plaintiffs have provided this list to opposing counsel (attached hereto as Appendix A) and respectfully ask this Court to issue an order requiring the City Defendants to produce the documents by no later than 2:00 p.m. tomorrow, Friday, May 27, 2022. Once these documents are received, Plaintiffs respectfully reserve the right to seek leave to pose additional questions to the Defendants' Rule 30(b)(6) witness or others if necessary.

  Defendants' position:

  Defendants state that no further discovery is necessary or required in connection with Plaintiffs' motion for a preliminary injunction. Plaintiffs have already served discovery requests, to which Defendants promptly responded, and deposed a Rule 30(b)(6) witness for the full seven hours allotted by the Federal Rules. Despite that, Plaintiffs served another set of discovery requests, along with the intitial draft of this joint letter, at 4:19 PM today. While these requests appear to be related to the Rule 30(b)(6)

deposition that was conducted on Tuesday, May 24, it is defendants' position that such additional requests are not permitted by the Court's order governing the limited discovery at this preliminary stage of litigation. Defendants have provided both the documentary and testimonial evidence required by the Court's orders in connection with plaintiffs' preliminary injunction motion and therefore respectfully request that no further discovery on that motion be permitted.

**Panel spreadsheet information on Plaintiff's appeals.**

Third, Plaintiffs request that information related to the disposition of the appeals of Plaintiffs Dennis Pillet – as previously ordered by the Court – and Brendan Fogarty, who was forced into retirement before he got his Citywide Panel determination to protect his pension value, be provided forthwith.

Defendants' position:

Defendants will produce responsive documents related to plaintiffs Dennis Pillett and Brendan Fogarty consistent with Your Honor's previous Order.

Plaintiffs believe that a short discovery conference with the Court could be helpful to resolve these issues. Defendants state that no conference in necessary.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Sujata S. Gibson
Counsel for Plaintiffs

/s/ Jonathan Robert Nelson
Counsel for Plaintiffs

/s/ Bilal Haider
Bilal Haider
The City of New York Law Department
Counsel for City Defendants
100 Church Street
New York, NY 10007

Encl.: Appendix A – List of documents identified at deposition

cc: Counsel of Record (via ECF)

# LIST OF DOCUMENTS IDENTIFIED AT RULE 30(b)(6) DEPOSITION

1. Records, if any, of virtual conversations and meetings organized and conducted by DCAS in October, 2021 among persons involved in the organization of New York City's reasonable accommodation process, as discussed on pages 18-21 of the "rough draft" of the Rule 30(b)(6) deposition, including without limitation, the high-level PowerPoint presentation prepared by DCAS and invitations to such meetings. (See April 6 Document Demand #1.)

2. Redacted copy of model "grant" letter referenced in Eichenholtz email as discussed on page 145 of the "rough draft." (See April 6 Document Demand #1.)

3. Written materials distributed to panel members concerning the connections, if any, among use of aborted fetal cells and any commercial products including, without limitation, Tylenol, ibuprofen, and Pepto Bismol, as discussed on pages 209 – 210 and preceding pages of the "rough draft". (See April 6 Document Demand #1.)

4. Information provided to the Citywide Appeals Panel or its members concerning the existence, availability, and usage of remote work sites for Department of Education employees, as discussed on page 260 and preceding pages of the "rough draft." (See April 6 Document Demands #1, 6.)

5. Copies of redacted communications sent on behalf of the Citywide Appeals Panel to the City's agency employers, as discussed on page 274 and preceding pages of the "rough draft." (See April 6 Document Demands #1, 6.)