```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
NEW YORKERS FOR RELIGIOUS     :
LIBERTY, INC., et al.,        :    22-CV-752 (DG)(VMS)
          Plaintiff,          :
                              :    June 15, 2022
                              :
          V.                  :    Brooklyn, New York
                              :
CITY OF NEW YORK, et al.,     :
                              :
          Defendant.          :
------------------------------X
     TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
         BEFORE THE HONORABLE VERA M. SCANLON
            UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          SUJATA GIBSON, ESQ.
                            Gibson Law Firm PLLC
                            832 Hanshaw Road, Suite A
                            Ithaca, NY 14850

For the Defendant:          BILAL HAIDER, ESQ.
                            NYC Law Department
                            100 Church Street
                            New York, NY 10007

                            SHI-SHI WANG, ESQ.
                            Assistant Attorney General
                            28 Liberty Street, 17th Floor
                            New York, NY 10005

Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            274 Hovey Road
                            Milo, ME 04463
                            Aria@leinen.net


Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  This is 22-CV-752, New Yorkers
 2   for Religious Liberty, Inc. v. City of New York.
 3              Let's start with the appearances and who is
 4   on this call.  Let's start with the plaintiff.
 5              MS. GIBSON:  Your Honor, this is Sujata
 6   Gibson, and I'm here with Barry Black.  We're appearing
 7   for the plaintiffs.
 8              MR. BLACK:  Good morning, your Honor.
 9              THE COURT:  Hello.
10              All right, and then who else is on?
11              MR. HAIDER:  Good morning, your Honor.
12   Bilal Haider on behalf of the corporation counsel for
13   the city defendants.  Along with me is Laura Minicucci.
14              THE COURT:  Okay, so --
15              MS. WANG:  Sorry.  Also here is Shi-Shi
16   Wang, Assistant Attorney General, appearing for the
17   state defendant, Commissioner Roberta Reardon of the
18   New York State Department of Labor.
19              THE COURT:  Okay.  I think that gives us
20   eight.  Who else is on the line?  There may be interns.
21   Are there any parties on the line?
22              MS. GIBSON:  Not that I'm aware of, your
23   Honor.  This is Sujata Gibson.
24              THE COURT:  Okay.
25              THE CLERK:  Yes, Judge.  I asked -- there
```

1   were some parties that were on the line when the call
2   initially started.  I asked them to place themselves on
3   mute.
4   　　　　　THE COURT:  Okay, all right.  This is a
5   conference to talk about a settlement process but since
6   I don't know everybody who's on the line, just as a
7   caution for the lawyers and anybody else who is
8   speaking -- it's up to you but you may not want to talk
9   about your particular positions.  We'll stay on the
10  record for now.
11  　　　　　We're having this call for two reasons.  One
12  is to talk about the settlement process and see if
13  there's a schedule that could work that's based on the
14  district judge's request that we have this.  Also,
15  Judge Gujarati asked that we touch base about the
16  briefing.  Let's talk about the settlement process
17  first and then the briefing process towards the end.
18  　　　　　These are general questions.  I'm not asking
19  anybody for their particular position on the record,
20  but have you had settlement discussions or are we
21  starting at the beginning of this process, plaintiffs
22  and defendants?  And the state -- obviously, you can be
23  heard but I think the bigger part of this involves the
24  city.  So let's go plaintiffs, defendants for the city,
25  and then the state.

```
 1              MS. GIBSON:  Your Honor, we have not -- this
 2   is Sujata Gibson.  We have not formally engaged in
 3   settlement discussions, although counsel for the city
 4   defendants had indicated that they didn't think that
 5   mediation would be fruitful or a settlement available.
 6              THE COURT:  Well, you're here from the
 7   district judge's instruction.
 8              For the city, have you had any
 9   conversations?
10              MR. HAIDER:  Your Honor, Bilal Haider.  No,
11   we have not had any discussions other than me
12   referencing in an email that I don't believe that
13   mediation would be fruitful here.  I also expressed
14   that in a conversation with Jonathan Nelson.  I'm not
15   sure what there is necessarily to mediate in this
16   matter.
17              THE COURT:  Well, I can imagine a lot of
18   things, but we'll see where we get.  I think some of
19   this -- as the litigation has been going on for a
20   little while, there may be circumstances that evolve
21   over the course of the case.
22              And for the state, anything?
23              MS. WANG:  Hi, your Honor.  No, I have not
24   spoken with plaintiffs regarding settlement.  I
25   actually wasn't entirely sure if the district court's
```

