# NELSON MADDEN BLACK LLP

475 Park Avenue South, Suite 2800
New York, New York 10016
Telephone: (212) 382-4300
nelsonmaddenblack.com

Jonathan R. Nelson (212) 382-4301
jnelson@nelsonmaddenblack.com

October 14, 2022

**By ECF**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *New Yorkers For Religious Liberty, Inc. et al. v. The City of New York et al.*
            Case No.: 22-cv-00752-DG-VMS

Dear Judge Gujarati:

    We write jointly on behalf of all parties in this matter, in compliance with this court's order that "[b]y October 14, 2022, the parties shall file a joint letter proposing a briefing schedule for Defendants' anticipated motion to dismiss".

    The parties jointly propose that Defendants' anticipated motion to dismiss be filed on or before the 30th day following the decision on the merits of the Second Circuit Court of Appeals of the Plaintiffs' pending appeal before that court (Case No. 22-1801), unless either party shall seek review of such decision either from an *en banc* panel of the Circuit Court or from the United States Supreme Court, in which event the motion shall be filed within 30 days of the disposition of such request for review. Plaintiffs' response to said motion shall be filed 30 days after the filing thereof (or the next business day if such date is not a business day); and Defendants' reply, if any, shall be filed 15 days thereafter (or the next business day).

    "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 271 (2d Cir. 1994) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) (internal quotation marks omitted)). Accordingly,

> once a notice of appeal has been filed, a district court may take actions only "in aid of the appeal or to correct clerical errors," *Leonhard v. United States*, 633 F.2d 599, 609-10 (2d Cir. 1980), cert. denied, 451 U.S. 908, 68 L. Ed. 2d 295, 101 S. Ct. 1975 (1981), and may not "adjudicate substantial rights directly involved in the appeal." *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 66 L. Ed. 538, 42 S. Ct. 264 (1922)[.]

*Int'l Ass'n of Machinists & Aerospace Workers v. E. Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir. 1988); *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("the filing of a notice of appeal . . . divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal"); *Wilson v. Dynatone Publ'g Co.*, 2018 U.S. Dist. LEXIS 8122, *7 (S.D.N.Y. 2018).

Such is the case here. First of all, this Court already ordered a stay of discovery on August 19, 2022 pending disposition of Plaintiffs' appeal, upon both parties' request. See ECF No. 108. A delay of further dispositive motion practice is warranted for the same reasons. Plaintiffs' appeal challenges the grounds set forth in the District Court's August 11, 2022 Order, which are the very same grounds on which Defendants seek to dismiss the case. Indeed, the parties intend to make essentially the same arguments on appeal as they have made in the district courts.

Furthermore, in *Keil v. City of New York*, a similar case challenging the DOE's vaccination mandate, the City requested a stay of the District Court proceedings pending plaintiffs' appeal to the Second Circuit. *Keil v. City of New York*, 21-cv-8773, ECF. No. 37 (S.D.N.Y.) (Oct. 29, 2021 Letter Request for Stay). It did so because

> [t]he Second Circuit's ruling on plaintiffs' appeal of the Court's decision denying plaintiffs' Order to Show Cause for a temporary restraining order may affect defendants' approach to these cases, and thus waiting to respond to the Complaints until after the Second Circuit has ruled would be most efficient and just. F.R.C.P. 1.

Similarly, the Second Circuit's pending ruling in this matter will surely impact both parties' approach to this case and will promote both judicial economy and preserve the parties' resources. It may even obviate Defendants' anticipated motion to dismiss. It makes no sense to litigate issues at the District Court level when the same issues are being argued on appeal in the same matter by the same parties in the Circuit Court.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Bilal Haider*
_____

Bilal Haider
Labor and Employment Law Division
New York City Law Department
100 Church Street, Rm. 2-196
New York, New York 10007
Office: 212.356.3549
Mobile: 646.951.6495
Fax: 212.356.2034

*/s/ Jonathan Robert Nelson*

———————————————
Jonathan Robert Nelson (JN-8796)
Nelson Madden Black LLP
Counsel for Plaintiffs
475 Park Avenue South, Suite 2800
New York, NY 10016
(212) 382-4300
(212) 382-4301 direct