

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**T**H     ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KATHLEEN M. LINNANE**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Telephone: (212) 356-2467
E-mail: klinnane@law.nyc.gov

February 18, 2025

**By ECF**
Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  New Yorkers for Religious Liberty, Inc. et al. v. City of New York, et al.
> No. 21-cv-00752(DG)(VMS)

Dear Judge Gujarati:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for Defendants in the above-referenced action. In accord with the Court's Orders dated December 2, 2024 and January 29, 2025, Defendants respectfully submit this letter, which includes Plaintiffs' position statement that Plaintiffs provided to Defendants on February 18, 2025 at 3:36 p.m., and that Plaintiffs included in their own letter (ECF No. 138), followed by Defendants' position.

By way of background, on December 2, 2024, the Court ordered that the parties confer and jointly file a letter, by February 3, 2025, addressing the impact, if any, of the Second Circuit's decision dated November 13, 2024 on the Complaint here. On January 30, 2025, in response to Plaintiffs' request for an adjournment of the February 3 deadline "due to a health issue" (ECF No. 136), the Court ordered the parties to file the joint letter by February 18, 2025. On February 18, 2025, the parties met at a time proposed by Plaintiffs' counsel and scheduled on Microsoft Teams by Defendants' counsel, to discuss the joint letter. At 3:36 p.m., Defendants received Plaintiffs' portion of the letter with a demand that Defendants return the letter by 5:00 p.m., or, as Plaintiffs' counsel stated, "I will be forced to file the letter and note that you refused to provide it to me." At 5:57 p.m., after Defendants' counsel twice offered to file the joint letter, and despite the Court's request that the parties file a joint letter, Plaintiffs elected to file a letter setting forth only their position, without including that of Defendants. ECF No. 138.

**Plaintiffs' Position**

The Second Circuit's decision upholding the denial of preliminary injunctive relief has no bearing on the merits of Plaintiffs' claims, as it did not resolve any substantive legal issues relevant to merits of the claims. On August 17, 2022, Plaintiffs in this case ("NYFRL") appealed this Court's denial of preliminary injunctive relief. Their appeal was consolidated with an appeal from a Rule 12(b)(6) dismissal of a related complaint brought by DOE employees challenging a separate

vaccine mandate (*Kane v. de Blasio*, 21-cv-07863 (NRB), "*Kane II*"). The Second Circuit denied the interlocutory appeal, finding that the rescission of the municipal vaccine mandate mooted requests to enjoin its enforcement and requests for reinstatement and back pay did not fit the preliminary injunction standards for showing irreparable harm because damages could provide relief if Plaintiffs ultimately prevail. [ECF 134 at 15-16]. Importantly, the court took no position on the merits of NYFRL Plaintiffs' substantive claims.

After denying preliminary injunctive relief, the Second Circuit went on to assess the lower court's dismissal of the *Kane* case, reversing dismissal for two of the *Kane* plaintiffs and upholding the dismissal of the rest of the plaintiffs. The *Kane* decision is not controlling in this case, but it provides some relevant guidance, notably, that First Amendment protection does apply to Citywide Panel denials and the pleading standard to get this protection.

### *Kane* Background

*Kane* involves a Covid-19 vaccine mandate pertaining to DOE employees (this was a separate mandate from the one pertaining to City employees). On interlocutory appeal in November 2021, the Second Circuit found that the *Kane* plaintiffs were likely to succeed on their as-applied Free Exercise claims, given that the City and DOE applied an unconstitutional religious accommodation policy. 19 F.4th 152 (2d Cir. 2021). The court ordered a fresh review by a neutral "Citywide Appeal Panel" ("Panel"), which was ordered to reinstate plaintiffs with back pay if they qualified under state and federal statutory standards. *Id*. After this Panel upheld most of the denials, the district court dismissed all claims and plaintiffs appealed. The Second Circuit rejected what they referred to as "facial" challenges to the Citywide Panel process, holding that the *Kane* complaint, drafted in early 2022, when little was known about the Citywide Panel process, failed to provide enough specificity to succeed on a constitutional challenge to the Citywide Panel determinations. The Court then assessed the "as applied" challenges of each plaintiff, and reversed and reinstated the claims of two employees, finding that they had pleaded constitutional violations, but upheld dismissal of the rest on the ground that the allegations were too conclusory and not pleaded with enough specificity, as further discussed below.

