**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

NEW YORKERS FOR RELIGIOUS LIBERTY, INC.,
et al.,

                Plaintiffs,

       - against –

THE CITY OF NEW YORK, et al.,

          Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT**

1:22-cv-00752 (DG) (VMS)

ORAL ARGUMENT
REQUESTED

------------------------------------------------------------------------ x

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO AMEND FIRST AMENDED COMPLAINT**

---

Gibson Law Firm, PLLC
Sujata S. Gibson, Esq.
120 E. Buffalo St, Ste. 2
Ithaca, NY 14850
(607) 327-4125
Email: sujata@gibsonfirm.law

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................................i

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

BACKGROUND ......................................................................................................................2

LEGAL STANDARD...............................................................................................................5

LEGAL ARGUMENT..............................................................................................................7

    I.     Leave to amend is timely and made in good faith ...............................................7

        A.  The proposed amendments are substantial and necessary ............................8

           1. Neutrality and discrimination ....................................................................8

           2. Failure to apply statutory standards ..........................................................10

           3. Types of amendments in the SAC ............................................................11

    II.    The amendment is not futile but warranted based on post-filing facts and guidance from new court decisions..........................................................................13

        A.  The City maintained and expanded unconstitutional "Stricken Standards" ..15

        B.  Pretextual denials and noncompliance with Title VII...................................15

        C.  Plaintiffs also seek to amend to plead Title VII Claims following right to sue letters..............................................................................................................16

        D.  Addition of Plaintiffs ....................................................................................16

    III.   The City will suffer no prejudice and discovery remains open ..........................16

CONCLUSION.........................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
        556 U.S. 662 (2009) ...................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
        550 U.S. 544 (2007) ...................................................................................... 6

*Block v. First Blood Assocs.,*
        988 F.2d 344 (2d Cir. 1993)...................................................................... 16, 17

*Bornholdt v. Brady*,
        869 F.2d 57 (2d Cir. 1989) ........................................................................... 6

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,*
        508 U.S. 520 (1993) .................................................................................... 15

*Cummings-Fowler v. Suffolk Cty. Cnty. Coll.*,
        282 F.R.D. 292 (E.D.N.Y. 2012) .................................................................. 6

*Emp. Div., Dep't of Hum. Res. of Oregon v. Smith,*
        494 U.S. 872 (1990)..................................................................................... 9

*Foman v. Davis,*
        371 U.S. 178 (1962)..................................................................................... 5

*Goldstein v. Pataki,*
        *516 F.3d 50 (2d Cir. 2008)* ........................................................................ 6

*Kane* v. *De Blasio,*
        19 F.4th 152, (2d Cir. 2021) ................................................................ *passim*

*LaBarbera v. Audax Const. Corp.*,
        971 F. Supp. 2d 273 (E.D.N.Y. 2013) .......................................................5, 6

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,*
        797 F.3d 160 (2d Cir. 2015) ......................................................................5, 18

*Lucente v. Int'l Bus. Machs. Corp.,*
        310 F.3d 243 (2d Cir. 2002)......................................................................6, 13

*Masterpiece Cakeshop v. Colorado C.R. Comm'n,*
        584 U.S. 617 (2018)......................................................................................10

*Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville,*
     508 U.S. 656 (1993)....................................................................................9, 15

*New Yorkers for Religious Liberty, Inc. v. City of New York,*
     125 F.4th 319 (2d Cir. 2024) ...................................................................1, 3

*Parker v. Columbia Pictures Indus.,*
     204 F.3d 326 (2d Cir. 2000) ..........................................................................5

*Pasternack v. Shrader,*
     863 F.3d 162 (2d Cir. 2017) ...................................................................16, 18

*Quaratino v. Tiffany & Co.,*
     71 F.3d 58 (2d Cir. 1995) ...............................................................................5

*Richardson Greenshields Sec., Inc. v. Lau,*
     825 F.2d 647 (2d Cir. 1987) ...........................................................................6

