GIBSON LAW FIRM, PLLC

SUJATA S. GIBSON, ESQ.
120 E Buffalo St., Suite 2
Ithaca, New York 14850

April 23, 2026

**BY ECF**
Hon. Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *New Yorkers for Religious Liberty, Inc. et al. v. The City of New York, et al.*
No. 1:22-cv-00752 (DG)(CHK)

**Letter Motion for Leave to Substitute Proposed Second Amended Complaint**

Dear Judge Kaminsky:

Pursuant to Local Civil Rule 7.1(e) and Your Honor's Individual Practice Rules, Plaintiffs respectfully seek leave to substitute a revised proposed Second Amended Complaint ("SAC") for the proposed SAC filed as Exhibit 1 to Plaintiffs' pending Motion to Amend (ECF No. 147-3), and for such further relief as the Court deems just and proper. The revised proposed SAC is necessary because in February 2026, after Plaintiffs filed ECF No. 147 in September 2025, a state appellate court order compelled Defendants to produce a September 2021 email chain that Defendants had improperly redacted and withheld for nearly four years. That newly produced evidence, which was recently finally produced and shared with the undersigned, is the source of the limited additional allegations in the revised proposed SAC.

A clean copy of the revised proposed SAC is attached as Exhibit A. A redline showing the changes between the previously filed proposed SAC (ECF No. 147-3) and the revised proposed SAC is attached as Exhibit B. The triggering email chain is attached as Exhibit C.

Plaintiffs conferred with counsel for Defendants by email on April 21, 2026. Defendants' replied with their position today, on April 23, 2026, that they intend to oppose the substitution of the new proposed Second Amended Complaint.

As a threshold matter, Plaintiffs note that Defendants also opposed similar amendments in three other matters involving religious discrimination arising from the implementation of the Mandates - *Hogan v. City of New York,* No. 23-cv-8727; *Clarke v. City of New York*, No. 25-cv-536 and *Collins v. New York City Department of Education*, No. 23-cv-9248. On April 20, 2026, Judge Reyes ordered that Plaintiffs were permitted to file Second and Third amended complaints in each of these three cases to reflect these new developments from the emails and add additional individually named Defendants implicated in them. Amended complaints have thus been filed in

those matters, and Plaintiffs respectfully ask for the same here. To the extent that Defendants have merits arguments, those should be reserved for the briefing on the merits.

**I. Procedural Posture**

This Court currently has a pending motion to file a Second Amended Complaint ("SAC") before it. (ECF Nos. 147-150).

This matter is a proposed class action lawsuit on behalf of New York City employees denied religious accommodation from the City's vaccine mandates. The operative First Amended Complaint in this matter was filed in June 2022 (ECF 77), before much was known about the City's religious accommodation processes. This matter was then stayed for over two and a half years while the Second Circuit deliberated on an appeal of the denial of a preliminary injunction. In or around March 2025, the Second Circuit filed a Mandate reflecting its November 2024 decision (amended in 2025) to dismiss the appeal as moot in light of the rescission of the vaccine mandate (ECF 140). At the conference following remand, Plaintiffs alerted Judge Gujarati that they sought leave to amend the complaint to incorporate relevant information learned during the intervening years and to reflect guidance from the consolidated appeal.

Because Defendants opposed amendment, the Court allowed Plaintiffs to file a motion. Pursuant to the Court's bundling rules and Defendants' motions for extension, the fully briefed motion, response and reply were filed on ECF on September 29, 2025 (ECF Nos. 147-150). This Court has not yet decided that motion.

Plaintiffs now seek, through letter motion, to replace the proposed SAC with a new proposed SAC updated to incorporate facts and parties exposed by vital new evidence that was only disclosed through court order last month.

**II. The Newly Produced Evidence**

In or around March 2026, following an order from the New York Supreme Court, Appellate Division, Second Department, in *Matter of Jimmy Wagner v. N.Y.C. Dep't of Health & Mental Hygiene*, Index No. 2023-07158, Plaintiffs received courtesy copies of a September 20–22, 2021 email chain that the City had previously redacted in full and improperly withheld from disclosure for over four years. <u>Exhibit C</u>. These emails provide the "smoking gun" evidence that establish direct evidence of discrimination by the City's highest decision-makers, including Commissioner Chokshi, and solidify Monell liability, individual liability, animus and discrimination. In brief:

- **Steven Banks**, First Deputy Commissioner and General Counsel of the NYC Office of Labor Relations, wrote to City Hall stating it would be "very very helpful" to get "a document signed off on by a City Doctor that essentially makes the argument as to why this is BS" — referring to religious objections to the COVID-19 vaccine — for use by arbitrators adjudicating DOE employees' religious accommodation requests.

- **Jackie Bray**, then a high level policy-maker at City Hall coordinating the COVID-19 response, organized the drafting of the requested letter, including the addition of language interpreting Catholic doctrine and a list of common over-the-counter medications (Tylenol,

Advil, Aspirin, etc.) that City staff acknowledged in writing they "had not been able to verify" as actually implicating the same fetal-cell-line concerns as the vaccines.

- **Dr. Jay Varma**, Senior Advisor for Public Health to the Mayor, approved the memorandum from his City Hall email account with the words, "Memo ok with me."

- **Nellie Afshar** drafted and revised the memorandum at DOHMH and added the list of medications back in even after she acknowledged they could not be confirmed.

