No. 22-cv-00752 (DG)(CHK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW YORKERS FOR RELIGIOUS LIBERTY, INC., GENNARO AGOVINO, CUTTIS CUTLER, LIZ DELGADO, JANINE DEMARTINI, BRENDAN FOGARTY, SABINA KOLENOVIC, KRISTA O'DEA, DEAN PAOLILLO, DENNIS PILLET, MATTHEW RIVERA, LAURA SATIRA, FRANK SCHIMENTI, JAMES SCHMIT, individually and on behalf of all other persons similarly situated,

Plaintiffs,

- against –

THE CITY OF NEW YORK, ERIC ADAMS, in his capacity as Mayor of the City of New York, DAVE CHOKSHI, in his official capacity of the City of New York, and ROBERTA REARDON, in her capacity as New York State Commissioner of Labor,

Respondent.

**RESPONDENT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION DATED JULY 31, 2026**

**STEVEN BANKS**
*Corporation Counsel of the City of New York*
Attorney for Respondent
100 Church Street, Second Floor
New York, N.Y. 10007

Of Counsel: Robyn L. Rothman
Tel: (212) 356-2450

# TABLE OF CONTENTS


TABLE OF CONTENTS .......... I

TABLE OF AUTHORITIES .......... III

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 1

POINT I .......... 1

THE REPORT AND RECOMMENDATION PROPERLY REQUIRES THE PLAINTIFFS TO FILE A MORE SUCCINCT AND NARROW COMPLAINT DUE TO ITS PROLIXITY .......... 1

POINT II .......... 4

THE REPORT AND RECOMMENDATION USES THE PROPER STANDARD IN DETERMINING FUTILITY OF PLAINTIFFS' PROPOSED AMENDMENTS .......... 4

POINT IV .......... 5

PARTIAL DENIAL OF PLAINTIFFS' MOTION TO AMEND TO INCLUDE CERTAIN CLAIMS AND DEFENDANTS WAS PROPER AND SHOULD BE ADOPTED .......... 5

POINT V .......... 10

THIS COURT SHOULD ADOPT THE R&R'S DETERMINATION OF PLAINTIFFS' FIRST AMENDMENT CLAIMS .......... 10

POINT V .......... 13

PLAINTIFFS ASK THIS COURT TO EMPLOY THE WRONG STANDARD IN ASSESSING THE PLAUSIBILITY OF THEIR CLAIMS .......... 13

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Cases**

*Agostini v. Felton*, 521 U.S. 203, 223 (1997) .................................................................... 12

*Bensinger v. Denbury Res., Inc.,* 31 F.Supp.3d 503, 509 (E.D.N.Y. 2014) .................................. 6

*Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 141 (E.D.N.Y. 1998).................................. 7

*Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 49 (2d Cir., 1985)...... 7

*Church of Lukumi Babalu Aye v. City of Hialeah,* 508 U.S. 520, 531-32 (1993) ........................ 10

*Ferrelli v. State Unified Court Sys*., 2022 U.S. Dist. LEXIS 39929, at 18-19 (N.D.N.Y. 2022) . 11

*Glover v. Grimaldi*, 2025 U.S. Dist. LEXIS 59564, at *15-16 (S.D.N.Y. 2025) ......................... 11

*Jones v. Abel*, 2026 U.S. Dist. LEXIS 64949, *12 (SDNY 2026)................................................ 4

*Kane v. DeBlasio*, 19 F4th 152, 164-70 (2d Cir., 2021) ............................................ 10, 11, 12, 13

*Kane v. Mount Pleasant Cent. Sch. Dist*., 80 F.4th 101, 107 (2d Cir., 2023)................................. 4

*Larson v. Valente,* 821 U.S. 228, 244 (1982) .............................................................................. 12

*Matter of Wagner v. New York City Department of Health, Supreme Court*, NY County Index No. 700407/2023............................................................................................................ 7

*Mora v. N.Y. State Unified Court Sys*., 2026 U.S. App. LEXIS 9087 (2d Cir., 2026) ................. 11

*New Yorkers for Religious Liberty, Inc. v. City of New York,* 125 F.4th 319, 324 (2d Cir. 2024) 11, 12, 13

*Panther Partners Inc. v. Ikanos Communs., Inc.,* 681 F.3d 114, 119 (2d Cir., 2012) .................... 5