1  order was directed at the state defendant.  I'm still
2  unsure.
3              THE COURT:  Yes, in that a fulsome
4  resolution of this would include the state, but I
5  probably should have started out -- I think it's
6  probably more about the city than the state.  There are
7  a couple of ways to do this.  We can have a brief
8  conversation before we set more of a schedule.  Let's
9  do that.  I'm going to stop the recording and --
10             George, do you know how to do the breakout
11 rooms?
12             THE CLERK:  Sorry, Judge, I'm not aware of
13 how to break out the rooms.  Hang on a moment.
14             THE COURT:  I'm going to put you on hold for
15 a second.
16             (Pause in proceedings.)
17             THE COURT:  My law clerk is going to help
18 have breakout rooms but it's going to be the plaintiff
19 in one, the city counsel -- counsel for the city in
20 another, and then the state in another.  Anybody else
21 who is on the phone, you'll be left in the main room.
22             (Pause in proceedings.)
23             THE COURT:  You're going to file the amended
24 complaint on the 17th?
25             MS. GIBSON:  Yes, Judge.

1   THE COURT: Then what are you proposing?
2   MS. GIBSON: We'd like to then file the
3   consolidated briefing on the preliminary injunction
4   motion on the 22nd with a response due on the 29th and a
5   reply on the 6th.
6   THE COURT: Are you including the state in
7   the preliminary injunction now?
8   MS. GIBSON: We are now including the state,
9   your Honor. When we originally filed on February 14th,
10  the same day we filed the complaint, we didn't yet have
11  denials or had not yet found a written policy of the
12  state that we believe is unconstitutional. But now
13  that those are happening in what we think is an
14  unconstitutional way, we will be seeking an injunction
15  also against denials of unemployment and that policy.
16  THE COURT: All right, so is there going to
17  be a request for discovery in relation to any of the
18  state policies?
19  MS. GIBSON: Not for purposes of the
20  preliminary injunction motion. I think it's pretty
21  straightforward, and we're just looking for urgent,
22  temporary relief. And then of course, we'll want to
23  discovery to advance the case if we can't settle.
24  THE COURT: But is this basically -- this is
25  largely the same motion that you made before. Now

```
 1  you're adding the state but you're updating your
 2  papers.  Are you changing this -- are you integrating
 3  the discovery that happened before?
 4           MS. GIBSON:  We're going to integrate those
 5  facts from the discovery and the additional facts that
 6  have occurred since we filed in February, and just kind
 7  of make it one clean motion, because that seems like
 8  what the judge wants from us.
 9           THE COURT:  Right, okay.
10           MS. GIBSON:  But yes, it's essentially --
11  it's the same -- it's the same legal arguments for the
12  most part, maybe stronger with some of the new facts,
13  but the same basic motion, just adding the relief
14  against the state unemployment.
15           THE COURT:  All right.  So for the
16  defendants, what do you propose with regard to the
17  briefing here?
18           MR. HAIDER:  Bilal Haider here, your Honor.
19  Given that it's I guess a clean briefing, it will be a
20  full preliminary injunction motion.  I don't believe
21  that -- we would need more time than one week to
22  respond.  It's also a little difficult to say how much
23  time we actually need until we see this new preliminary
24  injunction and also the amended complaint on that end.
25  I would just note that that one-week time is not
```

```
 1  sufficient for us given our current schedules and also
 2  some scheduled vacations that are approaching, with the
 3  holidays approaching as well.  Is your Honor inclined
 4  to put it on for such a short time?  I'm not sure how
 5  your Honor is viewing this at this stage, and I'm not
 6  sure what the state's position is, either.
 7              THE COURT:  I don't know if the state could
 8  be on that same schedule.  If this is the same motion
 9  and this is the briefing, you tell me what is doable
10  because I mean, all of these expenses -- a lot of this
11  happened with Judge Gujarati so, you know, I'm just
12  reading the docket.  There were many extensions based
13  on the plaintiffs' desire for discovery, which was
14  accommodated, so the immediacy does not seem to be here
15  in the same way that a regular -- a preliminary
16  injunction coming through the door would be able to say
17  that you had such an immediate need.  So you tell me
18  what you can do in terms of the briefing and then we'll
19  go from there.
20              MR. HAIDER:  Go ahead.
21              MS. WANG:  This is the state.  My view is
22  that I just found out thirty minutes before today's
23  call that the plaintiffs are seeking a preliminary
24  injunction against the state.  I mean, it would be good
25  to see the amended complaint -- I agree with the city.
```