### Proposed Amendments

The Court also ordered that the parties meet and confer in good faith to discuss Plaintiffs' anticipated motion to amend this complaint and provide a summary in this letter. Counsel for the City stated they categorically oppose any and all amendments, even amendments to remove plaintiffs or claims, or add relevant factual updates since this complaint was first amended in 2022 (at which point, many plaintiffs had not even been terminated yet). They refused to clarify why other than complain that other semi-related lawsuits are too long. Plaintiffs' position is that amendments are necessary for three reasons. First, it has been nearly three years since this lawsuit was commenced, and significant factual development has occurred in this and other cases, which has direct bearing on the legal issues in this case. Second, plaintiffs wish to add a Title VII claim as EEOC right to sue letters have finally come back. Third, Plaintiffs seek to apply the Second Circuit's guidance on pleading standards for Constitutional claims, especially given the significant new evidence available since 2022 that can be added to meet deficiencies the Court highlighted in *Kane II*. While not exhaustive, the following categories highlight key areas of Plaintiffs wish to supplement and amend considering the Second Circuit's decision:

1. Neutrality and Discrimination:

- *Discriminatory Statements & the Citywide Panel Process*: The Second Circuit found the *Kane* complaint had not pleaded enough specific allegations to link discriminatory statements by City officials to the Panel sufficient to find the process facially unconstitutional. Plaintiffs now have substantial evidence, including admissions by Mayor Adams, City Attorney Eric Eichenholtz, and other officials in charge acknowledging that the Mayor's office controlled the process and the Panel was also applying discriminatory standards as instructed by City officials. Notably, the City's Health Commissioner, who promulgated the mandate, sent a letter to the Citywide Panel requesting that they reject all religious objections based on opposition to abortion, citing the Pope's position. This is a direct violation of the Establishment Clause. See *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 877 (1990). Additionally, internal City communications and court filings reveal that high-level administrators overseeing the Panel issued similar guidance to City agencies, instructing decision-makers to reject religious objections that relied on personal prayer, deeming them "nonreligious" because they allowed for individual choice. The Second Circuit acknowledged that this reasoning by the Panel likely violated *Kane* plaintiff Heather Clarke's First Amendment rights, and Plaintiffs now have substantial evidence that this discriminatory policy was systematically applied to all applicants with similar beliefs.

- *Two-Track System*: Emerging evidence also proves the City continued to offer a more favorable religious accommodation policy for certain religious beliefs after the Court's initial decision in *Kane I*. Instead of repudiating the "Stricken Standards" invalidated by the Second Circuit, the City not only maintained accommodations granted under the prior unconstitutional system while issuing blanket denials to those shut out of the original process but even expanded the Stricken Standards to be an alternative option across nearly every City department. Worse, the Panel option offered a far less generous undue hardship standard than the Stricken Standards option, meaning that those with disfavored beliefs were treated unequally. This expansion of an already unconstitutional policy, rather than its correction, demonstrates a clear lack of neutrality and triggers strict scrutiny. See *Ne. Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). Plaintiffs will add specific allegations about this two-track system to avoid the deficiencies cited in *Kane II*.

- *Failure to Apply Statutory Standards*. *Kane II* upheld the dismissal of classroom teachers in that case because the Court found that they failed to provide nonconclusory evidence that the Panel's blanket undue hardship determinations for classroom teachers were pretextual or violated statutory standards. Substantial evidence has emerged since the *Kane* complaint was amended in January 2022 which shows that the undue hardship denials were both pretextual and violated statutory standards for teachers as well as Citywide. Plaintiffs will include specific allegations demonstrating systemic and as-applied failure to follow statutory requirements and pretext in the Panel's undue hardship determinations.

2. General Applicability

- Plaintiffs also seek to amend their complaint with facts that show that the City exercised great discretion for which exemptions to grant or deny. For example, the FDNY accommodated 1,167 employees throughout the pandemic, most of whom had extensive contact with the public, while denying Plaintiffs' Fogarty, O'Dea and Pillet on the unexplained assertion that there might be the "potential" for undue hardship. Similarly, certain religious beliefs were accommodated while others were denied, often for unconstitutional reasons. These and other facts show that the City exercised unfettered discretion in deciding who to accommodate. The lack of general applicability triggers strict scrutiny under the free exercise clause.

**Defendants' Position**

On December 2, 2024, the Court requested that the parties jointly set forth how the November 13, 2024 Decision by the Second Circuit Court of Appeals affected the Complaint in the instant case. Defendants believe that the Decision conclusively determined: (1) that class-wide claims are not viable here; and, (2) that the vaccine mandates issued by the City of New York were neutral and generally applicable in all their iterations.