*State Teachers Ret. Bd. v. Fluor Corp.,*
     654 F.2d 843 (2d Cir. 1981)    ........................................................................16

**Statutes or Rules**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................*passim*

Federal Rule of Civil Procedure 15(a)(2) ...............................................................*passim*

Federal Rule of Civil Procedure 15(d)............................................................... 5, 6

Title VII of the Civil Rights Act of 1964...............................................................*passim*

EEOC Right to Sue Letter (statutory reference implied)......................................................*passim*

**PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully move this Court for leave to file a Second Amended Complaint ("SAC"). *See* Gibson Decl. Exhibit 1, Proposed Second Amended Complaint (redline version is Exhibit 2).

Plaintiffs respectfully seek leave to amend their complaint for several compelling reasons. First, it has been over three years since this action commenced, and three years since the complaint was amended, during which time substantial factual and procedural developments have occurred both in this case and in related litigation, including discovery and rulings that directly bear on the legal issues at hand. Second, Plaintiffs need to add their Title VII claims, as Notices of Right to Sue from the EEOC were unavailable in June 2022 when the Plaintiffs amended their complaint as of right. Third, Plaintiffs aim to incorporate the Second Circuit's recent guidance on the pleading standards for constitutional claims—particularly as articulated in *New Yorkers for Religious Liberty, Inc. v. City of New York,* 125 F.4th 319 (2d Cir. 2024) ("NYFRL"). In NYFRL, the Second Circuit articulated new pleading standards relevant to this case. In light of this evolving legal landscape and the availability of new evidence, the proposed amendments are necessary to ensure that Plaintiffs' claims meet current standards of facial plausibility under Rule 12(b)(6).

Specifically, the SAC (1) removes claims—such as the substantive due process, Supremacy Clause, and private-sector claims and the claims against the Commissioner of Labor; (2) conforms the pleadings to updated law and procedural posture; (3) incorporates material facts developed during discovery and related proceedings; (4) adds Title VII claims which were not available when the FAC was filed; and (5) adjusts the composition of the named plaintiffs to better reflect the breadth of the putative class and updates the Defendants to remove Commissioner Reardon. These amendments are necessary to ensure that Plaintiffs can fully and accurately present their

constitutional and statutory claims under current legal standards and should be permitted in the interest of justice. These amendments reflect information and legal authority not available at the time of the original or first amended complaints.

In light of significant factual and procedural developments since plaintiffs filed their last operative complaint in June 2022, good cause for amending the complaint is immediately apparent. This request for leave to amend should not in any way delay these proceedings or prejudice the defendants, who have not even responded to the complaint yet with an answer or a motion to dismiss and will not be prejudiced if the changes are allowed at this point in the proceedings. Consistent with the liberal standard that applies to motions to amend under Rule15(a)(2), the Court should therefore grant Plaintiff's motion.  Furthermore, none of the factors that may justify denial of leave to amend—such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility—are present here. On the contrary, the amendments were sought at the first conference after the case was unstayed following the Second Circuit's ruling, address prior pleading deficiencies and provide a sound factual and legal basis for Plaintiffs' claims. Consistent with the liberal standard under Rule 15(a)(2), the Court should grant Plaintiffs' motion for leave to amend.

## BACKGROUND

Plaintiffs originally filed this action on February 16, 2022, and subsequently amended the complaint as of right on June 17, 2022. This case has been stayed for approximately three (3) years while an interlocutory appeal proceeded through the Second Circuit.  Since that time, substantial discovery has been conducted in related litigation bringing to light evidence that was not available when the original and amended complaint was filed, including voluminous records and arguments

in related cases, deposition transcripts, and internal agency communications that directly support and expand Plaintiffs' claims.

On August 17, 2022, Plaintiffs in this case appealed this Court's denial of their motion for preliminary injunctive relief. That appeal was consolidated with a related appeal from the dismissal of a separate complaint brought by DOE employees challenging a different vaccine mandate in *Kane v. de Blasio*, 21-cv-07863 (NRB) ("*Kane II*").