- **Commissioner Chokshi** personally reviewed, edited, and approved the memorandum at multiple stages, and allowed it to go out over his name and the authority of his office to arbitrators, DOE decision-makers, Citywide Panelists, and other City reviewers of religious accommodation requests.

Ms. Bray herself observed in the chain that the memo "will absolutely be subject to litigation and will go far." Defendants nevertheless withheld the chain for four years.

## III. The New Evidence Bears Directly on the Issues Already Briefed

The newly produced evidence is material to the very issues the Court must decide on the pending motion to amend. Defendants' primary futility argument is that the proposed SAC fails to plead personal involvement by any City official in the alleged religious-accommodation scheme. (ECF No. 148 at 4, 6, 12–14.)

For example, Defendants argued that "the proposed SAC is devoid of any factual allegations that either Adams or Chokshi had direct or personal involvement in the constitutional deprivations Plaintiffs allege here." ECF 148 at 4. Defendants also asserted that the Chokshi letter was not at all meant to encourage denial of abortion based religious objections, but merely was showing the facts that aborted fetal cell lines were not used. ECF 148 at 6. The new emails address these argument head on: they show Commissioner Chokshi personally participating in and approving discriminatory guidance used to adjudicate religious accommodation requests; they show direct, documented coordination among Commissioner Chokshi, City Hall (through Bray and Varma), OLR (through Banks), and DOHMH (through Afshar); and they identify additional high-level City Hall officials who personally directed, drafted, and approved that guidance and are properly named in their individual capacities. And they show that Chokshi and the highest level City policy makers *knew* that all three vaccines used aborted fetal cell lines to bring the products to market, intentionally drafted the Chokshi letter to be misleading on that point, added additional unconstitutional opinion about how Catholics could still take the vaccines even if aborted fetal cell lines were used as a hedge, and then included a list of medications like Tylenol that also supposedly used aborted fetal cell lines to be used as a litmus test, when they *knew* that this list was not verifiable or reliable. In fact, as the current and revised SAC each assert, aborted fetal cell lines were not used to bring Tylenol and other medications on the list to market. These facts trigger *Monell* liability and squarely rebut the City's objections to amendment. See *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The emails also support Plaintiffs' Establishment Clause and non-neutrality claims. They reflect, among other things, City staff's admission that the Chokshi letter was concocted to lend the Commissioner's weight to negatively resolve whether religious objections were valid — a

forbidden government pronouncement on the content of religious doctrine. See *Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rts. Comm'n*, 138 S. Ct. 1719, 1729–31 (2018); *Emp't Div., Dep't of Hum. Res. of Ore. v. Smith*, 494 U.S. 872, 877 (1990).

## IV. Substitution Is the Appropriate Vehicle Under Rule 15(a)(2)

Rule 15(a)(2) directs courts to "freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the recognized grounds for denial applies here:

**First, there has been no undue delay attributable to Plaintiffs.** The allegations drawn from Exhibit C could not have been pleaded in June 2025 when Plaintiffs served their motion because Defendants improperly withheld the underlying documents for approximately four years. Plaintiffs did not receive the unredacted emails until March 2026, and promptly conferred with Defendants thereafter. Any delay in incorporating this material is the direct consequence of Defendants' own improper redactions, now corrected only under appellate compulsion. A party cannot rely on its own suppression of evidence to oppose amendment based on that evidence. Cf. *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993).

**Second, there is no prejudice to Defendants.** Discovery remains ongoing. No answer or even dispositive motion has been filed. The revised proposed SAC does not change the core claims or theories; it supplements the factual allegations supporting those claims and adds individuals who the emails confirm were personally involved in the conduct already at issue. As detailed below, Plaintiffs would propose that if this Court allows amendment, Defendants are given a reasonable opportunity to address the new material in a short supplemental opposition, without reopening issues already briefed.

**Third, amendment is not futile.** If anything, the new evidence materially strengthens the plausibility of the pleading on the very points Defendants identified as weaknesses, providing direct evidence of discrimination that far surpasses the notice pleading requirement for Equal Protection and statutory discrimination claims. See *Littlejohn v. City of New York*, 795 F.3d 297, 306–11 (2d Cir. 2015).

**Fourth, substitution rather than withdrawal promotes judicial economy.** The motion has been ripe since September 29, 2025. Forcing Plaintiffs to withdraw ECF No. 147 and file anew would waste the Court's and the parties' investment in the existing briefing and delay resolution by months. Substitution, coupled with a short supplemental opposition limited to the new material, resolves the issue efficiently.

## V. Proposed Process

To minimize burden on the Court and Defendants, Plaintiffs respectfully propose the following:

1. The Court deem the revised proposed SAC (Exhibit A) the operative proposed pleading for purposes of deciding ECF No. 147;

2. Defendants be granted leave to file a supplemental memorandum of law, not to exceed [10] pages, addressed solely to the newly added allegations and individual-capacity defendants, within [14] days of the Court's order granting substitution;

3. Plaintiffs be granted leave to file a supplemental reply, not to exceed [5] pages, within [7] days thereafter.

Plaintiffs are prepared to file the revised proposed SAC with the clean copy and redline attached and a second redline showing changes from the operative June 2022 complaint on any schedule the Court directs and are available for a conference if that would assist the Court.

Respectfully Submitted,
/s/ Sujata S. Gibson

Sujata S. Gibson, Esq.
GIBSON LAW FIRM, PLLC
120 E Buffalo St., Suite 2
Ithaca, New York 14850
(607) 327-4125
sujata@gibsonfirm.law

Counsel for Plaintiffs

Cc: All counsel of record via ECF