*Patrowich v. Chemical Bank,* 63 N.Y.2d 541, 542 (1982) ........................................................... 9

*Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir., 2000)..................................................................... 5

*Russell v. New York Univ.,* 42 N.Y.3d 377, 389-90 (2024) .......................................................... 9

*Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020)............................................................ 9

*Terry v. Spinelli*, 980 F. Supp. 2d 366 (E.D.N.Y. 2013) ........................................................... 6

*We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 281-90 (2d Cir. 2021); ................................ 11

**Statutes**

Fed. R. Civ. P. 12(b)(6)................................................................................................. 15

Fed. R. Civ. P. 15(a) ..................................................................................................... 4

## PRELIMINARY STATEMENT

The Report and Recommendation of Magistrate Judge Clay Kaminski dated July 31, 2026 ("R&R") should be adopted by this Court. The R&R rests soundly upon precedent set in this litigation by the Second Circuit and upon well held constitutional principles governing First Amendment claims. In partially denying the Plaintiffs' motion to amend the complaint and file the Second Amended Complaint ("SAC") in its proposed form the Court properly narrowed the currently unanswered complaint in this nearly four-year old case, to permit only those claims in which—at this juncture—are supported by factual allegations sufficient to plead a certain claims. The R&R rightfully rejects the attempt to untimely add new defendants, Nellie Afshar, Steve Banks, Jackie Bray, Jay Varma, and Eric Eichenholtz and also rightfully rejects Plaintiffs' attempt to plead any facial First Amendment challenges under both the Free Exercise and Establishment Clauses and maintains that any remaining First Amendment claims are subject to a rational basis review. In further recognizing that the latest iteration of the 95-page, 763-paragraph complaint is susceptible to dismissal on prolixity grounds in any subsequent motion practice, the R&R further requires Plaintiffs to file a new complaint capped at 15,000 words. Now, four-years after commencement of the action, where Defendants have still not had an adequate opportunity to respond, this Court should adopt the R&R, require Plaintiffs to file a short and concise complaint with only the claims that remain pursuant to the R&R.

## ARGUMENT

### POINT I

### THE REPORT AND RECOMMENDATION PROPERLY REQUIRES THE PLAINTIFFS TO FILE A MORE SUCCINCT AND NARROW COMPLAINT DUE TO ITS PROLIXITY

Plaintiffs' assertion that the R&R leaves them unaware of what claims are left in light of the R&R's succinct outline of each claim Plaintiffs have plead and withdrawn throughout the pleadings stage to date and its equally concise outline of those newly added claims that it permits Plaintiffs to plead now strains credulity. Although declining to deny Plaintiffs' motion to amend on the grounds that its' 95-page, 763-paragraph proposed Second Amended complaint violated Fed. R. Civ. P. 8, the R&R properly directs that Plaintiffs re-file a shortened and more succinct complaint limited to 15,000 words and limited to asserting only those claims as permitted under the R&R. *See* R&R at 43. The R&R determined that the operative complaint, the First-Amended Complaint, "did not change the composition of the parties or the class claims but added several new factual allegations and four new causes of action, for a total of nine" causes of action. *See* R&R at 9. Thus, after their initial amendment and prior to seeking to file a Second Amended Complaint, Plaintiffs asserted nine causes of action for: (i) facial and as-applied challenges to the Mandates under the Free Exercise Clause of the First Amendment; (ii) a facial challenge to the Mandates under the Establishment Clause of the First Amendment; (iii) a hybrid rights claim for violation of substantive due process rights under the First and Fourteenth Amendments; (iv) equal protection claims under the Fourteenth Amendment; (v) a claim for violations of the Supremacy Clause and the various federal statutory provisions governing the processes and protections of clinical trials using human subjects; (vi) a declaratory judgment claim against New York State Department of Labor Commissioner Roberta Reardon; (vii) a 42 U.S.C. § 1983 claim; (viii) a claim for violations of the NYCHRL; and (ix) a claim for violations of the NYSHRL. *Id*.