1  It would be good to see the amended complaint on the
2  17th, see the consolidated preliminary injunction on the
3  22nd.  And then if we could, after seeing that, set a
4  briefing schedule.
5              THE COURT:  All right, that's fine.
6              MS. GIBSON:  Judge, I would just like to
7  briefly weigh in.  All of the allegations against the
8  state were in a letter on May 17th explaining exactly
9  what we're putting in that isn't in the complaint.
10 This is not new information and it is immediate.  The
11 reason that we had to seek discovery and delay this
12 very urgent process with -- thousands of people are
13 becoming homeless each day and getting denied each day
14 -- is because the Second Circuit, in denying the recent
15 relief the second time around for King v. DeBlasio,
16 their critic was they wanted to see some discovery.  So
17 we felt we had to do that pursuant to the court because
18 then they said, you rushed through.  I mean, to be
19 penalized as this isn't immediate because we're doing
20 what the Second Circuit asked us to do, I would hope
21 would not happen.
22             MR. HAIDER:  Your Honor, Bilal Haider
23 speaking.  That is a separate litigation and there's
24 been multiple preliminary injunctions filed on that
25 other case since.

1        THE COURT: This is what we're going to do.
2   You're going to get the amended complaint and you'll
3   get the preliminary injunction next week, and you can
4   propose the schedule. You can put the letter in to me
5   and you can also put Judge Gujarati since it will
6   affect her schedule. It may be that, plaintiff, you
7   decided to litigate it the way you decided to litigate
8   it. But the reality is in order to accommodate your
9   schedule and what you needed to do, several months have
10  passed. We see what the release is and see what
11  counsel can do in terms of their schedule, noting this
12  is happening around two holidays, so you can do what
13  you can do.
14       On the defendants' side, when would you want
15  to put in your proposal, on the 23rd or the 24th?
16       MR. HAIDER: Yes, your Honor, so long as
17  we've had time to review it, yeah. We would just need
18  the following day to review the papers.
19       MS. WANG: Yes, the 24th is great.
20       THE COURT: All right.
21       MS. GIBSON: Judge, just for clarification,
22  I'm sorry. The proposal for settlement, are we going
23  back to the mediation proposal or are you doing
24  something different?
25       THE COURT: Let's just finish this part. So

1  we're going to get a letter from the defendants with
2  your proposed schedule. You heard what the plaintiffs
3  think would work and we'll see where it is then.
4              MS. GIBSON: Oh, for a briefing schedule.
5              THE COURT: I asked (ui) schedule. I think
6  that counsel's opinion is that they would be better
7  able to provide the proposal with regard to the
8  briefing after they've seem the submissions. I think
9  the point being if it's largely the same, it won't take
10 as long. If it's adding a lot of information, changing
11 the arguments, expanding the argument, whatever, then
12 that will take ostensibly more time. Can we say the
13 24th by noon, you'll put in the letter with the
14 defendants' proposed schedule? Does that work?
15             MS. WANG: Yes.
16             MR. HAIDER: Yes, your Honor, that works for
17 city defendants.
18             THE COURT: Okay. So back to the
19 possibility of having settlement discussions. Is there
20 a time on the 27th where I could touch base with
21 counsel, with plaintiffs' counsel and with defendants'
22 counsel? We could do in the morning, like between
23 10:00 and 11:00 or in the afternoon, between 4:00 and
24 5:00.
25             MS. GIBSON: Sorry, Judge, I'm just trying