Plaintiff's counsel sorely misstates the discussion held during the parties' February 18, 2025 meet-and-confer. During that meeting, Defendants informed Plaintiffs that they intended to oppose amendment here, yet not for the reasons set forth by Plaintiff's counsel hereinabove. Instead, Plaintiffs demanded during that meeting that Defendants present legal arguments in support of any intention to oppose amendment without sending Defendants any proposed amendments. Notably, until such time as the meet-and-confer was held, Plaintiffs' counsel did not disclose to Defendants, nor even suggest, the extent to which, or how, Plaintiffs intend to amend their pleading. Any request by Plaintiffs' counsel that Defendants preemptively present arguments opposing amendment to claims absent any review or consideration is nothing short of nonsensical.

Nevertheless, any claims of "blanket denials" or "two-track systems" are nothing more than conclusory allegations without support in any record. To be sure, all declarations made by the individuals Plaintiffs purport to cite to are publicly available on the court dockets. Obviously, Defendants would oppose any amendments that are clear departures from publicly available facts.

It is Defendants' position that the Court should deny Plaintiffs leave to amend their complaint a second time. As an initial matter, as Defendants reminded Plaintiffs, and as was made clear to Your Honor during the parties' December 2, 2024 conference, the operative complaint here is comprised of 665 paragraphs and was already amended because, Plaintiffs claim, allegations were "inadvertently deleted from the final draft" of their complaint. See ECF No. 70. Given the prolixity of the already-amended complaint, further amendment here, years after this action was commenced, and two years after the vaccine mandates at issue here were amended so that neither applies to the City's public employees any longer, would be futile.

Second, Plaintiffs intend to seek leave to amend the complaint because, they claim, significant factual development has occurred in this and other cases. Insofar as Plaintiffs wish to again amend the complaint to assert new claims, to the extent that any relevant statutes of limitations have expired, claims alleging new facts are now time-barred. Other than the Plaintiffs herein making blanket assertions and conclusory claims that certain City officials have conducted themselves unlawfully, Plaintiffs do not set forth any factual claims here to show that their proposed new allegations have any basis in reality. Such claims similarly asserted in other pleadings brought by the same counsel representing Plaintiffs here, including allegations about blanket rejections of reasonable accommodation requests, are nothing other than misstatements of fact and testimony from such City officials. See Hogan, et al. v. City of New York, et al., No. 23-cv-08727(RER)(PK); Zapantis-Dalamakis, et al. v. City of New York, et al., No. 24-cv-04631(KAM)(JRC).

Third, Plaintiffs cryptically claim above that "plaintiffs wish to add a Title VII claim as EEOC right to sue letters have finally come back." Notwithstanding, absent a showing by each Plaintiff that a charge was filed with the Equal Employment Opportunity Commission, and that legal proceedings commenced within ninety days thereafter, Title VII clams are barred here. See 42 U.S.C. § 2000e-5(e)1; Ferguson v. Park Slope Food Co-Op, 2023 U.S. Dist. LEXIS 40766, at *12-13 (E.D.N.Y. Mar. 10, 2023) (citation omitted); Robles v. Cox & Co., 841 F. Supp. 2d 615,

625 (E.D.N.Y. 2012).  Moreover, the Second Circuit has remanded only the dismissal of the as-applied challenges here.

Fourth, and irrespective of any intention to again amend their complaint, Plaintiffs Janine DeMartini, Matthew Riera, and Laura Satira are not, and never were during the time in question, employees of either the City of New York ("City") or New York City Department of Education ("DOE").  The vaccine mandates applicable to employees of the City or DOE did not apply to these individuals, and the Second Circuit's decision dated November 13, 2024, therefore, does not apply to these parties.  For this reason, these individuals should be either withdrawn or dismissed from this proceeding.

Federal courts throughout the Second Circuit, and state courts at both the trial and appellate levels, have consistently found that the vaccine mandates applicable to employees of the City of New York and DOE were neutral and generally applicable.  Despite this, Plaintiffs intend to use purported "evidence" to bolster new claims they wish to include in any amended pleading to prove the opposite is true.  However, in light of the Second Circuit's decision, which explicitly states that, as it pertains to the *Kane* court's holding that the City's "Vaccine Mandate, in all its iterations, [wa]s neutral[,] generally applicable," and that "[t]hat holding from *Kane I* remains binding," it is Defendants' position that any attempt to argue otherwise will be similarly unavailing.

Defendants request that to the extent the Court is inclined to grant Plaintiffs leave to amend, the parties be allowed to formally brief that motion.

Respectfully submitted,

/s/ *Kathleen M. Linnane*
Kathleen M. Linnane
Assistant Corporation Counsel