In November 2024, the Second Circuit denied the consolidated interlocutory appeal, holding that the rescission of the municipal vaccine mandate mooted any requests for injunctive relief, and that Plaintiffs' claims for reinstatement and back pay did not satisfy the standard for preliminary injunctive relief because monetary damages could adequately compensate Plaintiffs if they ultimately prevailed. See ECF No. 134 at 15–16. Crucially, however, the Second Circuit expressly took no position on the merits of NYFRL Plaintiffs' underlying constitutional or statutory claims.

Following the denial of preliminary injunctive relief, the Second Circuit proceeded to evaluate the district court's Rule 12(b)(6) dismissal of the *Kane* complaint. It affirmed the dismissal as to most plaintiffs but reversed and reinstated claims for two DOE employees, finding that they had adequately alleged violations of the Free Exercise Clause under an as-applied theory. While *Kane II* is not controlling for most parties in this case—given that it concerned a separate DOE vaccine mandate rather than the broader City employee mandate—it nonetheless provides relevant guidance, particularly regarding the applicable pleading standard and the First Amendment protections that apply to denials issued by the Citywide Panel.

**Background on *Kane***

*Kane* involved a COVID-19 vaccine mandate specific to DOE employees. In November 2021, on interlocutory appeal, the Second Circuit found that the *Kane* plaintiffs were likely to succeed

on their as-applied Free Exercise claims, citing evidence that the DOE had applied an unconstitutional religious accommodation policy. See *Kane v. de Blasio*, 19 F.4th 152 (2d Cir. 2021). The court ordered a remedial review by a newly created "Citywide Appeal Panel" (the "Panel"), with instructions that qualifying plaintiffs be reinstated with back pay if their objections met federal and state statutory standards.

After the Panel upheld most of the accommodation denials for the *Kane* plaintiffs, the district court dismissed the *Kane* plaintiffs' claims, prompting a second appeal. In that decision, the Second Circuit rejected the plaintiffs' facial challenge to the Citywide Panel process, noting that the original complaint—filed in January 2022 (before any information about the Citywide Panel was known)—lacked sufficient factual detail to support such a claim. However, the court undertook a plaintiff-specific review of the as-applied Free Exercise claims and reinstated the claims of two individuals, finding their allegations sufficiently specific and non-conclusory to survive dismissal. The remaining plaintiffs' claims were upheld as dismissed due to insufficient factual support.

Here, since the filing of the First Amended Complaint, multiple putative class members have received EEOC Right to Sue letters, making it appropriate to now plead individual and class-based claims under Title VII. Furthermore, judicial interpretations of discrimination pleading standards under both Title VII and local laws (NYSHRL/NYCHRL) have evolved in ways that make further amendment prudent and necessary.

On December 2, 2024, this court ordered the parties to confer and file a joint letter addressing the impact of the Second Circuit's November 13, 2024 decision and to meet and confer regarding Plaintiffs' anticipated Motion to Amend. As detailed in the party's respective letters filed February 18, 2025 (ECF Nos: 138, 139) the parties were unable to reach agreements on the scope or

4

proprietary of amendments, necessitating this formal motion, which has been filed in accordance with the Court's scheduling orders.

## LEGAL STANDARD

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend] when justice so requires." The Second Circuit interprets Rule 15 liberally "consistent with [its] strong preference for resolving disputes on the merits." *Loreley Fin.(Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). But "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports Inc.* 758 F.3d 493, 505 (2d Cir. 2014). Importantly, where—as here—significant factual and legal developments have occurred during ongoing litigation, courts routinely permit amendment to ensure adjudication on the merits. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (refusing to find good cause where Parker had all the information necessary when he commenced the action).