In furtherance of its quest to amend the complaint further, Plaintiffs' proposed Second Amended Complaint withdrew their claims against Commissioner Reardon and its hybrid rights, added personal capacity claims against defendants Eric Adams and Dave Chokshi, added three

new plaintiffs, —Adjoua Kouame, Brian Smith, and Mildred Jurado—and added a cause of action under Title VII of the Civil Rights Act of 1964. Now, following the R&R, Plaintiffs are left with six claims: (i) as-applied challenge to the Mandates under the Free Exercise Clause of the First Amendment; (ii) equal protection claims under the Fourteenth Amendment; (iii) a 42 U.S.C. § 1983 claim; (iv) a claim for a violation of Title VII of the Civil Rights Act of 1964; (v) a claim for violations of the NYCHRL; and (vi) a claim for violations of the NYSHRL. Plaintiffs are also permitted to add Kouame, Smith, and Jurado as well as pleading *Monell* liability against the municipal defendants.[1] *See* R&R at 11.

Similarly incredible are any assertions that Plaintiffs are unsure of what factual allegations they are permitted to plead. Plaintiffs are no strangers to submitting nearly completely new iterations of their complaint each time they have sought to amend. Indeed, a plain—and even cursory—review between the initial Complaint, First Amended Complaint, and the Second Amended Complaint reflects that the three complaints are essentially different versions of each other with the Second Amended Complaint containing only a fraction of the language provided in the initial complaint. See ECF Nos. 1, 77, 147. The R&R even recognized that "it is certainly arguable that the several hundred pages of collected Complaints that Plaintiffs have filed in this case have placed an unjustified burden on both the Court and Defendants to find and select the relevant material needles from the proverbial pleadings haystack." *See* R&R at 15. Thus, Plaintiffs confusion is of their own making and the R&R generously permits them the ability to cure their arguably prolix complaint by filing one that is likely to withstand a motion to dismiss on that basis alone as any rejection of the R&R's word-limitation would only to allow Plaintiffs to continue

[1] The SAC also appears to remove Janine Demartini as a plaintiff, however that is not reflected in the R&R. See ECF Nos. 149.1; 154.

their cycle of filing needlessly protracted pleadings before Defendants have even had the ability to file a response over four-years after commencement of the action. Certainly, Plaintiffs should be able to settle upon—after four years of early-stage litigation, where they have been permitted to conduct limited discovery—precise, non-conclusory, and non-argumentative allegations to plausibly plead their remaining claims. The R&R's directive to Plaintiffs on filing a complaint limited to 15,000 words to support their six remaining claims should not be disturbed so that the parties, and this Court, are provided with sharpened pleadings, reducing further delay of the within litigation.

## POINT II

## THE REPORT AND RECOMMENDATION USES THE PROPER STANDARD IN DETERMINING FUTILITY OF PLAINTIFFS' PROPOSED AMENDMENTS

Plaintiffs further argue that the R&R impermissibly applied the wrong standard in denying their motion to amend by making determinations governed by the standard of dismissal under Fed. R. Civ. P. 12(b)(6). While the R&R does employ the governing standard under 12(b)(6) to deny Plaintiffs' the ability to assert their Establishment Claims, Free Exercise facial challenge, and individual capacity claims against Adams and Chokshi, doing so was proper.

Although amendments pursuant to Fed. R. Civ. P. 15(a) must be freely given, a court is afforded the discretion to deny a motion to amend if the proposed amendment 'would be futile, unduly prejudicial, or otherwise improper....'" *Jones v. Abel*, 2026 U.S. Dist. LEXIS 64949, *12 (SDNY 2026)(internal citations omitted). Determining whether amendment is futile requires a court to analyze the proposed claims under the standard governing a motion to dismiss. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 107 (2d Cir., 2023). "Futility is a determination,

as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Communs., Inc.,* 681 F.3d 114, 119 (2d Cir., 2012) (internal citations omitted). The R&R's decision to deny Plaintiffs' Establishment Clause, Free Exercise facial challenge, the individual capacity claims, and the claims against Afshar, Banks Bray, Varma, and Eichenholtz on the basis that the claims were futile because they were unlikely to withstand a motion to dismiss was appropriate.

## POINT IV

## PARTIAL DENIAL OF PLAINTIFFS' MOTION TO AMEND TO INCLUDE CERTAIN CLAIMS AND DEFENDANTS WAS PROPER AND SHOULD BE ADOPTED

Having employed the correct standard to deny Plaintiffs' motion with respect to the proposed Establishment Clause, Free Exercise facial challenge, the individual capacity claims, and the claims against Afshar, Banks, Bray, Varma, and Eichenholtz the portion of the R&R denying Plaintiffs' motion should be adopted by this Court.