1   to pull up my co-counsel's letter. Was the 27th one of
2   the two days?
3              THE COURT: This is a conversation with
4   counsel. This is just a call with me and plaintiffs'
5   counsel for you to tell me the broad strokes of what
6   you would be looking for in settlement, and I will
7   convey that to defendants' counsel. Obviously, you're
8   free to tell them the proposal, too, but I'll touch
9   base with them. Their rough implication was that they
10  could then let us know, you know, will they be able to
11  put together a counterproposal or we can't move this
12  forward, or whatever it is on the 8th. I think we can
13  reconvene counsel sometime in the week of the 11th.
14             MS. GIBSON: So this is just plaintiffs'
15  counsel with your Honor?
16             THE COURT: Yes, that's what I was looking
17  for as the first thing, and then defendants' counsel --
18  we can talk after I've talked to plaintiffs' counsel.
19  It would be easier if we can talk in the morning but I
20  don't know what your --
21             MS. GIBSON: I'm just pulling up my co-
22  counsel's schedule, just one second. I think any time
23  on the 27th is fine.
24             THE COURT: Okay. How about 10:00?
25             MS. GIBSON: That works, your Honor, thank

1  you.
2              THE COURT: All right. And then,
3  defendants' counsel, are you available later that day,
4  maybe at 4:00?
5              MR. HAIDER: Can we do it any time earlier?
6  If not, 4:00 is okay.
7              THE COURT: I have a full schedule, sorry.
8  We could do Tuesday at 12:15 probably.
9              MR. HAIDER: Yes, that works.
10             THE COURT: Okay. So the state, you can
11 join. We'll use the same number.
12             MS. WANG: Okay.
13             THE COURT: Then just so we have it -- we'll
14 figure out with defendants exactly when is a good time
15 to touch base again when we talk next week, but then
16 let's just put a date in. How about 9:30 on the 14th?
17 Does that work?
18             MR. HAIDER: This would be a tentative
19 mediation date, your Honor?
20             THE COURT: It would just be I think counsel
21 checking in and seeing if we can move forward.
22             MR. HAIDER: That works for city defendants.
23             MS. GIBSON: I'm just looking at this. July
24 14th did you say, your Honor?
25             THE COURT: Yes.

```
 1              MS. GIBSON:  I'm sorry, I can't -- the only
 2   dates I know about are July 11th and 12th that week, but
 3   I know that co-counsel will have to be part of that and
 4   I vaguely remember they might have a hearing on the
 5   14th.
 6              THE COURT:  Both of them?
 7              MS. GIBSON:  Yes, or maybe a trial.  I think
 8   they had something but I don't know for sure.  I could
 9   respond -- I could just check in with them.
10              THE COURT:  What about the 12th at 9:30?
11              MS. GIBSON:  I believe the 12th is available
12   for them.
13              MR. HAIDER:  It works for city defendants.
14              THE COURT:  Okay.
15              MS. WANG:  It works for the state as well.
16              THE COURT:  Okay, all right.  The dates
17   coming out of this are, the amended complaint is going
18   to be filed the 17th, the updated briefing by the
19   plaintiffs the 22nd.  We'll hear from the defendants on
20   the 24th at noon with your proposed schedule and make a
21   decision.  And then with regard to having settlement
22   suggestions, we'll hear -- I'll talk to plaintiffs'
23   counsel on the 27th at 10:00 and defendants' counsel on
24   the 28th at 12:15.  You're free to talk to each other
25   directly.  This is just to make sure this is moving
```

```
 1  forward and there's a process so that we get it going.
 2  Then on 7/12 at 9:30, a call to -- if it can move
 3  forward, to see what can happen.
 4              All right, anything else we should talk
 5  about?
 6              MS. GIBSON:  No, Judge, thank you.
 7              MR. HAIDER:  Nothing further from city
 8  defendants.
 9              MS. WANG:  Nothing further from state.
10              THE COURT:  All right, thanks everybody,
11  take care.
12              MS. GIBSON:  Thank you.
13                     * * * * * * *
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18      I certify that the foregoing is a correct
19  transcript from the electronic sound recording of the
20  proceedings in the above-entitled matter.
21
22
23  [signature]
24
25  ELIZABETH BARRON                         August 16, 2022
```