Rule 15(d) also allows a party to supplement its complaint in order to present facts and claims that arose after the operative complaint was filed. *LaBarbera v. Audax Const. Corp.,* 971 F.Supp2d 273, 284 (E.D.N.Y. 2013) (citing *Argus, Inc. v. Eastman Kodak Co.,* 552 F.Supp.589, 602 (S.D.N.Y. 1982). Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The

5

court may order that the opposing party plead to the supplemental pleading within a specified time."

Under the Rule, "[l]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany Co.,* 71 F.3d 58, 66 (2d Cir. 1995) (citing *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989). Where the plaintiff seeks to add related claims against the same defendants, the analysis used to determine whether supplementation is appropriate under Rule 15(d) is identical to the analysis used to determine whether amendment is appropriate pursuant to Rule 15(a). *Cummings-Fowler v. Suffolk Cty. Cnty. Coll.,* 282 F.R.D. 292, 296 (E.D.N.Y. 2012). Thus, courts will grant leave to supplement a pleading so long as the supplemental facts are connected to the original pleading and there is no good reason to deny the request. "As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion is within the sound discretion of the district court." *LaBarbera,* 971 F.Supp.2d at 284.

The Rule 15 standard is very liberal and courts should deny leave to amend only when the amendment would be prejudicial to the opposing party, there has been bad faith on part of the moving party, or the amendment would be futile. *Richardson Greenshields Sec., Inc. v. Law,* 825 F.2d 647, 653 n.6 (2d Cir. 1987). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Here, Plaintiff's request for leave should be granted because it would not cause undue delay, it is not filed in bad faith, it will not prejudice the defendants, and it is not futile.

**ARGUMENT**

**I. LEAVE TO AMEND IS TIMELY AND MADE IN GOOD FAITH**

First, there is no undue delay or bad faith. Plaintiffs acted diligently in seeking leave to amend at this juncture, particularly in light of the three-year stay of proceedings pending resolution of related appeals. Contested issues of law and fact in this and related cases were resolved by the Second Circuit in NYFRL, which is why this case was stayed all these years, and Plaintiffs could not have obtained access to the substantial body of evidence that emerged during the pendency of the stay through related litigation. And, the EEOC had not issued any right to sue letters prior to the imposition of the stay. Thus, good cause exists to amend the pleadings.

Prior to the Court's lift of the stay, Plaintiffs promptly requested to amend pursuant to this Court's December 2024 order and conference. Pursuant to this Court's orders, Plaintiffs then diligently tried to work in good faith with Defendants to come to an agreement about amendment, but Defendants categorically refused any amendment, thus prompting this motion, which is filed in accordance with the Court's scheduling orders.

7

Furthermore, there is no evidence of any dilatory motive or intent to prejudice Defendants. Rather, good cause exists for granting leave to amend which serves to ensure the operative complaint reflects the reality of the case as it now stands. Here, the proposed amendment does not stem from any dilatory motive or tactical delay, but rather, is necessitated by the need to remove plaintiffs and claims that are no longer relevant to this litigation as well as cure specific deficiencies identified by the Second Circuit and to incorporate substantial new evidence that has come to light that supports plaintiffs' claims that is substantial and necessary to the within matter.  These facts were entirely unknown – and in fact not in existence- at the time of the filing of plaintiffs' operative complaint in June 2022.  In good faith, and the interests of justice and judicial economy will undoubtedly be served by having allegations properly before the Court as set forth in Plaintiff's amended pleading.  The amendments are tailored to reflect the present circumstances and plaintiffs' present understanding of the case.  In doing so, the action can more effectively proceed on the merits.  Defendants have not submitted an answer or even a pre-motion letter to dismiss yet, so they cannot be prejudiced by having a streamlined complaint before them when they do so. If anything, the removal of claims and parties only helps them to because they do not have to use valuable space in their motion papers addressing these claims and parties.