### A. The Report and Recommendation Properly Concluded that Plaintiffs were Time-Barred from Asserting Claims against Afshar, Banks Bray, Varma, and Eichenholtz

Plaintiffs lament that the R&R miscalculated the applicable limitations period when it determined that claims against the individual defendants were time-barred, Plaintiffs premise their wrongful assertion on the basis that that the R&R relies on "an incomplete chronology." Plaintiffs then argue that it was inappropriate for the R&R to determine, in 2026, that claims against the individual defendants were time-barred because the pre-motion letter they filed in December 2024 was within the limitation period. "When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced

for statute of limitations purposes." *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir., 2000). However, courts have held that when a pre-motion letter alerts the defendants "of the claims sought to be asserted, it can serve to commence the action for statute of limitation purposes." *Bensinger v. Denbury Res., Inc.,* 31 F.Supp.3d 503, 509 (E.D.N.Y. 2014) (internal citations omitted). In *Terry v. Spinelli*, 980 F. Supp. 2d 366 (E.D.N.Y. 2013), the Court permitted the addition of a new defendant on the basis that Plaintiff had named him as a proposed defendant in the pre-motion letter which was filed before the limitations period expired. *Terry* at 377. Plaintiffs here cannot argue the same.

While their pre-motion letter does serve to notify defendants of their intention to amend their complaint, it failed to place Afshar, Banks, Bray, Varma, or Eichenholtz on notice that they would be named as defendants in this action. Indeed, none of the proposed defendants—except for Eichenholtz—were expressly named within the letter. Even still, the letter's very brief mention of Eichenholtz was not to notify him that he would be a named party, but rather for the purpose of attempting to establish that unmentioned statements made by him would be used to support allegations against the alleged control the Mayor's office had over the process by which the vaccination mandate was carried out and developed. See ECF. No. 138 ("Plaintiffs now have substantial evidence, including admissions by…City Attorney Eric Eichenholtz, and other officials in charge acknowledging that the Mayor's office controlled the process…"). This is arguably placing the defendants on notice about Plaintiffs' plans to assert additional allegations for claims against the Mayor, not for any claims against Eichenholtz.

Plaintiffs attempt to bootstrap their claims against Afshar, Banks, Bray, Varma, and Eichenholtz by claiming equitable estoppel renders those claims timely is unavailing. "Equitable tolling of a statute of limitations arises where a party's conduct by fraudulent acts or concealment

prevents a plaintiff from becoming aware of facts that give rise to a cause of action." *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 141 (E.D.N.Y. 1998). The Second Circuit has recognized that "tolling might be applied to relieve a plaintiff who was 'actively misled…' or who was 'prevented in some extraordinary way from exercising his rights.'" *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 49 (2d Cir., 1985). Plaintiffs attempt to apply equitable tolling runs into two major roadblocks. First, Plaintiffs were not involved in the *Matter of Wagner* FOIL litigation, nor do they make any attempt to show their involvement. This is crucial as it severs the events of *Matter of Wagner* from the within litigation. Indeed, the act of denying a FOIL request of a non-party cannot be used to impute fraud by the City against any Plaintiff in this litigation. *Cf. Blaskiewicz* at 141 (finding that denial of a ***FOIL request submitted by the Plaintiff*** explicitly seeking information central to his lawsuit established fraudulent concealment). Furthermore, the redacted version of the emails—which have been publicly filed on the New York State Courts Electronic Filing ("NYSCEF") System since 2023—did not redact the names of Bray and Afshar, the e-mail subject line which stated "Urgent Need for Help—UFT Accommodation Process, " or the attachment name "Memo_9_21_21." *See Matter of Wagner v. New York City Department of Health, Supreme Court*, NY County Index No. 700407/2023, NYSCEF Doc. No. 5.[2] Rather than any fraudulent conduct alleged by Plaintiffs, this reveals Plaintiffs themselves failed to act upon the information publicly available to them in 2022.