A.  **The Proposed Amendments Are Substantial and Necessary**

**1. Neutrality and Discrimination**

**Discriminatory Statements & the Citywide Panel Process:**

In *Kane II*, the Second Circuit found that the plaintiffs failed to sufficiently link discriminatory statements by City officials to the Citywide Panel in a manner that would render the process facially unconstitutional. Plaintiffs now possess substantial new evidence—much of it developed through related litigation—including admissions by Mayor Eric Adams, City Attorney

Eric Eichenholtz, and other senior officials acknowledging that the Mayor's Office directly influenced the Panel's decision-making process. Notably, the City's Health Commissioner, who issued the vaccine mandate, sent a letter to the Panel instructing it to reject all religious objections based on opposition to abortion, citing the Pope's position. This constitutes a direct violation of the Establishment Clause. *See Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 877 (1990).

Further, internal City communications and court filings reveal that senior administrators instructed agencies to reject religious objections grounded in personal prayer, deeming such beliefs "nonreligious" because they reflected individual choice. The Second Circuit acknowledged that such reasoning likely violated Kane plaintiff Heather Clarke's First Amendment rights. Plaintiffs now have substantial evidence showing this discriminatory reasoning was applied systematically across the board to applicants with similar religious convictions.

**Two-Track System:**

New evidence also reveals that, rather than eliminating the "Stricken Standards" found unconstitutional in *Kane I*, the City continued to apply and even expand them. The City maintained favorable accommodations granted under the prior system while issuing blanket denials to those excluded from the original process. This resulted in a two-tiered system that treated similarly situated individuals unequally based on the content of their religious beliefs— demonstrating a clear lack of neutrality and triggering strict scrutiny. *See Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). Pursuant to this system, 165 DOE employees were allowed to keep working who had been impermissibly favored under the Stricken Standards while the Citywide Panel denied their similarly situated colleagues the same accommodation when applying the remedial review. Moreover, many, like

newly added proposed class representative Adjoua Koua, never received a Citywide Panel review. The Second Circuit held that plaintiffs in this subclass, like Natasha Solon, have First Amendment claims because they were judged under the original Stricken Standards.

Moreover, another significant fact was that rather than repudiate the Stricken Standards after the Second Circuit held they were unconstitutional in November 2021, the City began offering appeals governed by the unconstitutional standards as an alternative option in nearly every City Department! The City thus created two track not only at DOE but also Citywide, and their failure to repudiate the standards constitutes, by itself, sufficient animus to trigger strict scrutiny of all denials. *Masterpiece Cakeshop v. Colorado C.R. Comm'n*, 584 U.S. 617, 639 (2018) (holding that failure of subsequent Commission or State proceedings to disavow discriminatory comments made in the first review triggers strict scrutiny of all subsequent decisions affirming same). The SAC details this issue.

Discrimination is also revealed in the "undue hardship" claims. The SAC details how, at DOE and the City Departments, thousands of employees were accommodated, showing that a cursory denial on undue hardship as an alternative basis is not enough to defeat strict scrutiny. These facts were not before the Second Circuit in NYFRL. Nor was it known, when the complaint was first amended as of right, that thousands of unvaccinated employees without any religious or medical accommodation were allowed to keep working in person for secular reasons throughout the entire mandate while others were fired for the "potential" for undue hardship. Many of the named Plaintiffs had not even been terminated yet when the First Amended Complaint was filed. Multiple other facts are also added on the issue of undue hardship.

## 2. Failure to Apply Statutory Standards

10

In *Kane II*, the Second Circuit upheld the dismissal of certain claims by classroom teachers, finding that they failed to allege sufficient non-conclusory facts suggesting the Panel's undue hardship determinations were pretextual or failed to follow statutory standards. Since that decision, new evidence has come to light indicating that the Panel's determinations were in fact both pretextual and legally deficient—not only for classroom teachers but also more broadly across City agencies. The SAC sets forth detailed allegations showing systemic and individualized failures to follow applicable statutory standards in making undue hardship determinations.

Therefore, plaintiffs seek to amend the complaint in good faith and for compelling, well-supported reasons.