[2] An explanation of these emails was further provided in the Affirmation of Marilyn Richter filed on March 2, 2023 attached to the City's pre-answer motion to dismiss which further explained that Petitioner Wagner had obtain an unredacted version of the Chokshi Letter which was the attachment to these emails (labeled as "Memo_9_21_21"). Plaintiffs' failure to act upon that information when amending their complaint, the *first time,* further supports that it was Plaintiffs who failed to act within the limitations period rather than City fraudulently preventing them from doing so. *See Matter of Wagner v. New York City Department of Health,* Supreme Court, NY County Index No. 700407/2023, NYSCEF Doc. No. 12. ¶18-20; *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d at 141.

Thus, the second reason why Plaintiffs' estoppel argument fails is due to Plaintiffs own lack of due diligence which negates their claims that the City concealed necessary information for their claims. Indeed, this Court permitted limited discovery in this matter on May 24, 2022, five months after the partially redacted emails were publicly available. *See* Minute Entry, May 13, 2022; ECF. No. 153. As part of that limited discovery, Eichenholtz was deposed by plaintiffs for over eight hours on topics such as, among other things, development of the mandate, the Scheinman Arbitration, Chokshi letter, officials involved (such as Banks), and implementation of the mandate. That Plaintiffs failed to ask simple questions to ascertain the names of any or all officials involved in or tangentially related to the vaccination mandates—including questions about Bray and/or Afshar—at that time is of their own doing, thus negating their claims that the City acted fraudulently when it denied an unrelated FOIL request submitted by a non-party as to obtain equitable tolling of their claims. Thus, the R&R correctly analyzed their claims under the prevailing Rule 15 standard and finding that relation back cannot serve to preserve any claims against Afshar, Banks, Bray, Varma, and Eichenholtz because the doctrine is unavailable to a Plaintiff who seeks to include a party due to lack of knowledge as opposed to mistaken identity. *See* R&R 17-18.

Accordingly, Plaintiffs' fail to establish that the pre-motion letter saves their ability to amend the complaint and that they are entitled to equitable tolling for claims against these defendants and as such, the Court should adopt the R&R's denial of the portion of Plaintiffs' motion seeking to amend the complaint to include Afshar, Banks, Bray, Varma, and Eichenholtz as untimely.

**B. The Report and Recommendation Properly Denied Plaintiffs' Proposed Personal Capacity Claims against Chokshi and Adams**

The R&R correctly determined that Plaintiffs' personal capacity claims against Chokshi and Adams rested upon conclusory allegations, public statements, and mischaracterizations of the Wagner emails which were insufficient to plausibly allege the type of personal involvement in constitutional or civil rights violations proposed by Plaintiffs in the SAC. *See* R&R 19-26.

The allegations advanced by the SAC fail to advance any plausible claims of direct Constitutional violations or direct participation in discriminatory conduct by either Adams or Chokshi. "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). Under the SHRL, personal capacity claims may not be maintained against an individual who have no ownership interests or lack the power to do more than carry out personnel decisions made by others. *See Patrowich v. Chemical Bank,* 63 N.Y.2d 541, 542 (1982). The CHRL requires allegations that the individual participated in the conduct giving rise to the plaintiff's discrimination or retaliation claim and had some supervisory role over the victim of their alleged discrimination. *See Russell v. New York Univ.,* 42 N.Y.3d 377, 389-90 (2024). Recognizing that the personal capacity claims rest upon allegations of public statements of Adams and Chokshi's limited input on the creation of the letter submitted as part of arbitration proceedings—which lacked any of the instructions and/or directives Plaintiffs allege the letter to have—instead of any allegations of direct Constitutional violations or direct participation in discriminatory conduct, the R&R properly concluded that the individual capacity claims were futile and unable to survive a motion to dismiss. Accordingly, this Court should adopt the report and prohibit Plaintiffs from asserting any personal capacity claims.