### 3. Types of Amendments in the SAC

The SAC better organizes the material, removes redundant information and includes important revisions that reflect significant factual developments, legal guidance, and procedural shifts that have occurred since the filing of the original and First Amended Complaints. Specifically, the SAC will now include:

- **Factual Allegations Based on New Evidence:** Plaintiffs now possess substantial evidence developed in related litigation involving the same vaccine mandate and accommodation process. This includes deposition testimony from key City officials—such as crucial evidence of animus by Commissioner Chokshi, Mayor Eric Adams and City Attorney Eric Eichenholtz—regarding the Mayor's Office's control over the Citywide Panel and the use of discriminatory standards in evaluating accommodation requests. Internal City communications, court filings, and policy documents—previously unavailable—reveal that officials issued directives to deny religious objections based on personal prayer and

11

opposition to abortion, demonstrating systemic religious discrimination in violation of constitutional and statutory protections.

- **Title VII Claims Based on EEOC Right to Sue Letters:** Plaintiffs now have ripe Title VII claims due to right to sue letters issued while this case was stayed or awaiting a decision on amendments. Plaintiffs' colleagues have timely filed their suits within 90 days of the issuance of these letters, and Plaintiffs and the related class are therefore able to piggyback on to these claims under the single filing rule. The Title VII claims arise from the same operative facts as Plaintiffs' constitutional claims, offer an additional, independent avenue for relief under federal employment law and are ripe for judicial review.

- **Class Definitions and Subclasses:** In light of new information and Plaintiffs' inclusion objectives, the SAC revises the proposed class and subclass definitions to more accurately reflect the affected workforce and ensure appropriate representation of all impacted groups.

- **Recent Legal Developments and Clarify Pleading Standards:** As discussed above, Plaintiffs seek to align their allegations with updated legal standards, including those articulated in the Second Circuit's November 13, 2024 decision in *Kane v. DeBlasio*. That decision reversed the dismissal of two plaintiffs who sufficiently pleaded "as-applied" Free Exercise violations and affirmed dismissal of others whose claims lacked specificity. It also clarified what factual details are required to state a viable constitutional claim. The SAC incorporates that guidance by adding specific, non-conclusory allegations to meet the pleading standards now required. Because this authority was not available at the time of the earlier pleadings, Plaintiffs would be prejudiced if denied the opportunity to amend.

- **Make Modest Adjustments to Named Plaintiffs and Defendants:** Finally, Plaintiffs propose limited changes to the composition of the named plaintiffs to more accurately

12

reflect the breadth of the putative class and ensure diverse departmental and occupational representation. Plaintiffs have removed four parties and added three. All of the parties are members of NYFRL. Plaintiffs also seek to remove Commissioner Reardon as a Defendant and update the capacity that Commissioner Chokshi and Mayor Adams are sued in.

These proposed amendments are the result of diligent efforts to conform to newly available evidence and evolving legal standards- not available at the time of the operative complaint. They are made in good faith, with no undue delay or bad faith motive, and in the interest of ensuring that Plaintiffs' claims are fully and fairly adjudicated on the merits.

## II. THE AMENDMENT IS NOT FUTILE BUT WARRANTED BASED ON POST-FILING FACTS AND GUIDANCE FROM NEW COURT DECISIONS.

An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); see *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243 (2d Cir. 2002).

Plaintiffs' proposed amendments are not futile. As set forth above, the SAC directly addresses specific pleading deficiencies identified by the Second Circuit and incorporates substantial additional factual material supporting Plaintiffs' constitutional and statutory claims that would withstand a motion to dismiss.

Denial based on futility would be prejudicial in this case. Defendants have not answered or filed a motion to dismiss the operative complaint, and have not even filed a three-page letter motion for that relief. This is a complex case, dealing with a proposed class and Monell liability. It would be prejudicial for Plaintiffs to be required to defend the merits of their claims at this stage. Plaintiffs are not foreclosed from facing a motion to dismiss directed at the SAC, should it be accepted for filing. However, these amendments allege sufficient facts to state facially plausible claims that can withstand a motion to dismiss. Notably, the Second Circuit reversed the dismissal of two *Kane*

plaintiffs who adequately pleaded "as-applied" Free Exercise violations, confirming that such claims can survive dismissal when properly alleged. The proposed amendments adopt and apply that guidance to ensure that Plaintiffs' allegations meet the requisite pleading standards.