## POINT V

## THIS COURT SHOULD ADOPT THE R&R'S DETERMINATION OF PLAINTIFFS' FIRST AMENDMENT CLAIMS

The R&R's partial denial of the portion of Plaintiffs' motion with respect to the First Amendment claims should be adopted. The R&R appropriately determined that the Second Circuit has foreclosed any Establishment Clause claims, facial Free Exercise claims, and ruled that the vaccine mandates are neutral and generally applicable warranting a rational basis review of any remaining First Amendment claims. *See* R&R 30-36. Plaintiffs reasoning that the Establishment Clause claims should survive is premised upon a conflation of the as-applied Free Exercise claims to their futile Establishment Clause claims. Plaintiffs' objection should be rejected because they continue to be unable to plausibly allege that the vaccine mandates were not neutral and generally applicable and that City exercised denominational favoritism. Plaintiffs continued attempts to rely upon previously rejected legal arguments and conclusions, and speculative allegations cannot serve to revive their Establishment Clause claim or render their as-applied Free Exercise claims subject to strict scrutiny.

### A. Rational Basis is the Applicable Standard in Evaluating Plaintiffs' First Amendment Claims

The R&R, in accordance, with the Second Circuit makes clear that rational basis review applies to those exemptions reviewed by the Citywide Panel and strict scrutiny applies to those who were reviewed under the Arbitration Award standard. *See Kane v. DeBlasio*, 19 F4th 152, 164-70 (2d Cir., 2021). The Second Circuit's reasoning rests soundly upon the precedent as established by the Supreme Court, wherein, rational basis is applicable to a law that is found to be both neutral on its face and generally applicable whereas strict scrutiny applies to laws that are not. *See Church of Lukumi Babalu Aye v. City of Hialeah,* 508 U.S. 520, 531-32 (1993). The R&R

does not stray from this principle. At this juncture, there can be no question that the vaccine mandates were both neutral and generally applicable. See *New Yorkers for Religious Liberty, Inc. v. City of New York,* 125 F.4th 319, 324 (2d Cir. 2024) ("NYFRL"); *Kane* at 164.[3] Any attempts by Plaintiffs to urge this Court to ignore the Second Circuit determinations as to the very mandates challenged here should be rejected.

Similar to *Kane*, both versions of the vaccine mandate are implicated in this litigation. Even if Plaintiffs argue that this litigation "exceeds the scope of *Kane*" there is nothing alleged within the SAC that would render the Second Circuit's holding in *Kane* as to the mandate's neutrality and applicability inapposite here. Indeed, what governs here is that the vaccine mandate and the implementation of it through the Citywide Panel process has already been held to have been facially neutral and generally applicable and to the extent that a citywide panel plaintiff seeks to maintain any First Amendment claims, rational basis is the prevailing scrutiny to be applied. This includes any DOE plaintiffs here who were given a "fresh look" review by the Citywide Panel which were developed pursuant to Second Circuit directives. *See Kane* at 177. The R&R correctly concludes that due to the absence of any plausible allegations that "the government engaged in an effort to discriminate against religions it disfavored" and as a result, rational basis review governs their remaining First Amendment claims.

### B. Plaintiffs Conflate an As-Applied Free Exercise Claims with an Establishment Clause Claim

---

3 Indeed, the courts within this Circuit have equally observed that other COVID-19 vaccine mandates were also neutral and generally applicable. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 281-90 (2d Cir. 2021); *Glover v. Grimaldi*, 2025 U.S. Dist. LEXIS 59564, at *15-16 (S.D.N.Y. 2025); *Ferrelli v. State Unified Court Sys*., 2022 U.S. Dist. LEXIS 39929, at 18-19 (N.D.N.Y. 2022); *Mora v. N.Y. State Unified Court Sys*., 2026 U.S. App. LEXIS 9087 (2d Cir., 2026).

Plaintiffs Establishment Clause claim is futile, and the R&R correctly prohibited them from amending their complaint to include it. See R&R 38-40. The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Larson v. Valente,* 821 U.S. 228, 244 (1982). Any policy or law commanding the "government acted with the purpose of advancing or inhibiting religion" generally runs afoul of the Establishment Clause. *Agostini v. Felton*, 521 U.S. 203, 223 (1997). Polices that do so are reviewed under a strict scrutiny standard. *Larson* at 260. Policies that are neutral and generally applicable—like the vaccine mandate here—are reviewed under a rational basis standard. *Kane* at 166**.** The framework as determined by the Second Circuit here, requires Plaintiffs to plead concrete, non-conclusory allegations that the Citywide Panel failed to abide by the *Kane I* standard and resoundingly rejected that any statements made by those not directly involved in the Panel process*, i.e.* those making decisions on applications, could create the required nexus to establish allegations that the City had a policy of denominational preference. *See NYFRL* at 331-32; *Kane* at 165.