**Incorporation of Second Circuit Pleading Standards**

The Second Circuit's ruling in *Kane II* upheld dismissal of certain Free Exercise claims but reinstated others, holding that to survive a Rule 12(b)(6) motion, plaintiffs must plead with specificity facts showing discriminatory intent, unequal treatment, or failure to apply neutral criteria. Plaintiffs now seek to amend to meet these standards based on newly obtained evidence, including:

- **Statements by Mayor Adams and City attorneys** acknowledging that the Citywide Panel adopted religious standards expressly linked to papal views, in violation of the Establishment Clause, that the City did have a vital role in the DOE's process (which was not before the Second Circuit in *Kane* or NYFRL), and that the City and various agencies exercised substantial discretion to allow thousands of similarly situated workers to keep working in person unvaccinated without religious or medical accommodation while denying religious applicants on pretextual and unsupported "undue hardship" claims.

- **A Letter** from the City's Health Commissioner to the Citywide Panel urging the Panel, the DOE and the arbitrators to reject religious objections tied to abortion on the grounds that the Pope supported vaccination among other unconstitutional reasons.

- **Guidance** issued by Department of Citywide Administration Services ("DCAS"), which instructed City agencies to deny beliefs related to abortion.

14

- **Evidence of systemic discrimination** against applicants relying on individual prayer or conscience—deemed "nonreligious" under internal policies—despite the Second Circuit's holding that such reasoning likely violated *Heather Clarke's* rights in *Kane II*.

- **Admissions and Evidence** by City decisions makers acknowledging the Citywide Panel applied an unlawful undue hardship standard, and did not independent review any of the factors required to make the determination of undue hardship.

### A. The City Maintained and Expanded Unconstitutional "Stricken Standards"

As discussed above, evidence has been unearthed that the City maintained a two-track system, whereby the city maintained and expanded unconstitutional accommodation standards for favored beliefs while applying stricter standards to disfavored beliefs.  Rather than abandon the religious accommodation criteria invalidated by *Kane I*, the City repurposed them into a two-tiered system:

- Workers previously granted exemptions under the invalidated "Stricken Standards" kept their jobs.

- Others were forced into a less favorable process before the Citywide Panel, which applied more stringent undue hardship rules.

This disparity in treatment—despite the same legal obligation—triggers strict scrutiny under *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993), and *Ne. Fla. Chapter of the Associated Gen. Contractors v. Jacksonville*, 508 U.S. 656 (1993).

### B. Pretextual Denials and Noncompliance with Title VII

Plaintiffs now have substantial documentary and testimonial evidence revealing that the Citywide Panel's "undue hardship" denials were pretextual and inconsistent with Title VII. Examples include:

- Selective enforcement.  For example, the FDNY now admits it accommodated over 1,100 frontline workers during the pandemic yet denied similarly situated Plaintiffs with no explanation beyond speculative hardship.

- Internal documents show City agencies were instructed to deny accommodations to applicants who expressed beliefs rooted in personal religious conviction or non-hierarchical prayer.

These facts, which were not available at the time of the first amendment, now form the basis for specific as-applied Free Exercise claims and failure-to-accommodate claims under Title VII.

**C. Plaintiffs also seek to amend to plead Title VII Claims following right to sue letters.**

Plaintiffs now seek to plead claims under Title VII for religious discrimination and failure to accommodate, following the timely receipt of Right to Sue letters from the EEOC. These claims were unavailable when the First Amended Complaint was filed. Denying leave would penalize Plaintiffs for exercising their rights under administrative exhaustion procedures. Moreover, in a Title VII claim, employers have a heightened burden to prove undue hardship.