Despite their strained attempts to establish that the SAC supplies what was "missing" from the complaint in *Kane* to allege a plausible Establishment Clause violation claim, the R&R correctly concluded that the SAC continues to fall short of doing so. Plaintiffs claim, among other things, that the e-mail correspondence leading to the creation of the Chokshi letter supplies the missing nexus to establish that the City had a policy of denominational preference which includes allegations that the City selected who spoke for a particular adherent's faith, a "multiple tracks" theory that favored certain religions over others—without setting forth any actual facts supporting this theory—and failure to disavow the Arbitration Standards. However, the R&R rejects the allegations as supporting a plausible claim for the violation of the Establishment Clause. See R&R

at 39-40. Indeed, the R&R concludes that all these factual allegations do not support any type of City-wide policy of denominational preference or that City personnel "infringed upon [Plaintiffs'] rights at the direction of an official or *de facto* policy or a final policymaker." Instead, Plaintiffs seemingly reiterate the very same theories, allegations, and claims that the Second Circuit has resoundingly rejected, in this very litigation and others. *See NYFRL* at 330-32; *Kane*, at 161.

Instead, Plaintiffs appear to conflate what is required for an as-applied Free Exercise Claim with a facial Establishment Clause claim. Instead of providing any factual allegations in support that the vaccine mandate specifically favored certain religions over others, specifically directed panelists to deny exemption requests for adherents of certain religions or religious beliefs, or that the Panelists held discriminatory beliefs, they cannot plausibly allege an Establishment Clause claim. Instead, Plaintiffs appear to point to allegations about the inconsistencies in the way the mandate was implemented as to each plaintiff which the Second Circuit confirmed is acceptable only to plead an as-applied Free Exercise Claim. To utilize the allegations of the inconsistent outcomes of each plaintiffs' exemption requests to claim evidence of an overarching city-wide policy of denominational preferences is too conclusory to establish any plausible claim of an Establishment Clause violation. For these reasons, this Court should adopt the R&R's recommendation that Plaintiffs be prohibited from asserting an Establishment Clause claim.

## POINT V

## PLAINTIFFS ASK THIS COURT TO EMPLOY THE WRONG STANDARD IN ASSESSING THE PLAUSIBILITY OF THEIR CLAIMS

Throughout their memorandum, Plaintiffs continuously urge that this Court reject certain challenged portions of the R&R on the basis that their allegations could lead a factfinder to find in their favor which would negate any findings of futility. This is impermissible. Accepting the

factual allegations as true is part of the calculus employed by a court when determining whether an amended complaint can overcome futility because futility is governed by the standards as set forth under Fed. R. Civ. P. 12(b)(6). Thus, in accepting the plausible factual allegations advanced as true and affording all inferences in favor of the plaintiff, a court is only permitted to determine whether, as a matter of law, the factual allegations support a plausible claim to withstand dismissal. It cannot, however, make fact-finding determinations. The R&R makes clear that in assessing Plaintiffs' motion, it accepted the factual allegations as true and afforded Plaintiffs all favorable inferences. It was on that basis that the R&R still determined that the allegations advanced by plaintiffs were insufficient, as a matter of law, to support plausible claims against the individual defendants, personal capacity claims against Chokshi and Adams, facial Free Exercise challenges, and Establishment Clause claims. Any urging by Plaintiffs that this Court should consider what a reasonable factfinder may conclude as it pertains to the allegations advanced in the proposed pleadings should be disregarded.

## CONCLUSION

For all the reasons set forth herein, Respondent respectfully requests that this Court dismiss the Petition in its entirety, that judgment be entered for Respondent, and that Respondent be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 8, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
Attorneys for Respondent
100 Church Street, Room 2-105
New York, New York 10007
(212) 356-2450

By: */s/ Robyn L. Rothman*
Robyn L. Rothman
Assistant Corporation Counsel

**CERTIFICATION OF COMPLIANCE**

Pursuant to Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York the total number of words in the foregoing memorandum of law, inclusive of point headings and footnotes, excluding the caption, certificate of compliance, and signature block is 4,526.

By:_/s/Robyn L. Rothman____________
Robyn L. Rothman
Assistant Corporation Counsel