**D. Addition of Plaintiffs**

The proposed amendments add several plaintiffs to ensure the proposed class is sufficient in light of legal developments and to represent the full scope of individuals affected by the challenged policies. These plaintiffs could file their own lawsuits, but as NYFRL members, we have decided that it is more efficient for them to proceed in the group and they represent important subclasses that will be necessary in the anticipated motion for class certification.

Accordingly, where the amendments are not futile, denying leave to amend on that basis would be improper.

**III.    THE CITY WILL SUFFER NO PREJUDICE AND DISCOVERY REMAINS OPEN**

Lastly, Defendants will not be prejudiced by the amendment. A litigant may be "prejudiced" within the meaning of the rule if the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993).

In *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). However, "[m]ere delay, ... absent a showing of bad faith or fire prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Nor can complaints of "the time, effort and money ... expended in litigating [the] matter," without more, constitute prejudice sufficient to warrant denial of leave to amend. *Block* at 350.

In *Pasternack v. Shrader*, 863 F.3d 162 (2d Cir. 2017), the Second Circuit made clear that delay and litigation expense alone are insufficient grounds to deny leave to amend under Federal Rule of Civil Procedure 15(a)(2). The Court expressly held that "[t]he denial of leave to amend, based solely on delay and litigation expense, was an abuse of discretion," emphasizing that such factors do not constitute "undue prejudice" absent additional circumstances. *Id.* at 174–75. The decision underscored that prejudice sufficient to deny amendment must involve something more than the passage of time or the cost of litigation. See also *Block* at 350-51.

The Second Circuit in *Pasternack* identified several considerations that strongly support amendment, all of which are present here. First, as in *Pasternack*, discovery in this case is still in its infancy. The case was stayed for nearly three years due to the interlocutory appeal, and only very limited discovery made for purposes of the preliminary injunction motion, was allowed. Thus, Defendants will not be burdened with duplicative discovery or trial preparation. Second, there is no trial date or scheduling order that would be disrupted by the proposed amendment, which is

17

being sought at a procedurally appropriate time—prior to any dispositive motion against the operative complaint and while discovery remains open. Third, the proposed SAC does not shift the core legal theories of the case. Rather, it reinforces Plaintiffs' existing constitutional claims with newly discovered facts and introduces Title VII claims grounded in the same underlying conduct, in accordance with recent Second Circuit guidance. These changes do not fundamentally alter the nature of the litigation in a way that would prejudice Defendants.

Moreover, Defendants cannot claim surprise or undue prejudice, as much of the material in the SAC has already been addressed in prior proceedings or related litigation. The City has long been aware of Plaintiffs' allegations concerning the discriminatory conduct of the Citywide Panel, the relevant legal theories, and the involvement of specific plaintiffs. Finally, the proposed amendments respond to changed circumstances and new legal authority. As discussed above, since the filing of the First Amended Complaint, Plaintiffs have obtained significant new evidence, including internal communications, deposition testimony from key City officials, and EEOC right-to-sue letters. Additionally, the Second Circuit has issued controlling decisions that clarify the applicable pleading standards. Plaintiffs seek leave to amend in good faith to incorporate these developments and ensure their claims are properly framed under current law—precisely the kind of amendment *Pasternack* endorses.

Furthermore, much of the information in the SAC has been the subject of discovery to date, and the City was aware of the new plaintiffs and legal theories during extensive recent proceedings. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d at 190

Accordingly, Defendants cannot credibly claim surprise or undue prejudice and this case in the interests of justice should proceed to be heard on the merits.

18

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file a

Second Amended Complaint to ensure full and fair adjudication of their claims on the merits.


/s/ Sujata S. Gibson
Sujata S. Gibson
Gibson Law Firm, PLLC
120 E Buffalo St., Ste. 2
Ithaca, NY 14850
*Counsel for Plaintiffs*